UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE,
475 L'Enfant Plaza, SW
Washington, DC 20260-1150

    Plaintiff,

    v.

                                Civil Action No.

AMERICAN POSTAL WORKERS
UNION, AFL-CIO,
1300 L Street, NW
Washington, DC  20005

    Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### RELIEF

1. This is an action brought pursuant to Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b), by the United States Postal Service (``Postal Service'') against the American Postal Workers Union, AFL-CIO (``APWU'') to set aside an arbitration award rendered on January 28, 2006, by Arbitrator Lawrence R. Loeb (the ``award''). The award contradicts the parties' collective bargaining agreement, and accordingly, is beyond the arbitrator's authority. Plaintiff Postal Service seeks declaratory and injunctive relief vacating the award.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties under 39 U.S.C. §§ 409 and 1208, and under 28 U.S.C. §§ 1331, 1337, 2201, and 2202.

3. Venue is proper pursuant to 39 U.S.C. § 1208 and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Postal Service is an independent establishment of the Executive Branch of the United States Government. *See* 39 U.S.C. § 201. Postal Service Headquarters are at 475 L'Enfant Plaza, SW, Washington, DC 20260.

5. Defendant, the APWU, is a labor organization with its headquarters at 1300 L Street, NW, Washington, DC 20005.

## STATEMENT OF FACTS

6. At all material times, Plaintiff Postal Service and Defendant APWU have been parties to collective bargaining agreements providing the terms and conditions of employment for the bargaining unit represented by Defendant APWU. Bargaining unit employees work at various Postal Service facilities throughout the United States. The dispute which is the subject of this complaint arose under the collective bargaining agreement between the Postal Service and the APWU in effect between October 1, 1995 and November 20, 1998 ("National Agreement").

7. The National Agreement sets out a grievance

2

procedure which culminates in arbitration before a neutral arbitrator when the parties are unable to resolve a grievance. Defendant APWU filed the grievance involved in this case, challenging the termination of probationary employee Lorraine G. Daliessio (``Grievant''). At the time of her termination, Grievant worked at the Philadelphia, PA post office as a Part-Time Flexible Computer Forwarding Clerk.

   8. The National Agreement provides, in relevant part, that the Postal Service ``shall have the right to separate from its employ any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation thereto.'' National Agreement, Art. 12.1.A. (Attachment A hereto). This contractual provision precludes a probationary employee from utilizing the grievance-arbitration procedure to challenge separation from employment.

   9. In a binding national level arbitration award, Arbitrator Shyam Das held that Article 12.1.A denies a probationary employee access to the grievance procedure to challenge his or her separation on the grounds that the separation did not comply with procedural postal regulations. *See USPS and APWU*, Case. No. Q-98C-4A C99251456 (2003, Das, Arb.) (``Das Award'') (Attachment B hereto). Arbitrator Das further held that only one legitimate issue may be raised by the union - whether or not the action of separating the employee occurred during his probationary period.

3

10. As is true of all postal bargaining unit employees, Grievant was required to serve a 90-day probationary period, which would have ended on February 19, 1998. Probationary employees receive periodic evaluations throughout their probationary periods. During a December 30, 1997, probationary evaluation, Grievant's supervisor informed her that her performance in two key work areas was unsatisfactory. On January 30, 1998, during her 70th day probationary evaluation, Grievant was informed by her supervisor that her work deficiencies had not improved and that she was not being recommended for retention or rehire due to poor work performance, and was being terminated. The supervisor directed that Grievant clean out her locker, turn in her identification badge, and go home. Grievant refused to sign an evaluation form confirming that she had been informed of her termination; however, Grievant did not return to duty following her termination.

11. Four days later, on February 4, 1998, the supervisor sent a letter to the appropriate labor relations official ``requesting an action be initiated to remove [Grievant] *** from the rolls of the United States Postal Service effective January 30, 1998.'' Award at 2. No action was taken until February 20, 1998 - one day after Grievant's probationary period would have ended - at which time a certified letter was sent to Grievant stating ``[t]his will confirm your separation from the Postal Service as a result of lack of proficiency.'' Award at 3.

4

Following two failed delivery attempts resulting from Grievant's failure to claim the letter, an identical first class letter was delivered, on March 21, 1998, to Grievant's address of record.

12. Notwithstanding Article 12.1.A, providing the Postal Service the right to separate a probationary employee at any time during the probationary period without such employee being permitted ``access to the grievance procedure in relation thereto,'' the APWU challenged Grievant's termination. Unable to convince the supervisor to rescind the termination during a March 30, 1998 meeting, the APWU appealed the matter to Step 2 on March 31, 1998. In the ``Detailed Statement of Facts/Contentions of the Grievant,'' the Union stated: ``[o]n January 31, 1998, [Grievant] *** was verbally informed by [her supervisor] *** that she was to clean out her locker and that *she was being terminated*.'' (Emphasis added.)

13. The parties met again on April 16, 1998, at which time the union expanded the basis for its challenge, alleging, *inter alia*, that Grievant's termination did not comport with the procedural requirements set out in Chapter 365 of the Employee & Labor Relations Manual (``ELM''). Specifically, the union claimed the termination was deficient because Grievant did not receive ``an official letter from Personnel notifying her of the termination'' within the 90-day probationary period. The Postal Service again denied the grievance, citing Article 12.1.A.

5

14. The grievance was heard by Arbitrator Lawrence R. Loeb on November 2, 2005, with a decision issued on January 28, 2006. Despite being presented with substantial support for the Postal Service's position, including a binding national level arbitration award (*USPS and APWU,* Case. No. Q-98C-4A C99251456 (Das, [September 10, 2001) (``Das Award'') and a federal appellate decision (*United States Postal Service v. American Postal Workers Union,* 204 F.3d 523 (4th Cir. 2000), *affirming,* 46 F. Supp. 2d 457 (E.D. Va. 1999), Arbitrator Loeb sustained the grievance, concluding the Postal Service failed to terminate Grievant ``as the term is understood in Article 12 within her probationary period.''

15. Seemingly consistent with the Das Award, Arbitrator Loeb characterized the issue before him as an inquiry into whether the Grievant was discharged during her probationary period, and not an inquiry into the process the Postal Service employed in terminating Grievant. However, the arbitrator's actual inquiry and decision are in direct conflict with the Das Award. Specifically, Arbitrator Loeb evaluated the process the Postal Service used in order to make his determination as to whether the Grievant was discharged during her probationary period.

16. Arbitrator Loeb misconstrued and went beyond the four corners of the parties' contract, as interpreted by Arbitrator Das. Arbitrator Das held in his binding award that Article

6

12.1.A does not permit a probationary employee and the union to grieve that a separation action taken by the Postal Service was not a ``separation'' for purposes of Article 12.1.A because the Postal Service did not comply in one or more respects with the termination procedure contained in the ELM. Arbitrator Loeb's award permitted just that.

17. The Postal Service seeks to vacate this award on the grounds, *inter alia*, that the arbitrator exceeded his authority by finding that Grievant, a probationary employee, could utilize the grievance-arbitration procedure to challenge her termination during her probationary period, notwithstanding clear contractual language precluding her from doing so. Additionally, the Arbitrator exceeded his authority by creating within the National Agreement the requirement that a probationary employee's termination is effective only when received by the employee in writing.

18. In determining that the probationary employee could use the grievance-arbitration procedure to challenge her separation, the Arbitrator issued an award directly contradicting the plain language of the National Agreement and exceeded his authority and jurisdiction.

19. Defendant APWU is not entitled to have the Arbitrator's Award set aside in light of *United States Postal Service v. American Postal Workers Union, AFL-CIO*, 204 F.3d 523 (4th Cir.

2000), and other legal precedent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Postal Service prays that this Court issue an Order:

(1) Declaring that the Arbitrator exceeded his authority by issuing his January 28, 2004, Award;

(2) Vacating the Arbitrator's January 28, 2006, Award; and

(3) Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/ Rudolph Contreras
RUDOLPH. CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____
KEITH MORGAN, D.C. Bar #422665
Assistant U. S. Attorney
555 4th Street, N.W.
Room E4814
Washington, D.C. 20530
(202) 514-7228

Attorneys for The
United States of America

OF COUNSEL:

LARISSA OMELCHENKO TARAN
Labor Relations Counsel
United States Postal Service