UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES POSTAL SERVICE<br>    475 L'Enfant Plaza, SW<br>    Washington, DC  20260<br><br>    Plaintiff,<br><br>        v.<br><br>AMERICAN POSTAL WORKERS,<br>UNION, AFL-CIO<br>    1300 L Street, NW<br>    Washington, DC  20005,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:06-CV-00793-RJL |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO**

I. Introduction

      Defendant American Postal Workers Union, AFL-CIO ("the APWU") asks this Court under Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss the complaint of the plaintiff, the United States Postal Service ("USPS") for insufficiency of service of process. The USPS, represented by the United States Attorney's Office, has attempted to serve process to the APWU twice, first by Federal Express ("FedEx"), and second through a courier delivery that left the copy of the complaint and summons with a security guard not employed by the APWU stationed at the office building after business hours. Both methods fail as a proper service of process. There are two permissible methods of service of process: (1) by first class, certified or registered mail or (2) by delivery to an official, managing or general agent, or any agent

1

authorized by appointment of the defendant organization, as is required by Rules 4(e)(1) and (h) of the Federal Rules of Civil Procedure. Sending a copy of the complaint and summons by FedEx is not a form of mailing specified in the Rules. Leaving a copy of the complaint and summons with a security guard who does not work for APWU, but was stationed at the office building that APWU shares with other tenants after business hours, is not delivery to an official, managing or general agent, or authorized agent. Additionally, plaintiff's insufficient attempt to serve process through delivery was untimely because it was not within 120 days of the USPS filing its complaint, as is required by Rule 4(m). The government's waiting not only to the eleventh hour but past the twelfth hour when it had four months to attempt to serve the summons and complaint is inexcusable. Because the plaintiff cannot show good cause for its failure to effectuate timely and sufficient service of process, dismissal is the required remedy.

II.    Statement of Facts

On January 28, 2006, an arbitrator issued an award which was unfavorable to the USPS. The award ordered the USPS to reinstate an employee who he found was "improperly terminated" and to pay back pay. On April 28, 2006, the USPS filed a complaint to vacate the order, contending that the employee was still in a probationary status and therefore did not have access to the APWU-USPS grievance-arbitration system. On Friday, August 25, 2006, the USPS used FedEx to send a copy of the summons and complaint to the APWU. APWU Exh. 1 (FedEx envelope). Monday, August 28, 2006 was the last day the USPS had to effectuate a service of process, namely, it was 120 days after the USPS filed its complaint. Normal office hours are from 9:00 a.m. to 5:00 p.m. (APWU Exh. 2, Chapman Declaration ¶ 2.) On August 28, 2006, at 4:30 p.m., the United States Attorney's office telephoned Robin Bailey, Confidential Assistant to

2

APWU President William Burrus, stating that somebody would be serving Burrus with papers. Id. at ¶ 3.  Around 4:45 p.m., Bailey called Andrea Chapman, Burrus' Executive Assistant and asked Chapman whether she would sit out at the reception desk of the executive office suite and accept that papers when they arrived.  Id.  Chapman did so until 5:05 p.m.  Id.  When nobody came by that time, Chapman left the office.  She asked a secretary, Hana Atuatasi to wait at the reception desk until 5:15 p.m.  Id.  Atuatasi answered that she would do so.  Id.  When asked by Chapman the following day about the papers, Atuatasi stated that she waited until 5:15 p.m., but nobody came with any papers for Burrus.  Id. at ¶ 4.

Between 5:20 p.m. and 5:30 p.m., a courier arrived at 1300 L Street, N.W., Washington, D.C. 20005 office building.  (APWU Exh. 3, Ross Declaration ¶ 2.)  Although the APWU occupies much of the building, there are a number of other tenants in the building.  Id. at ¶ 1. The courier walked up to a security guard who was stationed at the front desk of the office building.  Id. at ¶ 2.  The security guard works for Watkins Security, and is not an employee of the APWU.  Id. at ¶ 1.  The courier told the security guard that he had an envelope for APWU President Burrus.  Id. at ¶ 2.  The courier did not tell the security guard what was in the envelope. Id.  The security guard still does not know what was in the envelope.  Id.  The security guard had personally seen Burrus leave the building earlier that day.  The security guard called Burrus' office, which is on the 7th floor, to see whether anybody was in the office.  Id. at ¶ 3.  Bailey answered the telephone.  Id.  The security guard told her a courier was here with an envelope for Burrus.  Id.  The security guard remembers that Bailey was busy on another line and did not say much.  Id.  As best as the security guard can recall, Bailey told him to take it and leave it at his station.  Id.  The security guard signed a receipt for the courier and put the envelope in his drawer.  Id.  The following morning, Tuesday, August 29, 2006, Susan Campbell, a secretary

3

who works on the 4th floor picked it up from the security guard's desk with the newspapers. (Id. at ¶. 4, Chapman Declaration ¶ 4.) The envelope containing a copy of the complaint and summons was received in-hand to Chapman on Tuesday, August 29, 2006. Id.

III.    Argument

The plaintiff carries the burden of establishing that he has properly effectuated service. Hamrick v. Gottlieb, 416 F. Supp.2d 1, 3 (D.D.C. 2005) (citing Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

There are two ways that service of process is effectuated in the District of Columbia: (1) by mailing through first class, registered, or certified mail, or (3) by delivery to a defendant organization through its officer, managing or general agent, or any agent authorized by appointment. FRCP 4(e)(1), (h). Whichever the method, the service of process must be made within 120 days of filing the complaint. F. R. Civ. P. 4(m). The plaintiff did not meet any of the these requirements when it tried to serve process by sending a copy of the complaint and summons through FedEx, or when it attempted service of process by delivery through a courier who left the papers with a security guard stationed at the office building after business hours.

    a.   Plaintiff's Attempt at Service of Process by Federal Express is Insufficient as a Service of Process by Mailing

Under both the federal and District of Columbia rules of civil procedure, service of process is effectuated by a mailing only through the use of first-class, certified, or registered mail. F. R. Civ. P. 4(h), (e)(1) ; D.C. SCR 4(c)(3), (c)(4). The plaintiff sent a copy of the complaint and summons through a private courier service, FedEx.

4

Rule 4(h), F. R. Civ. P., which sets forth the manner in which associations such as the APWU may be properly served, directs the parties to the state court rules in which the district court is located to determine what, if any, forms of service of process are adequate other than personal delivery.[1]  The District of Columbia Rules of Civil Procedure Rule 4(c)(3) and Rule 4(c)(4) provide that the only other method of service of process that may be used is through a mailing.  A copy of the summons, complaint and initial order to the person to be served may be mailed by registered or certified mail, return receipt requested.  D.C. Superior Ct. R. 4(c)(3).  Another permissible method is to mail a copy of the summons, complaint and initial order by first-class mail, postage prepaid, to the person to be served, together with two copies of a Notice and Acknowledgement[2] with a return envelope, postage prepaid, addressed to the sender.  D.C. Superior Ct. R. 4(c)(4).

Use of FedEx, a private company, satisfies none of these requirements.  The Court of Appeals for the Seventh Circuit has clearly stated that for the purpose of service of process, "Federal Express is not first class mail" for the purposes of Rule 4.  <u>Audio Enterprises, Inc. v. B&W Loudspeakers of America, Inc.</u>, 957 F.2d 406, 409 (7th Cir. 1992).  Similarly, the Court of Appeals for the Fifth Circuit has held that FedEx is not mail for purposes of the Federal Rules of Appellate Procedure Rule 25(a)[3] because FedEx is not a public authority.  <u>Prince v. Poulos</u>, 876 F.2d 30, 32 n. 1 (5th Cir. 1989).  The Court of Appeals for the Ninth Circuit has also held that

---

[1] Specifically, Rule 4(h) directs us to Rule 4(e)(1) which states that service of process is permitted by the methods "pursuant to the law of the state in which the district court is located…"  The District of Columbia is treated as a state for purposes of interpreting Rule 4.  <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506, 515 (D.C. Cir. 2002).

[2] The Notice and Acknowledgement must conform substantially to Form 1-A.  D.C. Superior Ct. R. 4(c)(4).

[3] Fed.R.App.P. 25(a) provides, in relevant part, that "briefs…shall be deemed filed on the day of mailing if the most expeditious form of delivery by mail, excepting special delivery, is utilized."

5

the use of FedEx is neither first class mail nor priority mail for purposes of Rule 5(b).[4]

Magnuson v. Video Yesteryear, 85 F.3d 1424, 1431 (9th Cir. 1996).

In this case, there is no justification that can be offered by the plaintiff, who is not proceeding pro se, but to the contrary, is represented by the Office of the United States Attorney, to excuse the fact that clearly set out rules by the federal and local rules of civil procedure were not followed. Even a cursory glance at the federal and local rules would have been sufficient to determine its unambiguous terms of a service of process by a mailing. Moreover, "mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." Byrd v. District of Columbia, 230 F.R.D. 56, 59 (D.D.C. 2005), quoting Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C. 2004); See also Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985).

Because there is no valid excuse the plaintiff can show in its failure to use a proper service of process by mail, the Court should not grant an extension of time to effectuate proper service of process, and the action against the APWU should be dismissed in accordance with Rule 12(b)(5).

    b. <u>Plaintiff's Attempt at Service of Process by Delivery to An Official or Agent Fails Because a Security Guard Stationed At the Office Building After Business Hours Is Not An Authorized Agent to Receive Service</u>

Under both the federal and local rules, service by delivery upon an association such as the APWU, is valid only when it is made upon an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service." F. R. CIV. P. Rule 4(h) ;

---

[4] F.R.Civ.P. 5(b) provides, in relevant part, that "Service…is made by…mailing a copy to the last known address of the person served…"

D.C. Superior Ct. R. 4(h). The plaintiff, through a courier, left a copy of the complaint and summons with a security guard stationed at the office building after business hours.

Courts have generally defined the term "officer" and "managing or general agent" to mean someone who has management powers or manages daily operations. Rogers v. Washington Fairmont Hotel, 404 F. Supp.2d 56, 58 (D.D.C. 2005), citing Harris v. Howard University, Inc., 28 F. Supp.2d 1 (D.D.C. 1998). A courier came to the 1300 L Street, NW building between 5:20 p.m. and 5:30 p.m. with an envelope specifically for APWU President, Burrus. This was after regular business hours (9:00 am to 5:00 pm), and the security guard had already seen Burrus leave for the day. The security guard then called the 7th floor, where Burrus' office is located, to see if anybody was still there. Bailey answered the phone. When the security guard told Bailey a courier was here with an envelope for Burrus, to the best of the security guard's recollection, Bailey told him to hold it at his station, to be picked up later. The security guard signed a receipt for the courier and put the envelope in his drawer until it was picked up the next day by an APWU secretary who works on the 4th floor. Even if "official" or "agent" is interpreted liberally, a security guard stationed at the building that APWU has its offices in with other tenants clearly does not come under its definitions. The security guard is not even an employee of the APWU, but works for Watkins Security, a private company.

The plaintiff may try to argue that Bailey herself is an "officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service." It is clear that Bailey, who is a Confidential Assistant to APWU President, Burrus is neither an officer nor a managing or general agent. As evident from her job title, Bailey is an assistant to Burrus, and does not manage daily operations of the organization. Furthermore, Bailey was not an agent authorized by appointment by Burrus to receive the service of process. Chapman, Burrus'

7

Executive Assistant was the only individual other than an APWU officer designated to accept process. She was called around 4:45 p.m. to determine whether she would sit out at the reception desk of the executive office suite to accept the papers. When Chapman left the office at 5:05 p.m. because nobody came by the office to serve any papers, she asked another secretary, Atuatasi to wait at the reception desk until 5:15 p.m. It could even be argued that Atuatasi was an agent authorized by appointment. When Atuatasi left at 5:15 p.m., after nobody came by the office to serve any papers, there were no other agents left authorized by appointment by Burrus to receive the service of process.

The plaintiff may also try to argue that the telephone call Bailey received earlier that day that Burrus was going to be served with papers constituted actual notice. However, "actual notice does not fulfill the requirements of Rule 4(h)(1)." Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 3 (D.D.C. 2004), quoting BPA Intern., Inc. v. Kingdom of Sweden, 281 F. Supp.2d 73, 84 (D.D.C. 2003) ; see also McLaughlin v. Fidelity Sec. Life Ins., 667 A.2d 105, 106 (D.C. Cir. 1995)  Courts routinely dismiss complaints for insufficient service of process. Whitehead, 221 F.R.D. at 1, citing Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987) (dismissing case because proper service of process "is not some mindless technicality")

Under the circumstances, the Court should dismiss the complaint in accordance with Rule 12(b)(5) for insufficiency of service of process.

   c. <u>Additionally, Plaintiff Did Not Serve the American Postal Workers Union, AFL-CIO, Within 120 Days of Filing the Complaint And There Is No Good Cause Justification for This Failure</u>

Even assuming arguendo that the delivery by the courier was a proper method of a service of process, the service also fails because plaintiff did not serve the APWU within 120

days of filing the complaint. The complaint in this action was filed on April 28, 2006. See Entry #1 on the Docket Sheet. APWU Exh. 4. To comply with the dictates of Rule 4(m), service of process needed to be effectuated by August 28, 2006. A copy of the complaint and summons was received in-hand by an APWU employee on August 29, 2006. (Ross Declaration ¶ 4, Chapman Declaration ¶ 4).

Rule 4(m) states:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period..

Rule 4(m) authorizes dismissal if service is not effectuated within 120 days and the plaintiff cannot show good cause for the delay. See, Pelligrin & Levine, Chartered v. Antoine, 961 F.2d 277, 282-83 (D.C. Cir. 1992) ; Affie, Inc. v. Nurel Enterprises, Inc., 607 F.Supp. 220, 222 (D.D.C. 1984). According to the United States Court of Appeals for the District of Columbia Circuit, absent a showing of good cause or justification for counsel's failure to effectuate service of process within the 120 day time limit, dismissal without prejudice is appropriate. Pelligrin & Levine, Chartered v. Antoine, 961 F.2d 277, 282-83 (D.C. Cir. 1992).

As noted, the plaintiff carries the burden of establishing that he has properly effectuated service. Here, the USPS, represented by the United States Attorney's Office, cannot show good cause for its failure to serve the APWU within 120 days of filing its complaint. Plaintiff's counsel waited until Monday, August 28, 2006, the 120th day, to send over a courier to APWU's office building with a copy of the complaint and summons. The courier himself did not get to the building until after business hours. Mistake or inadvertence by counsel need not be excused,

9

and usually does not suffice to establish good cause.  Byrd, 230 F.R.D. at 59, quoting Whitehead, 221 F.R.D. at 3 ; Wei, 763 F.2d at 372.[5]

Thos firm's office has two cases in which the United States Attorney's office has mishandled service of process.  In another case where the plaintiff is again represented by the United States Attorney's Office, a district court for the District of Columbia has issued a notice and order to show cause why the case should not be dismissed for failure to effect service of the summons and complaint within 120 days of filing suit.  APWU Exh. 5.  The motion to dismiss for insufficiency of service in that case is currently pending.  There is clearly a lack of due diligence given to the federal and District of Columbia rules of civil procedure by the United States Attorney's Office.  Dismissal of this case would be an effective incentive to fix the problems that the United States Attorney's Office is having making proper and timely service of process.

For the above reasons, the Court should not afford plaintiff's counsel addition time to effectuate service.  The complaint should be dismissed.

IV.    Conclusion

For the foregoing reasons, the Court should grant the motion to dismiss the action against the APWU.  A proposed order is annexed.

---

[5] The plaintiff may argue that dismissing this suit, even without prejudice, is overly severe because it waited until the 90th day after the arbitration award was issued to file a complaint, and by law, a complaint to vacate an arbitration award must be filed within three months. 9 U.S.C. § 12. However, the United States Court of Appeals for the District of Columbia Circuit has held that a statue of limitations bar does not preclude the dismissal under Rule 4.  Pelligrin, 961 F.3d at 283.  (citing Green v. Humphrey Elevator and Truck Co., 816 F.2d 877, 879 n. 6 (3d Cir. 1987), DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 711 n. 5 (9th Cir. 1985)) .

Dated: September 18, 2006                Respectfully submitted,

                                                                         O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                                                         By:   */s/ Anton Hajjar*
                                                                         Anton Hajjar (DC Bar No. 359267)
                                                                         1300 L Street, NW, Suite 1200
                                                                         Washington, DC 20005
                                                                         (202) 898-1707/Fax (202) 682-9276
                                                                         ahajjar@odsalaw.com