```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE, )
                              )
          Plaintiff,          )
                              )
     v.                       ) Civil Action No. 06-793 RJL
                              )
AMERICAN POSTAL WORKERS       )
UNION, AFL-CIO,               )
                              )
          Defendant.          )
_____)
```

### MEMORANDUM IN OPPOSITION TO DEFENDANT'S <u>MOTION TO DISMISS THE COMPLAINT</u>

Defendant has filed a motion to dismiss the complaint on the ground that it was not served upon defendant within the 120 days set forth in Fed. R. Civ. P. 4(m). Plaintiff, the United States Postal Service, is filing simultaneously with this opposition a motion for extension of time to serve the complaint (to September 25) under Fed. R. Civ. P. 6(b)(2). For the reasons set forth below and in the motion for an extension of time, the motion to dismiss should be denied, the motion for an extension of time to serve the complaint should be granted, and this case should proceed to a resolution on its merits.

### Factual Background

Plaintiff filed the complaint on April 28, 2006. As explained in the attached declaration of Assistant United States Attorney Keith V. Morgan, Exhibit A, plaintiff had received by April 28, 2006, authorization from the Department of Justice to file the complaint (under the statute of limitations in the

District of Columbia, a party that disagrees with an arbitrator's decision has only ninety days within which to file a complaint in court) but the United States Attorney's Office was directed by the Department not to serve the complaint at that time. The Department of Justice authorized the United States Attorney's Office to serve the complaint on or about August 18, 2006.

Once that authorization was obtained, immediate steps were taken to serve the complaint, as explained in Exhibit A, the declaration of Keith Morgan. After being unable to affect service during the week of August 20, as also explained in Mr. Morgan's declaration, a copy of the summons and complaint was sent to defendant by private express mail service on August 25, 2006. A private process server was sent on August 28 to serve the summons and complaint on Andrea Chapman, an official designated by defendant to receive the pleadings. As explained in the attachments to defendant's motion to dismiss, Ms. Chapman had left the office by the time that the process server arrived, and the security guard on duty called her office and was told by an individual, who was not authorized to accept service, to take the envelope. The envelope was picked up the next day from the security guard's station by an employee of defendant.

Attached hereto as Exhibit B is a declaration from the process server describing his service of the summons and complaint. It was only realized weeks later, when an attorney

for plaintiff spoke to an attorney for defendant, that defendant was taking the position that proper service had not been made. The next week service was attempted by a courier; plaintiff's counsel had written on the envelope given to the courier that Ms. Chapman should be called, but apparently there was a mistake and the envelope ended up in the mail room. Undersigned counsel (Fred E. Haynes) was advised last Friday (September 22) that Ms. Chapman was not available that day for service due to contract negotiations. As set forth in the proof of service that has been filed in this case, undersigned counsel personally served Ms. Chapman on the afternoon of September 25 with a copy of the summons and complaint.

Defendant's motion to dismiss and plaintiff's motion for an extension of time both raise the issue whether the errors made prior to September 25 in completing service on defendant should result in the dismissal of this case.

### The Language Of Rule 4(m)

Fed. R. Civ. P. 4(m), as amended in 1993, reads as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Argument

Defendant contends that the complaint should be dismissed under Rule 4(m) because plaintiff cannot show "good cause" for its failure to serve the complaint within the 120 day period. Defendant's memorandum at 2. Defendant asserts, and plaintiff agrees, that private express-mail service, although it gave actual notice to defendant of the action, was not proper service under the Federal Rules. Defendant also argues that there was improper service when the private process server was a quarter to a half-hour late to defendant's headquarters and therefore did not serve Ms. Chapman in person but, rather, left the summons and complaint in an envelope with the security guard after being advised to do so by the guard (after the guard talked to the office where Ms. Chapman works).

Defendant focuses its argument on whether the delay in arrival by the private process server was "good cause" for the failure to serve within the 120 day period. In so doing, defendant overlooks the import of the 1993 amendment to Rule 4 and the Supreme Court's interpretation of that amendment. In a decision not cited by defendant, Henderson v. United States, 517 U.S. 654, 662 (1996), the Supreme Court addressed, albeit in dicta, the meaning of the then newly-amended Rule 4(m): it stated that by the amendment "the courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause

shown.'" It follows that under Rule 4(m) the District Court need not find that an error in service falls into the category of "good cause" before it exercises its discretion to extend the time for the completion of service.

The only D.C. Circuit authority cited by defendant in support of its contention that good cause must be shown is a case that predates the 1993 amendment to Rule 4.  In that case, <u>Pellegrin & Levine, Chartered v. Antoine</u>, 961 F.2d 277 (D.C. Cir. 1992), the Court affirmed the District Court's denial of an extension of time to make proper service, based on a failure to show "good cause" for the delay.  The subsequent amendment of Rule 4 and the Supreme Court's interpretation of the amendment is, however, controlling.  <u>See</u> <u>United States v. Oakar</u>, 111 F.3d 146, 153 (D.C. Cir. 1997) ("[c]arefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative")(internal quotation omitted).

In this case, it is apparent that plaintiff's counsel attempted to comply with Rule 4(m).  However one characterizes the errors made that delayed proper service, good cause or not good cause, they do not rise to a level that merits the draconian result that would flow from a dismissal of this case without prejudice: since the 90-day period for filing a challenge to the arbitration award has run, the dismissal without prejudice would have the same effect as a dismissal with prejudice.  One factor

that courts consider in ruling on motions to dismiss for failure to serve within the 120-day time is whether the dismissal would make the claim time-barred.  See, e.g., Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322 (E.D. Mich, S.D., 2001).  This factor, combined with plaintiff's efforts to affect timely service, clearly favors denial of the motion to dismiss and the granting of the motion for an extension of time to serve the complaint.

## Conclusion

The motion to dismiss should be denied.  The motion for an extension of time to serve the complaint should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

KEITH V. MORGAN, DC Bar #422665
Assistant United States Attorney
          /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE, )
                              )
           Plaintiff,         )
                              )
      v.                      )  Civil Action No. 06-793 RJL
                              )
AMERICAN POSTAL WORKERS       )
UNION, AFL-CIO,               )
                              )
           Defendant.         )
_____)
```

## ORDER

UPON CONSIDERATION of the motion to dismiss by defendant, the opposition by plaintiff, and the entire record in this case, it is this _____ day of _____, 2006,

ORDERED that the motion to dismiss is denied.

                                        UNITED STATES DISTRICT JUDGE

Copies to counsel of record.