UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POSTAL WORKERS,<br>UNION, AFL-CIO<br>1300 L Street, NW<br>Washington, DC 20005,<br><br>Defendant | Civil Case No. 1:06-CV-00793-RJL |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS
OF THE AMERICAN POSTAL WORKERS UNION, AFL-CIO**

I.  Introduction

On April 28, 2006, the plaintiff filed a complaint to vacate an arbitration order that reinstated a wrongfully terminated employee. On September 25, 2006, well over the 120-day time period set out in Fed. R. Civ. P. 4(m) of when service of process may be effectuated, an attorney for the plaintiff handed a copy of the complaint and summons to Andrea Chapman.[1] See Entry #4 on Docket. The plaintiff does not refute that its two attempts to effectuate service of process within the 120-day time period were improper. The plaintiff also does not refute that it did not have any "good cause" in effectuating proper service. Plaintiff's Memorandum in

---

[1] It is still an open question in this jurisdiction whether service of the summons and complaint by plaintiff's counsel is proper. Cf. In re Evanishyn, 1 F.R.D. 202, 202-03 (S.D.N.Y. 1939)(finding that for purposes of service of process, an attorney stands in the same relationship as a party and thus cannot be designated as a "person who is not a party")

1

Opposition to Defendant's Motion to Dismiss the Complaint at 5 (hereinafter "Opposition"); See Defendant's Memorandum in Support of Motion to Dismiss (hereinafter "Def's Memorandum"). Thus, the plaintiff rests on the good will of this Court to exercise its discretion in granting an extension of time. Id. at 4-5. However, not only has the plaintiff not demonstrated good cause in its Opposition for failure to serve, the plaintiff has not shown any cause for its failure to serve the defendant within 120 days of filing the complaint. Rule 4(m) would be rendered meaningless if courts granted extensions of time without careful consideration of various factors to determine whether the circumstances merit an extension.[2] The plaintiff's sole argument rests on the fact that dismissal would make their claim time-barred. However, this factor does not require this Court to grant the plaintiff an extension of time nor is it appropriate in this case.

II.   Argument

The defendant argues that the 1993 amendment to Rule 4[3] and the Supreme Court dicta interpreting it has been accorded discretion to courts in extending the time for service even where good cause does not exist. Opposition at 4-5; Henderson v. United States, 517 U.S. 654, 662 (1996). Notwithstanding the amendment and this dicta, some federal courts, including the Court of Appeals for the Fourth Circuit, have held that district courts may grant an extension of time only upon a showing of good cause. See Mendez v. Elliot, 45 F.3d 75, 78-79 (4th Cir. 1995); Hickman v. U.G. Lively, 897 F.Supp 955, 959-60 (S.D. Tex. 1995). However, even if

---

[2] Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120-day period. Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999). Here, the plaintiff has filed a motion for an extension of time on September 29, 2006, over a month after its 120-day period has expired. See Entry #4 on Docket.

[3] Rule 4(m) in relevant part states: If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

2

this Court finds that it has discretion, the exercise of that discretion to extend time is not warranted in this case because the plaintiff has failed to make diligent attempts to effectuate proper service within the 120-day time period, and the mere fact that plaintiff would be time-barred from refiling does not render dismissal inappropriate. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995)(holding that running of statute of limitations on cause of action does not require district court to extend time period for service of process beyond 120 days following filing of the complaint; and absent a finding of good cause, district court may still dismiss case in its discretion, even after considering that statute of limitations has run and refiling of action is barred); Knorr v. Coughlin, 159 F.R.D. 5, 6 (N.D.N.Y. 1994).

As in a good cause inquiry, a discretionary extension analysis begins with an examination of exceptional circumstances that may have obstructed a plaintiff's diligent attempts at service. Naglieri v. Valley Stream Cent. High School Dist., No. CV 05-1989 (TCP), 2006 WL 1582144, at *3 (E.D.N.Y. May 26, 2006)(attached hereto as Exhibit 1). In the instant case, the plaintiff cannot and does not contend that there were exceptional circumstances that obstructed its attempts at service. In fact, there were no obstructions at all. The plaintiff states in its Opposition that the Civil Division of the Department of Justice authorized its office to serve the complaint on or about Friday, August 18, 2006.[4] Opposition at 2. This left the plaintiff about one week to serve the complaint as the 120-day time period ended on Monday, August 28, 2006.[5] The plaintiff does not explain why service was not authorized until this date by an internal department nor did it explain why no "diligent attempts" were made to get "authorization" earlier so as to give itself more time to effectuate service. Naglieri at *3. The

---

[4] This assertion is supported by the declaration of Keith V. Moran, an attorney for the plaintiff. See Opposition, Ex.A. It is significant to note that Mr. Morgan does not indicate he has personal knowledge of this claim. Id.
[5] Since the defendant is an unincorporated association, the copy of the complaint was addressed to its headquarters, which is only open on weekdays during normal business hours, which are 9:00 a.m. to 5:00 p.m. Defendant's Memorandum at 7.

plaintiff then asserts that it took "immediate steps" to serve the complaint as soon as authorization was received. Opposition at 2. However, the plaintiff then claims that they were not able to effectuate service on August 24 and 25 because the Union's officials were at a conference in Philadelphia, Pennsylvania. See Opposition, Ex.A. This description of events in no way explains how this created an obstruction to the plaintiff or why proper service was not effectuated on any of the other days before the 120-day time period expired.[6] Nothing in the plaintiff's Opposition shows that it took "immediate steps" or made "diligent attempts" to effectuate proper service within the 120-day time period at all. In fact, the plaintiff concedes that its first attempt at service of process through Federal Express is not proper. Id. at 4. Then the plaintiff's own declaration of counsel demonstrates its own inadvertence caused its attorney to realize "only weeks later" that their second attempt at service of process was improper even though the affidavit of service from the private process service explicitly stated that the summons and complaint were left with "Andrew Ross, Security Guard." Id. at 2-3, Ex.A, Ex.B. A quick glance at this affidavit would have shown any attorney familiar with the Rules that a security guard at an office building with a number of tenants besides the defendant organization is highly unlikely to be an authorized agent to receive service. Id. at 2, Ex.B; See Def's Memorandum, Ex.3. The conduct of the plaintiff in this case hardly warrants being characterized as a diligent attempt.

The plaintiff's main claim to why this Court should not dismiss its complaint is because it would have the "draconian result" of making the claim time-barred due to the applicable statute of limitation of 90-days. Opposition at 5-6. However, the United States Court of Appeals for the District of Columbia Circuit has held that a statute of limitations bar does not preclude the dismissal under Rule 4. Pelligrin & Levine, Chartered v. Antoine, 961 F.2d 277, 283 (D.C. Cir.

---

[6] August 18, 2006 to August 23, 2006 or from August 26, 2006 to August 28, 2006.

1992)(citing Green v. Humphrey Elevator and Truck Co., 816 F.2d 877, 879 n.6 (3d Cir. 1987), DeLoss v. Kenner Gen. Contractors, Inc., 764 F.2d 707, 711 n.5 (9th Cir. 1985)). The fact that the plaintiff's claims may be time-barred does not require this Court to exercise its discretion of granting an extension of time. Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999); See also Naglieri at *11-12 (concluding that the fact that the plaintiff's federal claim would be time-barred because of the statute of limitations of 90 days is not sufficient to warrant an extension of time for service). Although Rule 4(m) provides that the dismissal shall be "without prejudice," that term means merely that the dismissal itself does not bar the bringing of a subsequent action on the same claim. It does not mean that every plaintiff against whom the statute of limitations has run, even one who has carelessly allowed that period to expire without proper service would be protected against dismissal.[7] Santos v. State Farm Fire & Cas. Co., 902 F.2d 1092, 1094-95 (2d Cir. 1990). Additionally, while the plaintiff asserts that dismissal of its complaint would lead to a "draconian result," this more aptly describes the real harm to the employee who is at the heart of this claim. With this suit, the plaintiff is trying to vacate an arbitration award reinstating a wrongfully terminated employee. Opposition at 1-2; See Plaintiff's Complaint. This suit affects no one more harshly than it does this employee.

Another factor the Court should consider in its analysis is that the defendant requests that this case be allowed to "proceed to a resolution on its merits." Opposition at 1. However, the plaintiff has already fully litigated the basis of its complaint on its merits in the arbitral forum, and now seeks to vacate the arbitrator's decision because it is unhappy with the outcome. Opposition at 1-2. Because the parties have contracted to have disputes settled by an arbitrator chosen by them rather than a judge, it is the arbitrator's view of the facts and of the meaning of

---

[7] The plaintiff in this case waited until the 90th day (the last day) to file a complaint. Opposition at 1-2; Def's Memorandum at 2, 10 n.6.

5

the contract that they have agreed to accept. Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of the lower courts. United Paperworkers Int'l Union v. MISCO, Inc., 484 U.S. 29, 37-38 (1987).

Finally, the fact that the plaintiff is represented by experienced and competent counsel from the Office of the United States Attorney weighs in favor of granting the defendant's motion to dismiss. This failure to effect service by plaintiff's counsel was "nothing short of inexcusable neglect. Coppedge ex rel. Coppedge v. District of Columbia, No. Civ. A. 04-469 (GK) 2005 WL 614775, at *2 (D.D.C. April 19, 2005)(dismissing complaint after counsel did not follow the Local Rules, reasoning that experienced counsel such as the plaintiff's is especially expected and presumed to know the Local Rules of the Court)(attached hereto as Exhibit 2).

Therefore, the plaintiff has presented no reasons for failure to serve the defendant within 120 days after filing its complaint, and the circumstances here weigh against the plaintiff and warrant dismissal of its complaint.

III.   CONCLUSION

For the above stated reasons, and for the reasons stated in the defendant's initial Motion to Dismiss and Memorandum in Support, the Court should dismiss the plaintiff's complaint.

Dated: October 6, 2006                     Respectfully submitted,

                                           O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                                           By:  /s/ Anton Hajjar
                                           Anton Hajjar (DC Bar No. 359267)
                                           1300 L Street, NW, Suite 1200
                                           Washington, DC 20005
                                           (202) 898-1707/Fax (202) 682-9276
                                           ahajjar@odsalaw.com