Westlaw.

Slip Copy                                                                                     Page 1

Slip Copy, 2006 WL 1582144 (E.D.N.Y.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
    United States District Court,E.D. New York.
        Patrick NAGLIERI, Plaintiff,
                     v.
   VALLEY STREAM CENTRAL HIGH SCHOOL
DISTRICT, Kathleen W. Cairo and Ellen Edwards,
                  Defendants.
            **No. CV 05-1989(TCP).**

                 May 26, 2006.

Oscar Michelen, Sandback Birnbaum & Michelen, P.C., Mineola, NY, for Plaintiff.
John P. Sheahan, Guercio & Guercio, Farmingdale, NY, for Defendants.

              MEMORANDUM AND ORDER
PLATT, District Judge:
*1 On the basis of and for the reasons set forth in the Report and Recommendation dated May 10, 2006 of United States Magistrate Judge Arlene Lindsay, the Report and Recommendation is affirmed, the objections filed by the plaintiff are overruled and the complaint against Ms. Edwards is dismissed with prejudice.

SO ORDERED.

             REPORT AND RECOMMENDATION
LINDSAY, Magistrate Judge:
On May 8, 2006, District Judge Thomas C. Platt referred this matter to the undersigned for a determination as to whether Plaintiff should be afforded additional time within which to effectuate service of summons upon the defendant, Ellen Edwards. Based upon the papers submitted by the parties, the undersigned recommends to the District Court that Plaintiff's motion for an extension of time be denied. The Court further recommends that Plaintiff's claims against Ms. Edwards, which are now time-barred, be dismissed with prejudice given the consequent lack of personal jurisdiction.

                    DISCUSSION

Plaintiff brings causes of action for injunctive relief and damages against Valley Stream Central High School District ("Valley Stream"), Kathleen Cairo, and Ellen Edwards, alleging that the defendants discriminated against him based on his national origin in violation of Title VII of the Civil Rights Act. Plaintiff also brings tort claims under New York common law, specifically, negligence, intentional infliction of emotional distress, and defamation.

Plaintiff initially filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). However, the EEOC found "no probably cause" (sic) and thereafter issued Plaintiff a "right to sue" letter on January 31, 2005, from which Plaintiff had ninety (90) days to file suit. Plaintiff timely commenced this action on April 25, 2005 by filing a complaint with the Clerk of Court for the Eastern District, who issued summons for the three defendants, including Ms. Edwards on April 25, 2005. The three summons were personally delivered to the main office of the defendant School District, where Ms. Cairo is employed as a principal. Plaintiff was fully aware when he attempted service on Ms. Edwards at the School District that she had not been employed by the School District since her retirement in June, 2004.

On May 25, 2005, the law offices of Guercio & Guercio answered for the defendants, Valley Stream and Ms. Cairo. Guercio & Guercio did not answer the complaint on behalf of Ms. Edwards, and to date, she has never appeared. The 120 day period for service of the summons and complaint [FN1] on Ms. Edwards expired on August 25, 2005. Plaintiff's counsel claims he did not realize that service upon Ms. Edwards was untimely because

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                                     Page 2
Slip Copy, 2006 WL 1582144 (E.D.N.Y.)
(Cite as: Slip Copy)

his firm had erroneously noted in their system that all defendants appeared through the answer filed by Guercio & Guercio. On September 14, 2005, the court conducted an Initial Conference in which plaintiff's counsel participated. At this conference, Guercio & Guercio appeared only on behalf of the School District and Dr. Cairo, and this limited appearance was docketed on the ECF system. (Document 4). Notwithstanding the above, plaintiff's counsel claims that he did not become aware of his mistake until January 31, 2006, when Guercio & Guercio advised the Court that they had erroneously included Ms. Edwards as a filer of certain correspondence to the Court dated December 18, 2005.

FN1. *See,* Federal Rule of Civil Procedure 4(j).

*2 Thereafter, on February 3, 2006, plaintiff's counsel filed a letter application seeking an extension of time to serve defendant Edwards pursuant to Federal Rule of Civil Procedure 4(m). Defense counsel opposed this application by letter dated February 7, 2006. Accordingly, the undersigned issued an order on February 15, 2006, directing the parties to submit papers in further support of their arguments. The Court is now in receipt of those papers, wherein the parties disagree as to whether the Plaintiff's action against Ms. Edwards must be dismissed or whether Plaintiff should be afforded additional time to effect proper service.

Plaintiff's counsel argues that the time for serving the summons and complaint should be extended pursuant to Federal Rule of Civil Procedure 4(m), which provides that:
"[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Specifically, plaintiff's counsel contends that he has shown good cause for failing to serve plaintiff within the allotted time because he attempted to serve Ms. Edwards at her only known address, which was her place of employment at the time of the occurrence. Plaintiff's counsel argues in the alternative that the Court should grant the motion pursuant to its discretionary authority.

The undersigned disagrees on both counts. First, the Court finds that Plaintiff has not satisfied the "good cause" standard of Rule 4(m). In evaluating good cause, courts require that a plaintiff demonstrate that, despite diligent attempts to effectuate service within the allotted time period, service could not be made due to exceptional circumstances beyond his or her control. *Spinale v. United States,* No. 03-1704, 2005 WL 659150 at 3 (S.D.N.Y.2005); *Feingold v. Hankin,* 269 F.Supp.2d 268, 276 (S.D.N.Y.2003). A party seeking a good cause extension bears a heavy burden of proof. *Geller v. Newell,* 602 F.Supp. 501, 502 (S.D.N.Y.1984). Plaintiff's ignorance of the rules, inadvertence or mistake do not constitute "good cause." *Spinale, supra.* Nor does a clerical error in the attorney's office satisfy the "good cause" standard. *Delicata v. Bowen,* 116 F.R.D. 564 (S.D.N.Y.1987).

Rather, courts have considered: (1) whether the party exhibited reasonable diligence or made a reasonable effort to effect service, and (2) whether there is any prejudice to the defendants as a result of the delay. *Coram Healthcare Corp. v. Cigna,* 2002 U.S. Dist. LEXIS 23307 at 31 (S.D.N.Y 2002) (where plaintiff delayed service four months after two previous attempts were not acknowledged). Further, although Fed.R.Civ.P. 4(e)(1)(h)(1) permits service "pursuant to the law of the state in which the district court is located," New York law requires that a plaintiff mail the pleading directly to the defendant at his "last known residence or ... *actual* place of business" N.Y. C.P.L.R. sect. 308(2) (emphasis added).

*3 Here, Plaintiff's attorney's error in determining that Ms. Edwards had been properly served, and thereafter failing to discover his mistake, is not excused by "good cause" because counsel has not presented sufficient evidence of either his diligence

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 3
Slip Copy, 2006 WL 1582144 (E.D.N.Y.)
**(Cite as: Slip Copy)**

or exceptional circumstances beyond his control. From the outset, the undersigned notes that the clerical mistake made by counsel's office does not satisfy the "good cause" standard. Moreover, counsel failed to exercise reasonable diligence in attempting to serve Ms. Edwards. He did not conduct *any* investigation in an attempt to locate Ms. Edwards' current address or actual place of employment prior to the attempted service. Had he done so, his client likely would have informed him that Ms. Edwards, who was Plaintiff's direct supervisor with whom he shared an adjoining office, had retired from Valley Stream nearly 10 months before counsel attempted to serve her there. Similarly, the attorneys of Guercio & Guercio made clear at the initial conference September 14, 2005 that they did not represent Ms. Edwards, a fact which is clearly reflected in the minutes of the Court. In spite of these glaring indicators that service was never consummated, Plaintiff's counsel never corrected his error by checking the docket or otherwise.

Certainly, none of these events amount to circumstances beyond the control of counsel. To the contrary, the record suggests that the burden of responsibility for the defect in service lies exclusively with Plaintiff's counsel and his failure to exercise reasonable diligence. Because this is insufficient to satisfy the "good cause" standard set forth by Rule 4(m), the undersigned need not address any resulting prejudice to the defendant, and will recommend that an extension based on a showing of "good cause" be denied.

Turning to Plaintiff's alternative argument, the undersigned finds that Plaintiff's negligence also compels denial of a discretionary extension. It is well-settled that, even where good cause does not exist, courts are free to exercise their discretion in extending the time for service. *Henderson v. United States,* 517 U.S. 654, 662, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). As in a good cause inquiry, a discretionary extension analysis begins with an examination of exceptional circumstances that may have obstructed a plaintiff's diligent attempts at service. *See, Eastern Refractories v. Forty Eight Insulations, Inc.,* 87 F.R.D. 503, 506 (S.D.N.Y.1999) ("Generally, when courts consider granting an extension of time notwithstanding a lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120-day period."). Specifically, in determining whether to grant a discretionary extension, courts consider: (1) whether the statute of limitations would bar a re-filed action; (2) whether the defendant had attempted to conceal the defect in service; (3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provision; and (4) whether the defendant had actual notice of the claims asserted in the complaint. *Coram Healthcare, Corp., supra* at 33.

*4 From the outset, the Court notes that Plaintiff's burden of proving the foregoing factors is a high one given the facts of this case. The burden of proving exceptional circumstances is lower for discretionary extensions where the service failure was due to inadvertence and the plaintiff otherwise displayed due diligence. *See, Mejia v. Castle hotel, Inc.,* 164 F.R.D. 343, 346 (S.D.N.Y.1996) (upon return from vacation, counsel for plaintiff discovered, and quickly resolved, service defect resulting from process server error). However, courts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to identify and remedy the service defect quickly. *See, McKibben v. Credit Lyonnais,* No. 98 Civ. 3358, 1999 WL 604883, at *3 (S.D.N.Y. Aug.10, 1999). Moreover, the burden of proving exceptional circumstances is higher where the delay in service is substantial. *See, Buckley v. DOHA Bank Ltd.,* No. 01 Civ. 8865, 2002 WL 1751372, at *3 (S.D.N.Y. July 25, 2002) (inadvertent delay of one week "stands in stark contrast to cases in this district where judges have chosen not to exercise this discretionary remedy because plaintiff had still not served for seven or more months after filing at the time defendant moved for dismissal"). As already noted *supra,* Plaintiff did not exercise reasonable diligence in attempting to serve Ms. Edwards, and the Court notes that the delay in serving Ms. Edwards is substantial, as nearly ten months have elapsed since Plaintiff filed his complaint. Thus, Plaintiff's burden of proving exceptional circumstances is higher in this case.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                              Page 4
Slip Copy, 2006 WL 1582144 (E.D.N.Y.)
(Cite as: Slip Copy)

Applying the applicable burden of proof, the undersigned concludes that Plaintiff request for a discretionary extension cannot withstand a *Coram Healthcare* factor analysis. First, Plaintiff does not dispute that neither Guercio & Guercio nor Ms. Edwards tried to evade service or conceal the fact that service upon Ms. Edwards was ineffective. Plaintiff nonetheless maintains that he should be granted an extension to serve Ms. Edwards because his federal claims against her would otherwise be time-barred, having expired on May 1, 2006, ninety (90) days after the EEOC issued Plaintiff his right to sue letter. The parties clearly disagree as to the amount of weight to be accorded this factor. While Plaintiff argues that statute of limitations is a strong consideration, Defendants maintain that the expiration of the statute of limitations does not require an extension where Plaintiff fails to offer a reasonable excuse for the failure to serve and delays in filing a motion to extend the time for service. *See e.g., Leader v. Maroney, Ponzini & Spencer,* 97 N.Y.2d 95, 107, 736 N.Y.S.2d 291, 761 N.E.2d 1018 (2001).

The undersigned agrees with the Defendants and concludes that the fact that the statute of limitations would bar re-filing this action as against Ms. Edwards is not, in and of itself, sufficient to warrant an extension of time for service. *See, American Commercial Barge Line Co. LLC v. Tug Joan Salton,* 2001 WL 262724, at *12 (S.D.N.Y.2001) (denying an extension request where plaintiffs failed to make a diligent effort at service); and *Eastern Refractories, supra* at 506 ("The fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff."). Where the statute of limitations has run, dismissal is appropriate even if the practical effect is to bar the plaintiff's claim. *Frasca v. Untied States,* 921 F.2d 450, 453 (2d. Cir.1990).

*5 Because the remaining factors in dispute-(3) and (4)-do not weigh in favor of an extension, the undersigned finds that Plaintiff should not be afforded an extension of time based solely upon the expiration of the statute of limitations. First, Plaintiff cannot seriously argue that Ms. Edwards would not be prejudiced by an extension, given the passage of time since the commencement of this action and the fact that Ms. Edwards has not been privy to any of the court proceedings, including the deposition of Plaintiff's only witness. Moreover, discovery in this matter was to have concluded on February 17, 2006. To add Ms Edwards as a party at this late date would substantially prejudice the remaining defendants. Finally, Ms. Edwards was not a named party in the EEOC matter. Even though Ms. Edwards appears to have participated in those proceedings and likely had notice of some of the claims brought by Plaintiff against Valley Stream, she did not have notice of additional state causes of action which Plaintiff subsequently brought against the defendants in the federal action. The finding of no probable cause rendered by the EEOC gave Ms. Edwards no reason to assume that she would included in this action.

Thus, the undersigned concludes that the factors set forth by the Court in *Coram Healthcare* weigh against granting Plaintiff a discretionary extension of time to serve Ms. Edwards with the summons and complaint. Because Plaintiff's claims are now time-barred, the undersigned will also recommend to the District Court that the complaint against Ms. Edwards be dismissed with prejudice given the consequent lack of personal jurisdiction. *See, Conklin v. Sears Roebuck and Co.,* 2001 WL 175241 (N.D.N.Y.2001).

Any party seeking to file a dispositive motion shall take the first step in the motion process by July 3, 2006. The final conference before the undersigned is adjourned to July 17, 2006 at 11:00 a.m. The parties shall electronically file their proposed joint pretrial order in advance of the final conference.

RECOMMENDATION

For the reasons set forth *supra*, the undersigned recommends that the District Court deny the Plaintiff's Motion for an Extension of Time to Serve Summons upon Defendant, Ellen Edwards and dismiss the complaint against Ms. Edwards with prejudice given the consequent lack of personal jurisdiction.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                  Page 5

Slip Copy, 2006 WL 1582144 (E.D.N.Y.)
**(Cite as: Slip Copy)**

OBJECTIONS

Plaintiff is directed to serve a copy of this Report and Recommendation on defendants by certified mail, and to file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See,* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir.1997) ; *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir.1996).

E.D.N.Y.,2006.
Naglieri v. Valley Stream Cent. High School Dist.
Slip Copy, 2006 WL 1582144 (E.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 1229972 (Trial Pleading) Complaint and Jury Demand (Apr. 25, 2005)
• 2:05cv01989 (Docket) (Apr. 25, 2005)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.