Westlaw.

Not Reported in F.Supp.2d                                    Page 1

Not Reported in F.Supp.2d, 2005 WL 914775 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.
Chuck COPPEDGE, a Minor,_ Through Next
Friend, Yolanda Coppedge
v.
DISTRICT OF COLUMBIA et al., Defendants.
**No. Civ.A.04-469(GK).**

April 19, 2005.

Rebekah Antoni Gleason, Civil Litigation and Child
Advocacy Clinic, Jacksonville, FL, Matthew B.
Bogin, Futrovsky, Nitkin & Scherr, Rockville, MD,
for Plaintiff.
Edward P. Taptich, Corporation Counsel's Office,
Washington, DC, for Defendant.

*MEMORANDUM OPINION*
KESSLER, J.
**\*1** Plaintiff, Chuck Coppedge, through his Next
Friend, Yolanda Coppedge, brings this action
against Defendants, the District of Columbia and
Elfreda Massie, in her official capacity as the
then-Superintendent of the District of Columbia
Public Schools ("DCPS"). Plaintiff alleges that
Defendants violated the Individuals with
Disabilities in Education Act ("IDEA"), 20 U.S.C. §
§ 1400-1487, by failing to provide him with a free
appropriate public education ("FAPE"). This matter
is before the Court on Defendants' Motion for
Reconsideration and for Dismissal of Complaint.
Upon consideration of the Motion, Opposition,
Reply, and the entire record herein, for the reasons
discussed below, Defendants' Motion for
Reconsideration and for Dismissal of Complaint is
granted.

I. BACKGROUND

On March 23, 2004, Plaintiff filed a Complaint,
alleging that he is a learning-disabled child who has
not received necessary special education services
from DCPS. Plaintiff claims that, at a due process
hearing, the Hearing Officer erred when he failed to
place Plaintiff at High Roads Academy, a private
school.

Plaintiff seeks: (1) judgment against Defendants; (2)
a declaratory judgment that Defendants violated
Plaintiff's rights; (3) an injunction ordering
Defendants to place him at High Roads Academy;
(4) a declaratory judgment that High Roads
Academy is his current educational placement; (5) a
declaratory judgment that the Hearing Officer is a
DCPS employee; and (6) attorneys fees and costs.

Pursuant to Fed.R.Civ.P. 4(m), Plaintiff was
required to serve Defendants with the summons and
complaint on or before July 21, 2004. On August
25, 2004, Plaintiff filed an Affidavit for Default and
a Motion for Default Judgment, in which counsel
said Defendants "were served with process on
March 25, 2004." Aff. in Support of Default at 1.
That same day, the Clerk of the Court made an
entry of default against Defendant.

As of September 14, 2004, however, there was no
record in the Court files that Plaintiff had served
Defendants. For that reason, the Court ordered
Plaintiff to show cause by September 30, 2004, why
the Complaint should not be dismissed for failure to
prosecute. *See* Docket Entry No. 4. On September
29, 2004, Plaintiff informed the Court that "On
March 25, 2004, I received notice that Defendants
had been electronically served." Decl. of Rebekah
Gleason at ¶ 4.

On December 23, 2004, Defendants filed the instant
Motion for Reconsideration and for Dismissal of
Complaint, seeking reconsideration of the entry of
default and dismissal of the Complaint for failure to
effect service within the time limits specified in
Fed.R.Civ.P. 4(m).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



EXHIBIT
2

Not Reported in F.Supp.2d                                                          Page 2

Not Reported in F.Supp.2d, 2005 WL 914775 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

## II. STANDARD OF REVIEW

A motion to dismiss should only be granted "when it appears beyond doubt that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief." *Hishon v. King & Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Because such motions "summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, [they] should be treated with the greatest of care." *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C.Cir.1987). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. *Shear v. Nat'l Rifle Ass'n of Am.,* 606 F.2d 1251, 1253 (D.C.Cir.1979).

## III. ANALYSIS

**\*2** Defendants request reconsideration of the entry of default against them. [FN1] They further claim that Plaintiff's Complaint should be dismissed because Plaintiff failed to timely serve them in violation of Fed.R.Civ.P. 4(m). Plaintiff contends that he "was informed that the summons and complaint" had been electronically served on Defendants and has shown good cause for the failure to serve. Pl.'s Opp. at 2.

> FN1. Plaintiff does not object to vacating the entry of default, Pl.'s Opp. at 1, and Defendants' request for reconsideration of that entry therefore is granted as unopposed.

Rule 4(m) requires a plaintiff to serve the summons and a copy of the complaint on each named defendant within 120 days of filing the complaint. [FN2] Fed.R.Civ.P. 4(m). If the plaintiff fails either to effect service within the specified time or to show good cause for failure to effect service, the Court may dismiss the action without prejudice. *See id.;* Local Civil Rule 83.23 (providing that the Court may dismiss a case *sua sponte* for failure to prosecute); [FN3] *Pellegrin & Levine, Chartered v.*

*Antoine,* 961 F.2d 277, 282 (D.C.Cir.1992) (dismissing complaint for failure to timely effect service); *Hilska v. Jones,* 297 F.Supp.2d 82, 88 (D.D.C.2003) (same).

> FN2. Rule 4(m) states, in relevant part, " [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

> FN3. Local Civil Rule 83.23 states: "A dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion. An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party." Local Civil Rule 83.23.

In addition, "[a]n attorney or pro se party who obtains a CM/ECF password consents to electronic service of all documents, *subsequent to the original complaint,* that are filed by electronic means ..." Local Civil Rule 5.4(b)(6) (emphasis added). Thus, complaints are *not* and *cannot* be served electronically.

Plaintiff filed the Complaint on March 23, 2004. Pursuant to Rule 4(m), he was required to serve Defendants with the summons and Complaint on or before July 21, 2004. Plaintiff admits that Defendants have never been properly served. Accordingly, the record is clear that Plaintiff failed to effect service within the applicable time frame.

Plaintiff has also failed to show any good cause for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                              Page 3

Not Reported in F.Supp.2d, 2005 WL 914775 (D.D.C.)
**(Cite as: Not Reported in F.Supp.2d)**

his failure to timely serve Defendants. While he argues that he believed service had been effected by electronic means, Local Civil Rule 5.4(b)(6) clearly indicates that there is no electronic service of complaints. His justification therefore is unreasonable as counsel, especially counsel as experienced as Mr. Bogin, is expected and presumed to know the Local Rules of the Court. *See Pellegrin & Levine, Chartered,* 961 F.2d at 282 (upholding dismissal of complaint for failure to show good cause because plaintiff "must surely have been aware" of the "established rule in the District of Columbia requiring service of process on all partners individually").

Furthermore, Plaintiff's electronic notification would have indicated that the Complaint was electronically mailed to only one address, that of Plaintiff's counsel, not Defendants'. Plaintiff's Affidavit in Support of Default declaring that Defendants were served on March 25, 2004, and declaration in response to the Order to Show Cause stating that counsel "received an electronic notification that Defendants had been electronically served" are therefore false or inaccurate. Decl. of Rebekah Gleason at ¶ 4. Thus, failure to effect service was not based on good cause but was " nothing short of inexcusable neglect." *Id.* (internal quotation and citation omitted).

**\*3** The conduct of Plaintiff's counsel is of extremely serious concern. Plaintiff's counsel have now given three differing versions of what has occurred, all of which are inconsistent with each other.[FN4] In Plaintiff's cursory, two-page Opposition, counsel have neither shown good cause for their failure to timely serve Defendants, nor have they explained how they could have believed service had been effected when there is no docket entry to that effect. Dismissal of this case with prejudice therefore is warranted.

> FN4. In the Opposition to the present Motion, Plaintiffs' counsel states, very ambiguously, that she "was informed that the summons and Complaint" were served electronically on Defendants. Pl.'s Opp. at 2. Informed by whom and under what

circumstances?

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Reconsideration and for Dismissal of Complaint is granted. An Order will issue with this Opinion.

D.D.C.,2005.
Coppedge ex rel. Coppedge v. District of Columbia
Not Reported in F.Supp.2d, 2005 WL 914775 (D.D.C.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3789323 (Trial Motion, Memorandum and Affidavit) Defendant's Reply to Plaintiffs' Opposition to Motion for Reconsideration and Dismissal of Complaint (Jan. 10, 2005) Original Image of this Document (PDF)
• 2004 WL 3708577 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Support of their Motion for Reconsideration, and for Dismissal of Complaint (Dec. 23, 2004) Original Image of this Document (PDF)
• 2004 WL 3708576 (Trial Pleading) Complaint for Declaratory and Injunctive Relief (Mar. 23, 2004) Original Image of this Document (PDF)
• 1:04cv00469 (Docket) (Mar. 23, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.