UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE<br>475 L'Enfant Plaza, SW<br>Washington, DC 20260<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN POSTAL WORKERS,<br>UNION, AFL-CIO<br>1300 L Street, NW<br>Washington, DC 20005,<br><br>Defendant | Civil Case No. 1:06-CV-00793-RJL |

**ANSWER OF AMERICAN POSTAL WORKERS UNION, AFL-CIO
TO PLAINTIFF'S COMPLAINT TO VACATE ARBITRATION AWARD AND
COUNTERCLAIM OF AMERICAN POSTAL WORKERS UNION, AFL-CIO
<u>TO ENFORCE ARBITRATION AWARD</u>**

ANSWER

The American Postal Workers Union, AFL-CIO ("APWU"), answers the complaint of the United States Postal Service ("Postal Service"), by corresponding paragraph numbers as follows. All allegations not expressly admitted are denied.

1.  This paragraph states the plaintiff's legal theories and conclusions and therefore requires no response. To the extent that a response is required, the APWU admits that this is an action arising under 39 U.S.C. § 1208(b) filed by the plaintiff, the Postal Service, against the APWU, which seeks to vacate an arbitration award issued by Arbitrator Lawrence R. Loeb

1

("Loeb award") on January 28, 2006. The APWU otherwise denies the factual and legal allegations contained in this paragraph.

## Jurisdiction and Venue

2. The APWU admits the allegations contained in this paragraph.

3. The APWU admits the allegations contained in this paragraph.

## Parties

4. The APWU admits the allegations contained in this paragraph.

5. The APWU admits the allegations contained in this paragraph.

## Statement of Facts

6. The APWU admits the allegations contained in this paragraph.

7. The APWU admits the allegations contained in this paragraph.

8. The APWU admits that the National Agreement contains an Article 12.1.A and respectfully refers the Court to the collective bargaining agreement itself for the text thereof. The APWU denies all other allegations contained in this paragraph.

9. The APWU admits that there was an arbitration award in Case No. Q-98C-4A C99251456 ("the Loeb Award') and respectfully refers the Court to the Loeb Award itself. The APWU denies all other allegations contained in this paragraph.

10. The APWU admits that all postal bargaining unit employees are required to serve a 90-day probationary period. The APWU otherwise denies as stated all other allegations contained in this paragraph.

11. The APWU denies as stated the allegations contained in this paragraph and respectfully refers the Court to the Loeb Award.

12. The APWU denies as stated the allegations contained in this paragraph and respectfully refers the Court to the Loeb Award.

13. The APWU denies as stated the allegations contained in this paragraph and respectfully refers the Court to the Loeb Award.

14. The APWU denies as stated the allegations contained in this paragraph and respectfully refers the Court to the Loeb Award.

15. The APWU denies as stated the allegations contained in this paragraph and respectfully refers the Court to the Loeb Award.

16. The APWU denies the allegations contained in this paragraph.

17. The APWU denies the allegations contained in this paragraph.

18. The APWU denies the allegations contained in this paragraph.

19. The APWU denies the allegations contained in this paragraph. The APWU has not sought to have the Loeb Award set aside.

The unnumbered paragraph following paragraph 19 of the plaintiff's Complaint, headed "Prayer for Relief," sets forth the plaintiff's legal theories and conclusions and therefore requires no response. To the extent that a response is required, the APWU denies the allegations contained in this paragraph.

Affirmative Defense

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

## COUNTERCLAIM TO ENFORCE ARBITRATION AWARD

1. Defendant/Counterclaimant APWU is an unincorporated labor organization with headquarters at 1300 L Street, N.W., Washington, D.C. 20005.

2. Plaintiff Postal Service is an independent establishment of the executive branch of the United States government as provided by 39 U.S.C. § 201. Postal Service headquarters are located at 475 L'Enfant Plaza, S.W., and Washington, D.C. 20260.

3. At all material times, the APWU and the Postal Service have been parties to a collective bargaining agreement ("National Agreement") that set forth the terms and conditions of employment for employees in bargaining units represented by the APWU at Postal Service facilities throughout the United States.

4. The National Agreement provides for final and binding arbitration of unresolved grievances.

5. On January 28, 2006, Arbitrator Lawrence R. Loeb issued an award sustaining the grievance in Case No. C94C-4C-D 98076813 involving the termination of an employee which stated in pertinent part:

> The plain fact of the matter is that the Employer failed to terminate the Grievant, as that term is understood in Article 12 within her probationary period. By the time the Service finally acted the Grievant's probationary period had long since passed. She, therefore, became a full-time employee who could only be removed for just cause. Since the Service violated the Contract [the National Agreement] the Grievant is entitled to be made whole which means to be reinstated with no loss of seniority and back pay, less any sums she may have received from any other source. For the foregoing reasons, the grievance is sustained. The Service is directed to reinstate the Grievant with no loss of seniority and with back pay for all regular hours she would have worked had she not been improperly terminated…

6. The Loeb Award is final and binding on the Postal Service.

7. At all times after January 28, 2006, the Postal Service has failed and refused to comply with the award described in paragraph 5.

8. By failing and refusing to comply with the award described in paragraph 5, the Postal Service has violated and continues to violate the National Agreement.

WHEREFORE, the APWU respectfully requests that the Court enter judgment confirming Arbitrator Loeb's January 28, 2006 arbitration award; enforcing and directing the Postal Service to comply with the Loeb Award; further requiring the Postal Service to reimburse the APWU for the attorneys' fees and costs it has incurred in this action; and further granting other relief that the Court may deem appropriate and which justice requires.

Dated: October 16, 2006                     Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: */s/ Anton Hajjar*
Anton Hajjar (DC Bar No. 359267)
1300 L Street, NW, Suite 1200
Washington, DC 20005
(202) 898-1707/Fax (202) 682-9276
ahajjar@odsalaw.com

Attorney for the
American Postal Workers Union, AFL-CIO