EXHIBIT 5 TO EXHIBIT A

(TO THE MEMORANDUM IN SUPPORT OF THE POSTAL SERVICE'S MOTION FOR SUMMARY JUDGMENT)

06cv00793 RJL



DALIESSIO/PHILADELPHIA, PA/C94C-4C-D98076813

APPEAL TO ARBITRATION

## American Postal Workers Union, AFL-CIO

1300 L Street, NW, Washington, DC 20005

Eric Wilson
Mike Gallagher
Jeff Kehlert
National Business Agents
Clerk Division
Philadelphia Region
Pennsylvania
New Jersey
Delaware
10 Melrose Avenue
Suite 210
Cherry Hill, NJ 08003
(609) 427-0027 Office
(609) 795-7143 Fax

DATE: 09/14/98

ALLEGHENY AREA ADVOCACY OFFICE
U.S. POSTAL SERVICE
P.O. BOX 40590
PHILADELPHIA, PA 19197-0590

CERT# Z441865336

Dear Sir:

Please be advised that pursuant to Article 15 Sections 2 and 4 of the Collective Bargaining Agreement I have authorized and hereby appeal the below referenced case to arbitration.

Lorraine

GRIEVANT: DALIESSIO, L. CLERK
PHILADELPHIA           , PA , 19104
DISCHARGE              ARTICLE 000.

C94C-4C-D98076813
SEQ#11-0000073548
LOC#981234

*Eric Wilson*
ERIC WILSON
NATIONAL BUSINESS AGENT

National Executive Board
Moe Biller
President

William Burrus
Executive Vice President

Douglas C. Holbrook
Secretary-Treasurer

Greg Bell
Industrial Relations Director

Ro  Tunstall
Dir.  Clerk Division

James W. Lingberg
Director, Maintenance Division

Robert C. Pritchard
Director, MVS Division

George N. McKeithen
Director, SDM Division

Regional Coordinators
Leo F. Persails
Central Region

Jim Burke
Eastern Region

Elizabeth "Liz" Powell
Northeast Region

Terry Stapleton
Southern Region

Raydell R. Moore
Western Region

JIM BURKE
Coordinator, as authorized by
President Morris Biller

PHILADELPHIA AREA LOCAL#(0089), APWU
1904 ARCH ST.
PHILADELPHIA        PA 19103

RECEIVED
SEP 16 1998
Phila Pa Area Local
APWU AFL-CIO

J-1

# GRIEVANCE APPEAL FORM

# AMERICAN POSTAL WORKERS UNION, AFL-CIO

CERTIFIED MAIL # Z 10 2009 600

| GRIEVANT – PERSON OR UNION (FROM LINE 4) | WORK LOCATION CITY AND ZIP CODE (FROM LINE 10) | | REGION'S GRIEVANCE # |
|---|---|---|---|
| Daliessio    Lorriane | Phila. Pa. | | |
| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | CRAFT | DATE OF STEP 2 | LOCAL GRIEVANCE    USPS GRIEVANCE |
| Improper Procedure/Termination | Clerk | 04/15/98 | # 98-1234    # |

THE ABOVE GRIEVANCE IS BEING APPEALED TO STEP 3/DATE  04/23/98     SSN: ███

ALLEGHENY AREA ADVOCACY OFFICE
U.S. POSTAL SERVICE
P.O. BOX 40590
PHILADELPHIA, PA. 19197-0590

Any appeal from an adverse decision in Step 2 shall be in writing to the Regional Director for Employee and Labor Relations, with a copy to the Employer's Step 2 Representative, and shall specify the reasons for the appeal. (Within fifteen (15) days)

The Appeal is in accordance with XV Grievance Arbitration Procedures Sec. 2 Step 2 (h) and Step 3 (a) for the following reasons:

On 1-31-98, Part-Time Flexible Computer Forwarding Clerk, Ms. Lorraine G. Daliessio, was verbally informed by Supervisor V. Barnett that she was to clean out her locker and that she was being terminated.

The Union contends that, after conducting a thorough investigation, Management violated several provisions of the Postal Regulation (Employee Labor Relations Manual) pertaining to Probationary Employee Procedures including but not limited to evaluation, training and termination; also they are in violation of several provisions of the Local and National Contracts.

The Union also contends that this case involved Discrimination because of her age.

The Union requests that Ms. Daliessio be returned to duty immediately, that the termination action initiated against her be rescinded and expunged from all of her records; that she be made whole for all lost time and benefits; that there be no loss of seniority; that she be paid interest at the federal Judgment rate and that she be given adequate retraining.

and we have attached the Step 2 appeal grievance form, the employers written Step 2 decision and our corrections and additions to the Step 2 decision if we submitted same to employer's Step 2 representative.

| FROM – LOCAL UNION (NAME OF) | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| 3  PHILA PA AREA LOCAL APWU, | 1904 ARCH ST., | PHILA. PA | | 19103 |

COPY – LOCAL FILE
COPY – USPS STEP 2 DESIGNEE
SUBMIT UNION'S REGIONAL COPY WITH FILE TO (or as instructed)

NATIONAL VICE PRESIDENT/REPRESENTATIVE
J. Kehlert, NBA, (Clerk Craft)
APWU AFL-CIO
0 Melrose Avenue
Suite 210
Cherry Hill, NJ 08003

Sincerely,

ROBERT L. REID, DIRECTOR OF
INDUSTRIAL RELATIONS
PHILA PA AREA LOCAL APWU, AFL-CIO

Authorized Union Rep.



| GRIEVANCE APPEAL FORM | AMERICAN POSTAL WORKERS UNION AFL-CIO |
|---|---|
| | CERTIFIED MAIL # Z 10 2009 600 |

| GRIEVANT – PERSON OR UNION (FROM LINE 4) | WORK LOCATION CITY AND ZIP CODE (FROM LINE 16) | REGIONS GRIEVANCE |
|---|---|---|
| Daliessio  Lorriane | Phila. Pa. | # |
| DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | CRAFT | DATE OF STEP 2 | LOCAL GRIEVANCE | USPS GRIEVANCE |
| Improper Procedure/Termination | Clerk | 04/15/98 | # 98-1234 | # |

Additions/Corrections:

* The contentions and corrective action cited on the Step 2 Appeal form were put forth at the Step 2 hearing.

* Grievant wasn't informed of supervisors intent to initiate discipline in accordance with the Local Agreement and Postal Handbook, EL-921.

* The Step 2 Hearing Representative had no PS Form 2608 or any documentation to support his position.

* According to the records, the greivant was terminated without any official letter from Personnel.

* The Union sited ELM, Section 365.323 concerning separation - disqualification.

* ELM Section 365.325, supervisor recommend separation but the decison is made by the official having the authority.

* ELM, Section 377.A states bargaining unit positon serves a probationary period of 90 days that was not done.

* ELM SEction 378.12 at the end of the first 80 days probationary period, a final evaluation is prepareted this was not done.

* The grievant was never given an official 90 day evaluation on a PS Fomr 1750.

In response to the Step 2 Denail Letter, this instant grievance is timely as grievant wasn't given an official letter from the Postal Service stating that she was terminated.

* Since grievant wasn't given an official letter, her 90 day probationary period has passed and as a part-time flexie, she is entitled to the grievance provisions of the National and Local Agreements and such, wasn't given any appeal rights.






**UNITED STATES POSTAL SERVICE**

Herman Cockrell
General Supervisor
U.S. Postal Service
Computer Forwarding Site

April 16, 1998

Robert Reid, Director
Philadelphia Pa. Area Local
American Postal Workers Union
1904 Arch Street
Philadelphia Pa 19103-1404

Dear Mr. Reid

On April 15th, 1998 I met with R. Fuller to discuss Grievance # 98-1234 Lorrain Dalieissio at the step 2. The issue addressed in this grievance is weather under articles 2,5,7,8,9,10,12,15,19,37 Management violated the National and Local Agreement when it improperly terminated Ms Daliessio.

The Union Also Contends;

1. No 80 day evaluation was accomplished.

2. Mgt. violated the following provisions of the ELM 378.2, 378.12, 378.13, 375.2, 376.1, 376.2, 365.32, 365.321-365.323, &365.326.

3. Grievant did not receive an official letter from personnel.

4. This is a case which involves Discrimination because of her age.

Corrective Action Requested;

Ms Daliessio be returned to duty immediately and all termination action be expunged from all records.

Ms Daliessio be made whole for all lost time and benefits, no lost of seniority, be given adequate retraining and be paid interest at the federal Judgment rate


RECEIVED
APR 17 1998
Phila Pa Area Local
APWU AFL-CIO


(4)



*Grievance #98-1234 Lorraine Daliessio*

*Management's position;*

*This grievance is not timely in nature. Also I.A.W. the National Agreement Article 12 Section 1a the employer has the right to separate from its employee any probationary employee at any time during the probationary period and these employees shall not be permitted access to the grievance procedures. Based on the above, I do not believe the Postal Service has breached the National or Local Agreement; therefore this grievance is denied.*

Sincerely

Herman T. Cockrell

General Supervisor CFS

**CERTIFIED # 224 227 863**

RECEIVED
APR 17 1998
Phila Pa Area Local
APWU AFL-CIO



# GRIEVANCE APPEAL FORM
## American Postal Workers Union, AFL-CIO

| # | Field | Value |
|---|---|---|
| 1 | DISCIPLINE (NATURE OF) OR CONTRACT (ISSUE) | Improper Procedure/Termination |
|   | CRAFT | Clerk |
|   | DATE | 03/31/98 |
|   | LOCAL GRIEVANCE # | 98-1234 |
|   | USPS GRIEVANCE # | |
| 2 | TO USPS STEP 2 DESIGNEE (NAME AND TITLE) | PLANT MANAGER, P & DC / DISTRICT MANAGER, CUSTOMER SERVICE / PLANT MANAGER, AMC |
|   | INSTALLATION/SEC. CEN./BMC | PHILADELPHIA, PA POSTAL SERVICE |
|   | PHONE | 895-8800 / 895-3612 / 937-5600 |
| 3 | FROM: LOCAL UNION (NAME OF) | PHILA PA AREA LOCAL APWU AFL-CIO |
|   | ADDRESS | 1904 ARCH STREET |
|   | CITY, STATE, ZIP | PHILADELPHIA, PA. 19103 |
| 4 | STEP 2 AUTHORIZED UNION REP (NAME AND TITLE) | ROBERT L. REID, DIR. OF IND. RELATIONS |
|   | PHONE (OFFICE) | (215) 988-0211 |
|   | PHONE (OTHER) | (215) 988-0212 |
| 5 | LOCAL UNION PRESIDENT | ARTHUR T. DOHERTY |
|   | PHONE (OFFICE) | (215) 988-0211 |
|   | PHONE (OTHER) | (215) 988-0212 |

### WHERE - WHEN / STEP 1 MEETING & DECISION / MET WITH

| # | Field | Value |
|---|---|---|
| 6 | UNIT/SEC/BR/STA/OFC | CFS Tour 3 |
|   | DATE/TIME | |
|   | USPS REP - SUPR | Ms. Vivian Barnett |
|   | GRIEVANT AND/OR STEWARD | DALIESSIO/Vicks |
| 7 | STEP 1 DECISION BY (NAME AND TITLE) | Ms. Vivian Barnett, Supervisor CFS |
|   | DATE AND TIME | 3-30-98 1825 |
|   | INITIALS | |
| 8 | GRIEVANT PERSON OR UNION (Last Name First) | Daliessio, Lorraine G. |
|   | ADDRESS | 1928 44th Street |
|   | CITY, STATE, ZIP | Pennsauken, NJ 08110 |
| 9 | SERVICE SENIORITY/CRAFT | 11-29-97 |
|   | LEVEL | 4 |
|   | STEP | A |
|   | OFF DAYS | Rotating |
| 10 | JOB/PAY LOCATION | 099, CFS Tour 3 |
|   | WORK LOCATION CITY AND ZIP CODE | GMF 30th & Market St Phila Pa 19104 |
| 11 | Pursuant to Article 15 of the National Agreement, we hereby appeal to Step 2 the following Grievance alleging a Violation of (but not limited to) the following: NATIONAL, (Art./Sec.) 2, 6, 7, 8, 9, 10, 11, 12, 15, 19, 37 |
|   | LOCAL MEMO (Art./Sec.) OTHER MANUALS, POLICIES, LM MINUTES, ETC. | 5, 7, 8, 12, 37 |

**12 DETAILED STATEMENT OF FACTS/CONTENTIONS OF THE GRIEVANT** (DO NOT WRITE BELOW THIS LINE – FOR OFFICE USE ONLY)

On 3-31-98, Part-Time Flexible Computer Forwarding Clerk, Ms. Lorraine G. Daliessio, was verbally informed by Supervisor V. Barnett that she was to clean out her locker and that she was being terminated.

The Union contends that, after conducting a thorough investigation, Management violated several provisions of the Postal Regulation (Employee Labor Relations Manual) pertaining to Probationary Employee Procedures including but not limited to evaluation, training and termination; also they are in violation of several provisions of the Local and National Contracts.

The Union also contends that this case involved Discrimination because of her age.

**13 CORRECTIVE ACTION REQUESTED** – That any/all information (files, records, documents, etc.) relied upon and/or related to this instant grievance be made available at the Step 2 hearing. The Union requests that Ms. Daliessio be returned to duty immediately, that the termination action initiated against her be rescinded and expunged from all of her records; that she be made whole for all lost time and benefits; that there be no loss of seniority; that she be paid interest at the federal judgment rate and that she be given adequate retraining.

(6)

DAVE [signature]
PHILA PA AREA LOCAL APWU AFL-CIO
SIGNATURE AND TITLE OF AUTHORIZED UNION REP

Arthur T. Doherty
President

Harmon P. Elliott, Jr.
Vice President

Robert L. Reid
Director of
Industrial Relations

Sally Davidow
Treasurer

**American Postal Workers Union, AFL-CIO**
**Philadelphia, PA Area Local**

**APWU**

1904 Arch Street, Philadelphia, PA 19103
Phone: (215) 988-0211 • Fax (215) 988-0223

# STEP 2 GRIEVANCE HEARING REPORT

DATE OF HEARING: 4/15/98

UNION REP: Regina Fuller    E & LR REP: Herman Cockrell

GRIEVANT: A.P.W.U. Class Action    APWU # 98-1310    USPS # ———

VIOLATION: Improper Procedure/Termination

UNION POSITION:   1. CONTENTIONS CITED ON THE STEP 2 APPEAL FORM

CHECK ONE:
☑ HEARD
☐ DENIED
☐ RESOLVED
☐ RESCHEDULED

2. The Step Two Hearing Representative Had no RJ form 3608 or any documentation to support his position.

3. According to the records the P.T.F.'s were terminated without any official letter from personnel

4. The union sited ELM section 365.323 concerning Separation — Disqualification

5. ELM section 365.325 Supervisor recommend Separation but the decision is made by the official having the Authority

6. ELM Section 377.1A states bargaining unit position serves a probationary period of 90 days that was not done

7. ELM section 378.12 "At the end of the first 80 days probationary period, a final evaluation is prepared" This was not done

⑦

(CONTINUED ON OTHER SIDE)

Arthur T. Doherty
President

Harmon P. Elliott, Jr.
Vice President

Robert L. Reid
Director of
Industrial Relations

Sally Davidow
Treasurer

# American Postal Workers Union, AFL-CIO
## Philadelphia, PA Area Local

**APWU**

1904 Arch Street, Philadelphia, PA 19103
Phone: (215) 988-0211 • Fax: (215) 988-0223

---

**GRIEVANT/UNION:** Regina Fuller - APWU

**NATURE OF ALLEGATION:** Investigation

**(DATE OF REQUEST):** 8/27/98

**To:** Herman Cockrell  **Title:** CFS Manager
**From:** Regina Fuller  **Title:** APWU T-2

**SUBJECT:** Request For Information & Documents Relative To Processing A Grievance

We request that the following documents and/or witnesses be made available to use in order to properly identify whether or not a grievance does exist, and, if so, their relevancy to the grievance.

1. Copy of all evaluations for
2. P.T.F.s hired into section on
3. or around Nov. 26, 1997
4. Copy of separation notice issued
5. to Daliessio, Lorraine
6. SS# 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

**NOTE:** Article XVII, Section 3 requires the Employer to provide for review all documents, files, and other records necessary in processing a grievance. Article XXXI, Section 2 requires that the Employer make available for inspection by the Unions all relevant information necessary for collective bargaining or the enforcement, administration or interpretation of this Agreement. Under 8a(5) of the National Labor Relations Act it is an Unfair Labor Practice for the Employer to fail to supply relevant information for the purpose of collective bargaining. Grievance processing is an extension of the collective bargaining process.

☐ Request Approved    ☐ Request Denied

(8)

(DATE)                                    (SIGNATURE)

CERTIFIED MAIL NO. P 372 739 111

February 20, 1998

Lorraine G. Daliessio  
1928 44th Street  
Pennsauken, N.J. 08110

AA 98-155  
PTF Mark Up Clerk  
SSN ███████  
Computer Forwarding

Subject: NOTICE OF SEPARATION

This will confirm your separation from the Postal Service a result of lack of proficiency on the keying equipment.

It will be incumbent upon you to return all Postal Service property in your possession so that arrangements may be made for your final salary payment if applicable.

*Herman T. [signed] for*

Vivian T. Barnett  
Supervisor, Computer Forwarding  
Philadelphia District



RECEIVED  
MAR 27 1998  
Phila PA Area Local  
APWU AFL-CIO

(9)

J10

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



P 372 739 111

MAIL

D STATES
L SERVICE

Labor Relations - KG
P. O. Box 7956
Phila., PA 19104-7956

Ms. Loraine G. Lalieur
1928 44th Street
Pennsauken, NJ 08110

RETURNED TO SENDER
UNCLAIMED

(11)

*[Domestic Return Receipt, PS Form 3811, December 1994, oriented upside-down on page]*

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Lorraine G. LaRuso
192 S 44th Street
Pennsauken, N.J. 08110

4a. Article Number: P 372 239 111

4b. Service Type:
☐ Registered  ☑ Certified
☐ Express Mail  ☐ Insured
☑ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery:

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
X

8. Addressee's Address (Only if requested and fee is paid)

Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

Philadelphia, PA. 19104-9501
LABOR RELATIONS

J9

OUR REF: 

DATE: 3/11/98

SUBJECT: FIRST CLASS LETTER TO BE SLOTTED

TO: Supervisor A 8110
Pennsauken P.O.
7895 Airport Hgwy, Pennsauken 08109

FROM: LABOR RELATIONS  Ken Giles
ROOM 210, GENERAL MAIL FACILITY
U.S. POSTAL SERVICE - 2970 MARKET STREETS
PHILADELPHIA, PA. 19101-7956

RE: NAME  Lorraine G. DiLisio    CR1053
ADDRESS  1928 44th Street
Pennsauken N.J. 08110

You are advised that the above-named individual is receiving mail at the address listed. You are further advised that an identical FIRST CLASS letter of CERTIFIED LETTER # 277 289 561, with a return address of Manager, LABOR RELATIONS, GENERAL MAIL FACILITY, ROOM 520, 2970 Market Streets, Philadelphia, Pa. 19104-9501, addressed to the above-named employee was slotted by me the undersigned,

ON  3/21/98       AT  11:00
    (DATE)            (TIME)

SIGNATURE: L. Levin
TITLE: Supervisor
ROUTE: 1053
SSN: ███████

FILE #:

(12)

# ARTICLE 12
# PRINCIPLES OF SENIORITY, POSTING AND REASSIGNMENTS

## Section 1. Probationary Period:

A. The probationary period for a new employee shall be ninety (90) calendar days. The Employer shall have the right to separate from its employment any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation thereto. If the Employer intends to separate an employee during the probationary period for scheme failure, the employee shall be given at least seven (7) days advance notice of such intent to separate the employee. Such employees will, however, be entitled to appeal a separation to the Employer within the probationary period for scheme failures.

B. The parties recognize that the failure of the Employer to discover a falsification by an employee in the employment application prior to the expiration of the probationary period shall not bar the use of such falsification as a reason for discharge.

C. When an employee completes the probationary period, seniority will be computed in accordance with this Agreement as of the initial day of full-time or part-time employment.

D. When an employee who is separated from the Postal Service for any reason is re-hired, the employee shall serve a new probationary period. If the separation was due to disability, this employee's seniority shall be established in accordance with Section 2, if applicable.

## Section 2. Principles of Seniority:

A. Except as specifically provided in this Article, the principles of seniority are established in the craft Articles of this Agreement.

B. An employee who left the bargaining unit on or after November 20, 1994, and returns to the same craft and installation:

1. will begin a new period of seniority if the employee returns from a position outside the Postal Service; or

2. will begin a new period of seniority if the employee returns from a non-bargaining unit position within the Postal Service, unless the employee returns within 1 year from the date the employee left the unit.

C. An employee who left the bargaining unit before July 21, 1973, and returns to the same craft shall have seniority as specified in the 1971-1973 National Agreement.

D. An employee who left the bargaining unit during the period from July 21, 1973, to November 19, 1994, and returns to the same craft has seniority as provided in the 1990-1994 National Agreement.

E. Except as provided in the Motor Vehicle craft, an employee who left the craft and/or installation and returns to the same craft and/or installation will begin a new period of seniority unless the employee returns within 1 year from the date the employee left the craft and/or installation.

F. The seniority for employees returning, within one year, under B.2. above shall be established after



# UNITED STATES POSTAL SERVICE
## Notification of Personnel Action

| 01 | EFFECTIVE DATE | 11-22-1997 |
|---|---|---|
| 02 | SOCIAL SECURITY NUMBER | [redacted] |

### EMPLOYEE INFORMATION

| # | Field | Value |
|---|---|---|
| 03 | EMPLOYEE NAME-LAST | DALESSIO |
| 04 | EMPLOYEE NAME-FIRST | LORRAINE |
| 05 | EMPLOYEE NAME-MIDDLE | G |
| 06 | MAILING ADDRESS STREET/BOX/APT | 1925 44TH ST |
| 07 | MAILING ADDRESS-CITY | PENNSAUKEN |
| 08 | MAILING ADDRESS-STATE | NJ |
| 09 | MAILING ADDRESS-ZIP+4 | 08110-3015 |
| 10 | DATE OF BIRTH | [redacted] |
| 11 | VETERANS PREFERENCE | 2 - 5 POINTS |
| 12 | SEX | F |
| 13 | MINORITY | [redacted] |
| 14 | DISABILITY | 05 |
| 15 | LEAVE COMP DATE | 11-22-1997 |
| 16 | ENTER ON DUTY DATE | 11-22-1997 |
| 17 | RETIREMENT COMP DATE | 11-22-1997 |
| 18 | SERV ANNIVERSARY PPYR | 25-1997 |
| 19 | TSP ELIGIBILITY | I - INELIGIBLE |
| 20 | TSP SERVICE COMP DATE | |
| 21 | PRIOR CSRS SERVICE | |
| 22 | FROZEN CSRS TIME | |
| 23 | LEAVE DATA-CATEGORY | 4 - HOURS/PP |
| 24 | LEAVE DATA-CHG PPYR | 26-2000 |
| 25 | LEAVE DATA-TYPE | 2 - EARN AS YOU GO |
| 26 | CREDIT MILITARY SERV | |
| 27 | RETIRED MILITARY | |
| 28 | RETIREMENT PLAN | 5 - CSRS OFFSET |
| 29 | EMPLOYEE STATUS | |
| 30 | LIFE INSURANCE | C - BASIC COVERAGE ONLY |
| 31 | SPECIAL BENEFITS | |

### POSITION INFORMATION

| # | Field | Value |
|---|---|---|
| 32 | EMPLOY OFFICE-FIN NO | 41-6544 |
| 33 | EMPLOY OFFICE-NAME | PHILADELPHIA POST OFFICE |
| 34 | EMPLOY OFFICE-ADDRESS | PHILADELPHIA PA 19104-9994 |
| 35 | DUTY STATION-FIN NO | 41-6544 |
| 36 | DUTY STATION-NAME | PHILADELPHIA POST OFFICE |
| 37 | APPT EXPIRATION DATE | |
| 38 | PROBATION EXPIR DATE | 02-19-1998 |

| # | Field | Value |
|---|---|---|
| 39 | FLSA STATUS | N - NON-EXEMPT |
| 40 | PAY LOCATION | 099 |
| 41 | RURAL CARRIER-ROUTE | |
| 42 | RURAL CARR-L-RTE ID | |
| 43 | RURAL CARR-PAY TYPE | |
| 44 | RURAL CARR-TRI-WEEKLY | |
| 45 | RURAL CARR-FLSA | |
| 46 | RURAL CARR-COMMIT | |
| 47 | RURAL CARR-EMA | |
| 48 | RURAL CARR-HOURS | 00 |
| 49 | RURAL CARR-MILES | 000 |
| 50 | JOB SEQUENCE | 1 |
| 51 | OCCUPATION CODE | 0301-41XX |
| 52 | POSITION TITLE | MARK-UP CLK AUTOMAT |
| 53 | FUNCTIONAL OPER NBR | 4900 |
| 54 | DESIGNATION/ACTIVITY | 41/0 |
| 55 | POSITION TYPE | 3 - PART TIME FLEXIBLE |
| 56 | LIMIT HOURS | 00 |
| 57 | ALLOWANCE CODE | |
| 58 | EMPLOYMENT TYPE | |

### SALARY INFORMATION

| # | Field | Value |
|---|---|---|
| 59 | PAY RATE CODE | H - HOURLY |
| 60 | RATE SCHEDULE CODE | P - PS |
| 61 | GRADE/STEP | 04/A |
| 62 | BASE SALARY | 12.54 |
| 63 | COLA | |
| 64 | COLA ROLL-IN IND | |
| 65 | NEXT STEP PPYR | 21-1999 |
| 66 | MERIT ANNIV DATE | |
| 67 | MERIT LUMP SUM | |
| 68 | SPECIAL SALARY CODE | |
| 69 | PROTECTED RSC | |
| 70 | PROTECTED GRADE/STEP | |
| 71 | EXPIRATION PPYR | |
| 72 | PROTECTED RC HOURS | |
| 73 | PROTECTED RC MILES | |
| 74 | RC GUARANTEED SALARY | |
| 75 | ANNUITY AMOUNT | |
| 76 | RED CIRCLE CODE | 0 |

### NATURE OF PERSONNEL ACTION

| 77 | NATURE OF ACTION CODE | 140 |
| 78 | AUTHORITY | 39-USC Sect 1001 |
| 79 | DESCRIPTION | REINSTATEMENT CAREER |
| 80 | CODE | 523 |
| 81 | CODE | |
| 82 | CODE | |
| 83 | CODE | |

| 84 | REMARKS |
|---|---|

90-DAY PROBATION FROM EFFECTIVE DATE.
WELCOME TO THE US POSTAL SERVICE
GRW 12/3/97



(14)

| 85 | AUTHORIZATION | CLARENCE E. LEWIS JR, VP AREA OPERATIONS-ALLEGHENY AREA |
|---|---|---|
| 86 | PROCESSED DATE | 12-04-1997 |
| 87 | PERSONNEL OFFICE ID | MQ79 |
| 88 | OPF LOCATION | PHILADELPHIA POST OFFICE |

PS Form 50, April 1994 (Exception to Standard Form 50)    1 - EMPLOYEE COPY - RETAIN FOR FUTURE REFERENCE

377.24 **Effect of Personnel Actions During Probationary Period**

Service following transfer during an employee's probationary period is counted toward completion of the probationary period.

377.25 **Effect of Position Changes Within the Postal Service**

377.251 A change from part-time flexible schedule or part-time regular employment to full-time regular (annual rate) employment does not interrupt or otherwise change the running of time counted toward completion of the probationary period.

377.252 When promoted, demoted, or reassigned to another position within the Postal Service at the same postal installation, or reassigned from one installation to another within the Postal Service, the employee is not subject to serving a new probationary period, but is subject to the completion of any uncompleted probationary period.

## 378 Bargaining Unit Employees

### 378.1 Evaluation During Probationary Period

378.11 **At Initial Session, Thirty, and Sixty Days**

An initial session must be held during the employee's first week at the work site. The purpose of this session is to clearly outline performance expectations for the first 30 days utilizing Form 1750, *Employee Probationary Period Evaluation Report*. At the end of the first 30 days and again at the end of the first 60 days of the probationary period, the supervisor prepares and submits Form 1750 to the postmaster or designee. In the specific sections provided, the supervisor marks the appropriate ratings and provides the necessary supporting comments. The supervisor discusses the evaluation with the employee, and at the conclusion of each session, the supervisor and the employee must sign the form to indicate that the discussion has taken place. The supervisor and the employee each retain a copy of the evaluation. After each evaluation, new expectations are set for the following evaluation period.

378.12 **At Eighty Days**

At the end of the first 80 days of the probationary period, a final evaluation is prepared and submitted by the supervisor on Form 1750. This evaluation contains a definite recommendation regarding whether the employee should be retained or be separated.

378.13 **At Other Intervals**

Most deficiencies can be corrected with discussion, training, and counseling. Additional formal evaluations are made only when informal evaluation has not been successful. If any additional formal evaluation is made, it is only after employees understand their deficiencies and have had reasonable opportunities to correct them. Form 1750 is used for any additional evaluations of probationary employees.

# UNITED STATES POSTAL SERVICE

## Employee Evaluation and/or Probationary Report
*(See Instructions on Reverse)*

1. **Employee's Name (First, MI, Last):** Lorraine G. Daliessio
2. **Employee Social Security Number:** [redacted]
3. **Title:** PTF Clerk
4. **Pay Location:** 099
5. **Appointment Date:** 11/24/96
6. **Date Probationary Period Ends:**

7a. **Complete 30-Day Report By:** 12/30/97
8a. **Complete 60-Day Report By:** 1/30/98
9a. **Complete 80-Day Report By:**
10a. **Complete Year End Report By:**

7b. **Enter Factor Rating (O, S, U, NO):** A U  B U  C S  D S  E S  F S
8b. **Enter Factor Rating (O, S, U, NO):** A U  B U  C S  D S  E S  F S
9b. **Enter Factor Rating (O, S, U, NO):** A __ B __ C __ D __ E __ F __
10b. **Enter Factor Rating (O, S, U, NO):** A __ B __ C __ D __ E __ F __

7c. **Employee's Initials:** LGD
8c. **Employee's Initials:** Employee refused to initial
9c. **Employee's Initials:**
10c. **Employee's Initials:**

11. **Supervisor's Signature and Date (End of Probationary Period or Year End):** Vivian J. Barnett 1/30/98
12. **Employee's Signature and Date (Does Not Indicate Agreement):** Employee refused to sign

Listed below are the factors on which you are to evaluate the employee. Next to each factor are examples of behaviors that would describe performance at the SATISFACTORY level. These are provided as reference points for evaluating performance. Performance substantially above the performance described at the SATISFACTORY level would be rated OUTSTANDING, while performance substantially below the SATISFACTORY level would be rated UNACCEPTABLE. Please indicate your rating of OUTSTANDING, SATISFACTORY, or UNACCEPTABLE for each factor by entering the appropriate letters (O, S, or U) in the boxes in items 7b through 10b. If you have not observed how this person performed on a given factor, or if the factor is not relevant to the position which you are rating, enter "NO" (NOT OBSERVED).

**O = OUTSTANDING     S = SATISFACTORY     U = UNACCEPTABLE     NO = NOT OBSERVED**

| Factor | Examples of Satisfactory Performance Levels |
|---|---|
| A. Work Quantity | • Works at a sufficient speed to keep up with the amount of work required by the position.<br>• Accomplishes tasks in an efficient and timely manner.<br>• Makes productive use of time when completing assignments. |
| B. Work Quality | • Makes few errors or mistakes.<br>• Performs work which meets the expectations of the position.<br>• Works in a careful, alert, and conscientious manner to ensure the accuracy and completeness of the work performed. |
| C. Dependability | • Completes work assignments without unnecessary supervision.<br>• Takes responsibility for completing his/her own work.<br>• Reports to work on time.<br>• Demonstrates satisfactory attendance. |
| D. Work Relations | • Maintains positive working relationships with others.<br>• Works harmoniously with others in getting the work done.<br>• Cooperates well with co-workers, supervisors, and others with whom he/she comes into contact. |
| E. Work Methods | • Handles equipment and/or work materials in an appropriate manner.<br>• Consistently observes proper safety rules and practices.<br>• Understands and follows oral and/or written instructions. |
| F. Personal Conduct | • Conducts himself/herself in a manner appropriate to the work setting.<br>• Maintains an appropriate appearance for the position.<br>• Demonstrates a positive approach toward work, co-workers, and supervisors.<br>• Demonstrates a willingness to handle all assignments.<br>• Demonstrates flexibility in moving from one task to another as needed. |

Have Expectations Been Jointly Discussed? ☒ Yes  ☐ No    Initials: VJB (Supervisor)  LGD (Employee)

Would You Recommend This Person for Retention or Rehire? ☐ Yes  ☒ No    Initials: VJB (Supervisor)

Please Explain or Provide Additional Comments Below:

(16)

Form 1750, August 1994


**UNITED STATES POSTAL SERVICE**
Philadelphia Performance Cluster
Computer Forwarding Site

February 4, 1998

Mr. Charles Polk, Manager
Labor Relations
2970 Market Street Room 210
Philadelphia PA  19104-9401

Dear Mr. Polk:

I am requesting that action be initiated to remove PTF Mark-Up Clerk Lorraine G. Daliessio, SSN # ████████ from the rolls of the United States Postal Service effective January 30, 1998.

Ms. Daliessio was a probationary employee (appointment date 11/24/97) whose work quantity and quality proved to be unacceptable. Ms. Daliessio made numerous keying errors which misdirected mail to the wrong postal customers as well as not provide them with services for which they are paying a fee. Ms. Daliessio's quality of work did not meet the expectations of the position nor did she work at a speed sufficient to keep up with the Unit level of proficiency.

Ms. Daliessio is a non-veteran with no veteran preference. Her address of record is:

1928 44th Street
Pennsauken, NJ  08110

Thanking you in advance for your time and attention in this matter.


*Vivian J. Barnett*                    Concur: *H T Cockrell*
Vivian T. Barnett                               Herman T. Cockrell
Supervisor, Computer Forwarding        Manager, Computer Forwarding

2970 Market Street - Room 578
Philadelphia PA  19104-9712
(215) 895-8250
FAX - (215) 895-8249

(17)

### 365.32 Separation-Disqualification (S-Disqual)

#### 365.321 Applicability

This type of separation applies only to employees who have not completed their probationary period, except where the separation is caused by a finding that employees who have completed the probationary period have failed to meet certain conditions attached to their appointment.

#### 365.322 Reasons for Action

*Separation by disqualification* results from the failure to meet conditions specified at the time of appointment (such as failure to qualify in investigation or failure to qualify by conduct or capacity during the probationary period) or it may result from information which, if known at the time of appointment, would have disqualified the employee for the appointment.

#### 365.323 Probationary Period

*Separation-disqualification* must be effected during the probationary period except as provided in 365.321. Action is initiated at any time in the probationary period when it becomes apparent that the employee is lacking in fitness and capacity for efficient service. Any separation based on disqualification not effected during the probationary period, as provided in 365.321, even though the action is based on unsatisfactory performance during the probationary period, must be effected as a removal.

#### 365.324 Physical or Mental Disability During Probationary Period

Even though employees were approved for appointment as far as physical condition is concerned, they may be separated for failure to qualify during the probationary period if their physical or mental condition renders them incapable of performing duties efficiently and without hazard to self and others. If practicable, employees are assigned to other positions where the physical defects would not impair efficiency or be hazardous to self or others. If such assignment cannot be made, action is taken to separate the employee by disqualification. Before making a final decision, the appointing official obtains medical advice, if possible.

#### 365.325 Who Initiates Action

Supervisors may recommend separation-disqualification, but such recommendations must be referred for decision to the official having authority to take the action.

#### 365.326 Procedure in Separating

If an appointing official decides to terminate an employee who is serving a probationary period due to conditions arising prior to appointment, or because work performance or conduct during this period fails to demonstrate fitness or qualification for continued postal employment, the employee's services are terminated by notifying the employee in writing why she or he is being terminated and the effective date of the action. The information in the notice regarding the termination must, at a minimum, consist of the appointing official's conclusions as to the inadequacies of performance or conduct.

365.327 **Effective Date**

The effective date of separation by disqualification must be before the end of the probationary period but may not be retroactively effective. The notice of separation must be given to the employee before the end of the probationary or trial period.

365.33 **Termination or Separation of Temporary or Casual Employees**

An employee serving under a temporary or casual appointment may be separated at any time on notice in writing. In determining the proper action for a particular case, the following criteria are used:

a. *Separation* is the term used to discontinue the services of a temporary or casual employee because of inefficiency, poor deportment, or other deficiencies personal to the employee that warrant removal from the Postal Service.

b. *Termination* is the term used to separate an employee serving under a temporary or casual appointment whose services are no longer required, or to separate a temporary or casual employee for any reason not specifically covered by another type of personnel action.

365.34 **Separation-Disability (S-Disab)**

365.341 **Definition**

*Separation for disability* is the separation of an employee other than a temporary, casual, or a probationary employee whose mental or physical condition renders the employee incapable of performing the duties of the position and who is ineligible for disability retirement.

365.342 **Applicability**

a. Employees not eligible for disability retirement may be separated for disability if they are considered a hazard to self or to others or if they can no longer perform the duties of the position.

b. Placement of employees with partial disability is attempted through reassignment to positions in which they can perform satisfactorily without being a hazard to themselves or others.

c. At the expiration of 1 year's continuous absence without pay, an employee who has been absent because of illness may be separated for disability. This action is not mandatory, however, and if there is reason to believe the employee will recover within a reasonable length of time beyond the 1 year period, the employee may be granted additional leave in 30-day periods, not to exceed 90 days. If the employee's condition indicates that LWOP beyond that period is necessary incident to full recovery, the postal official must submit a comprehensive report to the Regional Director, Human Resources, with appropriate recommendation and retain the employee on the rolls pending a decision.

d. If an employee on the rolls of the Office of Workers' Compensation Programs (OWCP) is unable to return to work at the end of the initial 1-year period of LWOP, the LWOP may be extended for successive additional periods of up to 6 months each. Extensions are granted only