EXHIBIT 8 TO EXHIBIT A

(TO THE MEMORANDUM IN SUPPORT
OF THE POSTAL SERVICE'S MOTION
FOR SUMMARY JUDGMENT)

06cv00793 RJL



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P.O. Box 19848
### Washington, D.C. 20036

EEO COMPLIANCE AND APPEALS
U.S. POSTAL SERVICE

NOV 1 8 2002

PP JDE: ELAS CENTER

Lorraine G. Daliessio,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Request No. 05A21169

Appeal No. 01A03429
Agency No. 4-C-190-0108-98

## DENIAL OF REQUEST FOR RECONSIDERATION

Lorraine G. Daliessio (complainant) timely initiated a request to the Equal Employment Opportunity Commission (EEOC or Commission) to reconsider the decision in *Lorraine G. Daliessio v. United States Postal Service*, EEOC Appeal No. 01A03429 (July 18, 2002). EEOC Regulations provide that the Commission may, in its discretion, reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After a review of complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A03429 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request for reconsideration.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name

2                                                    05A21169

and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:


*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations


___NOV 1 3 2002___
Date


## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

NOV 1 3 2002
_____
Date


Equal Opportunity Assistant



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C. 20036**

```
┌─────────────────────────────────┐
│  EEO COMPLIANCE AND APPEALS      │
│       U.S. POSTAL SERVICE        │
│  ┌───────────────────────────┐   │
│  │      JUL 2 5 2002          │   │
│  └───────────────────────────┘   │
│       PROCESSING CENTER          │
│        ALLEGHENY AREA            │
└─────────────────────────────────┘
```

Lorraine G. Daliessio,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A03429
Agency No. 4-C-190-0108-98

## DECISION

Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(2), due to the untimely filing of the formal complaint. In her complaint, complainant alleged that she was subjected to discrimination on the basis of age when on January 31, 1998, she was terminated from her employment; she was not afforded the same training as others who were under 40 years of age; and she not allowed to complete the training period.

The record discloses that complainant received the notice of right to file a formal complaint on March 30, 1999. Although the notice indicated that complainant had to file a formal complaint within fifteen (15) calendar days of its receipt, complainant did not file her formal complaint until April 15, 1999, which is beyond the limitation period. On appeal, complainant has not offered adequate justification to warrant an extension of the time limit for filing the complaint. Accordingly, the agency's final decision dismissing complainant's complaint is affirmed.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

3

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973,

3                                      01A03429

as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").**

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations


__JUL 1 8 2002__
Date


## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**


__JUL 1 8 2002__
Date

Equal Opportunity Assistant

### UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

| | |
|---|---|
| Lorraine G. Daliessio,<br>    Complainant, | Date: _____ **1 8 JUN 1999** |
| | |
| v. | Agency Case No. 4-C-190-0108-98 |
| | **RECEIVED** |
| William J. Henderson,<br>Postmaster General,<br>U. S. Postal Service,<br>(Allegheny/Mid-Atlantic Areas),<br>    Agency. | JUN 2 4 1999<br><br>EEO COMPLAINTS PROCESSING OFFICE<br>PHILADELPHIA DISTRICT |

## DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's **final decision** on the above-cited discrimination complaint. The complainant alleged discrimination on the basis of age (49) when on January 31, 1998, she was terminated for lack of proficiency on the keying equipment and she was not afforded the same training as others who were under 40 years of age and not allowed to complete the training.

## CASE CHRONOLOGY

Complainant was employed as a Part Time Flexible Mark Up Clerk, PS-4 for the agency's Computer Forwarding Unit located in Philadelphia PA, at the time of the alleged discriminatory action. The record reflects that on February 9, 1998, complainant requested pre-complaint processing. On **March 30, 1999**, complainant was notified of the right to file an individual complaint. The subject notice clearly stated that the complainant had the right to file a formal complaint within **15 calendar days** of the date of receipt of the notice. A PS Form 2565, *EEO Complaint of Discrimination in the Postal Service*, was provided to the complainant.

Subsequently, complainant filed a formal complaint which was **mailed** on **April 15, 1999**.

## ANALYSIS AND CONCLUSION

Under part 29 C.F.R. 1614.106, a complaint must be filed within 15 days after receipt of the notice of the right to file a discrimination complaint issued by the EEO Counselor. Here the record clearly establishes that complainant filed the formal complaint **16 days** after receipt of the notice of right to file a complaint.

The regulations provide that the agency shall dismiss a complaint or portion of a complaint that fails to comply with the applicable time limits contained in 1614.106. Therefore, complainant's complaint alleging discrimination as cited above is now dismissed as untimely filed in accordance with 29 C.F.R. 1614.107(b).

Accordingly, this allegation is now dismissed in accordance with 1614.107(b).

## COMPLAINANT'S APPEAL RIGHTS

### Right to file a civil action

If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned Lorraine G. Daliessio vs William J. Henderson, Postmaster General, U.S. Postal Service. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

### Appeal to the Equal Employment Opportunity Commission

In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of this decision, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of the decision. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-9848, or by personal delivery or facsimile. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office at: Office of EEO Compliance and Appeals, United States Postal Service, Allegheny/Mid-Atlantic Areas, Philadelphia Processing Center, PO Box 40596, Philadelphia, PA 19197-0596. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

- 2 -

7

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit.  In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.


If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision.  A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a final decision on your appeal.


Robinn A. Reed
A/EEO Compliance & Appeals Coordinator


Attachments:
1.    Certificate of Service
2.    EEOC Form 573, "Notice of Appeal/Petition" (Complainant and Complainant's Representative, if an attorney)

### UNITED STATES POSTAL SERVICE
### EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

### Lorraine G. Daliessio
### Agency Case No. 4-C-190-0108-98

### CERTIFICATE OF SERVICE

I hereby certify that the Dismissal of Formal EEO Complaint has been sent by certified mail on this date to:

**COMPLAINANT:**
LORRAINE G DALIESSIO
1928 44TH STREET
PENNSAUKEN NJ 08110-3018

A copy of the Dismissal of Formal EEO Complaint was also sent by regular mail to:

**COMPLAINANT'S REPRESENTATIVE:**
HARMON ELLIOTT
LOCAL APWU
1904 ARCH STREET
PHILADELPHIA PA 19013-1404

MANAGER EEO COMPLAINTS PROCESSING
PHILADELPHIA PA DISTRICT
US POSTAL SERVICE
POST OFFICE BOX 7571
PHILADELPHIA PA 19101-7571

**1 8 JUN 1999**
_____
Date

OFFICE OF EEO COMPLIANCE & APPEALS
U S POSTAL SERVICE
ALLEGHENY/MID-ATLANTIC AREAS
PHILADELPHIA PROCESSING CENTER
PO BOX 40596
PHILADELPHIA PA  19197-0596

9

U.S. Postal Service

# EEO Counselor's Inquiry Report

Case No.

4–C–190–0108–98

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Name (Last, First, MI) | | Social Security No. |
|---|---|---|
| Daliessio, Lorraine G. | | |

| Veteran's Preference ☒ Yes ☐ No | Home Telephone No. | Office Telephone No. 215-895-8250 |
|---|---|---|

Home Address (No., Street, City, State, ZIP + 4)
1928 44th Street          Pennsauken NJ          08110-3018

Facility Name and Address (No., Street, City, State ZIP + 4)  USPS/Philadelphia District
2970 Market Street
Phila., PA 19104-9998

| Position Title | Grade Level | Finance No. | Pay Location | BA Code |
|---|---|---|---|---|
| Mark-Up Clerk | PS-4 | 41-6544 | 099 | 4C |

| Duty Hours | Days Off | Tour | MSC No. | EEO Poster on Display |
|---|---|---|---|---|
| 4:30PM - 01:00AM | Sun/Mon | 3 | 190 | ☒ Yes ☐ No |

## Chronology of EEO Counseling

| Date of Incident 01/31/98 | Date of Initial Contact With EEO Office 02/09/98 | Date of Initial Interview 00/00/00 |
|---|---|---|
| Date ADR Election Form Signed 00/00/00 | Date 60-Day Extension Form Signed 00/00/00 | Date Counselee Received/Signed Notice of Right to File 03/30/99 |
| Date Counselor's Report Requested 04/20/99 | Date Counselor's Report Submitted 04/29/99 | |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies:

☒ 1. Race (Specify):   White

☐ 2. Color (Specify):

☐ 3. Religion (Specify):

☐ 4. Sex (Specify):

☐ 5. National Origin (Specify):

☒ 6. Age (Specify):   DOB: 01/31/49

☐ 7. Physical Disability (Specify):

☐ 8. Mental Disability (Specify):

☐ 9. Retaliation (Specify Cited Prior EEO Activity):

Allegation(s) of Discrimination:

As per PS Form 2564-A, the Counselee is alleging discrimination based on race (White) and age (DOB:        ) when on January 31, 1998, she was terminated.

TransFORM PS Form 2570, December 1995 (Page 1 of 3)

10

## EEO Counselor's Checklist

Counselor Complete All Items Below That Apply and Initial Next to the Numbered Item

 1. Counselor informed aggrieved of the impartial role of the counselor in the EEO complaint process. Counselor also explained the EEO process to aggrieved and provided aggrieved with the booklet, What You Need to Know About EEO, which contains an overview of the EEO process in the Postal Service. (Note: Counselor must obtain signed receipt if booklet is personally delivered. Booklets sent by mail must be sent certified, return receipt requested.)

 2. Counselor notified aggrieved of his/her right to be accompanied, represented and advised by a representative of his/her choice at any stage in the complaint process. Aggrieved HAS _____ /HAS NOT _____ designated a representative.

Name:
Position/Title:
Address:

Phone No.:

 3. Counselor advised aggrieved of his/her right to remain anonymous during precomplaint counseling and he/she DID __X__ /DID NOT _____ waive anonymity.

NA
——— 4. If a mixed case, counselor informed aggrieved of the mixed case election procedures in 29 C.F.R. §1614.302(b). As of _____ (date) aggrieved HAS _____ /HAS NOT _____ filed an appeal on the same matter to the MSPB.

 5. Counselor ascertained that aggrieved HAS __X__ /HAS NOT _____ filed a grievance on this issue. If grievance has been filed, counselor informed aggrieved of the Postal Service's option to defer processing the formal complaint, as outlined in 29 C.F.R. §1614.301(c).

6. Counselor explained the privacy act notice. Aggrieved signed a copy of the notice prior to the interview.

 7. If age discrimination is alleged, counselor informed aggrieved of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

NA
——— 8. If a sex based claim of wage discrimination is alleged under Equal Pay Act (EPA), Counselor advised aggrieved person of his/her right to bypass the adminstrative procedure and file a civil action, as outlined in 29 C.F.R. §1614.409.

NA
——— 9. If discrimination based on disability is alleged, counselor informed aggrieved of his/her requirement to submit disability documentation. Documentation HAS _____ /HAS NOT _____ been submitted.

10. If aggrieved person wishes to file a class complaint, counselor explained the class complaint procedures and the responsibilities of a class agent as outlined in 29 C.F.R. §1614.204.

11. Counselor informed aggrieved person of his/her requirement to immediately notify the EEO office if his/her mailing address changes.

## Remedy Requested

Describe the Requested Remedy

As per PS Form 2564-A, as a resolution the Counselee is seeking to be re-employ with back pay and $300,000 in damages.

11

## Counselor's Inquiry

Counselor Give Brief Summary of Inquiry (If applicable)

By certified (Z496501828) letter dated March 23, 1999, the Counselee was advise of her appeal rights after her final counseling interview was not complete within thirty (30) calendar days of her first contact with the EEO Office.

Documentation of record revealed the Counselee was terminated during probation because her work quantity and quality proved to be unacceptable. Her last day in pay status was January 30, 1998.

## Alternate Dispute Resolution Process (Counselor complete only if the ADR process is used)

| Type of ADR Process Utilized | Date(s) of ADR Session |
|---|---|
| None | |

Disposition (Initial appropriate item and describe as necessary)

_____  Not Resolved.

_____  Partially Resolved (List issue(s) resolved during ADR and attach a copy of the settlement agreement.)

## Summary of Final Information Given to Aggrieved by Counselor

By certified (Z496501828) letter dated March 23, 1999, the Counselee was advise of her appeal rights, sent PS Form 2579, Notice of Right to File an Individual Complaint and PS Form 2565, EEO Complaint of Discrimination in the Postal Service as attachments to the certified letter.

## Privacy Act Notice

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| EEO Counselor's Signature | Typed Name of EEO Counselor | Counselor's ID No. |
|---|---|---|
| *Jacqueline M. Byrd* (signature) | Jacqueline M. Byrd | 2164 |

Counselor's Office Address (No., Street, City, State, and ZIP + 4)
EEO Complaints Processing
Post Office Box 7571
Phila., PA  19101-7571

| Office Telephone No. | Office Telephone No. |
|---|---|
| 215-895-8645 | 215-895-8653 |

TransFORM PS Form 2570, December 1995 (Page 3 of 3)

EQUAL EMPLOYMENT OPPORTUNITY

 **UNITED STATES**
**POSTAL SERVICE**

March 23, 1999

MS LORRAINE G DALIESSIO          CASE NO. 4-C-190-0108-98
1928 44TH STREET                 CERTIFIED MAIL NO. Z496501828
PENNSAUKEN NJ 08110-3018         RETURN RECEIPT REQUESTED

Dear Ms. Daliessio:

Further reference is being made to your Equal Employment Opportunity (EEO) request for counseling dated February 9, 1998, relative to you being terminated.

A review of records revealed that your final counseling interview was not complete within thirty (30) calendar days of your first contact with the EEO Office. Therefore, I must still advise you of your appeal rights. You will have fifteen (15) calendar days from receipt of this letter to file a formal complaint, if you wish to do so. Enclosed is PS Form 2579-A, Notice of Final Interview along with PS Form 2565, EEO Complaint of Discrimination in the Postal Service and instructions for completing PS Form 2565. Should the formal complaint (PS Form 2565) not be receive, by this office, with fifteen (15) calendar days of your receipt of this letter, your complaint will be dismissed. If this matter has been resolve and/or settled, or you have elected to pursue this matter through a non-EEO process, a form for withdrawal (PS Form 2564-C) is also enclose.

**Please be advised that should you choose to file a formal complaint of discrimination keep in mind, courts have ruled that you have the burden of presenting evidence which would give rise to an inference of discrimination.**

Sincerely,

Jacqueline M. Byrd
EEO Counselor

Attachments: (CERTIFIED MAIL ONLY)
        PS Form 2579-A - Notice to File Individual Complaint
        PS Form 2565 - EEO Complaint of Discrimination in the Postal Service
        PS Form 2564-C - Withdrawal of Informal EEO Complaint
        PS Form 2563-B - Allegations of Discrimination Based on Age

P O BOX 7571
PHILADELPHIA PA 19101-7571
(215) 895-8645
FAX. (215) 895-8650

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

**I also wish to receive the following services (for an extra fee):**
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to: 4-C-190-0108-98

MS LORRAINE G. DALIESSIO
1928 44TH STREET
PENNSAUKEN NJ 08110-3018

4a. Article Number
Z 496 501 828

4b. Service Type
☐ Registered        ☒ Certified
☐ Express Mail      ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X Lorraine Daliessio

PS Form 3811, December 1994                Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

Z 496 501 828

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | | |
|---|---|---|
| Sent to LORRAINE G. DALIESSIO | | |
| Street & Number 1928 44TH STREET | | |
| Post Office, State, & ZIP Code PENNSAUKEN NJ 08110-301 | | |
| Postage | $ | |
| Certified Fee | | |
| Special Delivery Fee | | |
| Restricted Delivery Fee | | |
| Return Receipt Showing to Whom & Date Delivered | | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | | |
| TOTAL Postage & Fees | $ | |
| Postmark or Date 4-C-190-0108-98 | | |

MARCH 23, 1999

PS Form 3800, April 1995

14

U.S. Postal Service

# Notice of Right to File Individual Complaint

**CERTIFIED #Z 496 501 828**

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| Daliessio, Lorraine G. | 4C190010898 |

This notice will attest to the fact that on **BY CERTIFIED LETTER DATED 3/23/99** advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention. If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

> EEO COMPLAINTS PROCESSING
> POST OFFICE BOX 7571
> PHILADELPHIA PA 19101-7571

RECEIVED

APR 1 0 1999

EEO COMPLAINTS PROCESSING OFFICE
PHILADELPHIA DISTRICT

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

    – If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

    – You cannot add matters which were not discussed during counseling.

(3) The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

    – If you allege disability discrimination, the alleged disability must be more than a temporary condition.

    – If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

    – If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

    – If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5) The name of the EEO Counselor and the date the Notice of Right to File was received.

---

## Privacy Act Notice / USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq, and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct.** Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
| Lorraine G. Daliessio | 4-10-99 | Jacqueline M. Byrd | 3/23/99 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

TransFORM PS Form 2579-A, December 1995

15

EEO COMPLAINTS PROCESSING
PHILADELPHIA DISTRICT


**UNITED STATES
POSTAL SERVICE**

May 21, 1999

Lorraine G. Daliessio
1928 44th Street
Pennsauken NJ 08110-3018

CASE NO.: <u>4C-190-0108-98</u>
Certified Mail No. <u>Z496502162</u>
Return Receipt Requested

Dear Ms. Daliessio:

This letter is being sent to for clarification of the issue(s) of your EEO complaint. You indicated in your formal complaint (PS Form 2565) that on January 31, 1998, you were terminated. You also indicated that you were not afforded the same training as others who were under 40 and was not allowed to complete the training period. Therefore please clarify whether when you were not afforded the same training as others who were under 40 and was not allowed to complete the training period is to be considered as background information that led to the termination or if it is a separate issue. It is requested that the following information be submitted on the attached page.

Be advised that C.F.R. 1614.107 states in part:

*"The Agency shall dismiss a complaint or portion of a complaint: (g) Where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal."*

This is notice that it is the intent of the agency to dismiss EEO Complaint, Case No. <u>4C-190-0108-98</u> should you fail to respond to the agency in writing within fifteen (15) calendar days of receipt of this notice as to the requested information.

If you have any questions concerning this matter, you may contact me at (215) 895-8645.

Sincerely,

Alexander B. Branch
Senior EEO Complaints
Processing Specialist

Attachment

cc: Harmon Elliott, Representative, regular mail only w/o attachment

P O BOX 7571
PHILADELPHIA PA 19101-7571
(215) 895-8545
FAX: (215) 895-8650

16

Z 496 502 162

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| Sent to | |
|---|---|
| Street & Number | |
| Post Office, State, & ZIP Code | |
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | 5/21/79 |

PS Form 3800, April 1995.

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Lorraine G. Dallessio
1928 44th Street
Pennsauken NJ 08110-3018

4a. Article Number
Z 496 502 162

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X

8. Addressee's Address *(Only if requested and fee is paid)*

PS Form 3811, December 1994          Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

17

Lorraine G. Daliessio
1928 44th Street
Pennsauken, NJ 08110
Phone:

May 29, 1999



RECEIVED

JUN 09 1999

EEO COMPLAINTS PROCESSING OFFICE
PHILADELPHIA DISTRICT

Alexander B. Branch
Senior EEO Complaints
Processing Specialist
EEO Complaints Processing
Philadelphia District

re:  case no. 4C-190-0108-98

Dear Mr. Branch,

    The form you sent me to fill out specific incidences is really
inadequate.  If I am to receive a fair decision on my charges then
I must be allowed to include other documents that speak directly to
my charges of discrimination.
    Therefore, I am enclosing a copy of one page of notes that I
tried to keep during my 69 days employed at the post office.
    Although this is only one incidence it sums up the kind of
training I received and the opportunities that were denied me that
others received.   I was not permitted to keep these notes on
company time but was told to, "save that for when you are on your
own time."
    I believe that the records that were kept by supervision using
computer monitoring of our machines will show that I received less
opportunities to work on the machines that were used to gauge my
abilities, the dates when I was permitted to train on the machines,
the numbers of pieces of mail I processed, etc.
    I am enclosing a statement written by me in February of 1998.
This will outline specific incidents also.

                              Sincerely,

                              Lorraine G. Daliessio

cc:

Harmon Elliot
Vice President - APWU

18

- 2 -

Lorraine G. Daliessio
Agency Case No. 4C-190-0108-98

Please complete the following questionnaire by addressing the issues in the **chronological order**, citing each date on which an alleged act of discrimination took place and briefly describing in the space provided the specific action or situation that resulted in your allegation. The purpose of this questionnaire is to define the allegations raised in your formal complaint. Therefore, please provide **specific information**. If additional pages are needed, please copy the questionnaire. Do **not attach any narratives to your submission.** Please remember to enter the <u>specific dates for all allegations.</u>

**Allegation Number: 1**

DATE: _12-17-97_

ACTION OR SITUATION: _THE SUPV., TERRY BARNET, APOLOGIZED FOR NOT SPENDING TIME WITH ME. SHE SAID I'M A HARD WORKER AND SHE DOESN'T WANT ME TO FALL BEHIND SHE SAID I'M THE ONLY TRAINEE WHO HAS NOT YET OPERATED THE MECH. MACHINES._

_( SEE COPY OF NOTES MADE 12-17-97 )_

**Allegation Number: 2**

DATE: _____

ACTION OR SITUATION: _____

_SEE WRITTEN STATEMENT DATED 2/8/98._

19

## DAILY PLANNER
### AGENDA QUOTIDIEN/AGENDA DIARIA

DATE 12-17-96 MON TUE WED THU FRI SAT SUN

**TO DO** AFAIRE PARAHACER

- [ ] AT P.O. :
  JERRY BARNET (THE SUPV.) APOLOGIZED
  FOR NOT SPENDING SOME TIME WITH ME UP
  TO NOW. SHE SAID I NEED TO WORK ON
  SOME THINGS ON THE COA's & PET's.
  SHE SAID I'M A HARD WORKER & SHE
- [ ] DOESN'T WANT ME TO FALL BEHIND.
  SHE SAID I'M THE ONLY ONE OF THE
- [ ] NEW TRAINEES WHO HASN'T OPERATED
  THE MECH MACHINES YET. (JOYCE
- [ ] STARTED AFTER I LEFT AT 0100
  LAST NIGHT & WKD ON THEM AGAIN
- [ ] TONIGHT.
  SHE SAID MY CO-WRKS HAD NOTICED
- [ ] SOME THINGS I HAD KEYED WRONG.
  QUES. - HOW CAN THAT BE WHEN
- [ ] ALL OF THE TRAINEE's WORK IS
  REVIEWED BY... TERRY & JOHN &
- [ ] IS KEPT SEPERATE FROM THE
  WORK OF THE OTHER EMPLOYEES?
- [ ] QUES. - WHY AM I JUST NOW
  RECEIVING HELP ON MY 26th
- [ ] DAY ? I HAVE SEEN TEAM WORK
  ONE-ON-ONE WITH EACH OF THE
- [ ] OTHERS.
- [ ]
- [ ]

**EXPENSES** DEPENSES GASTOS     AMOUNT

20

A Statement by
Lorraine G. Daliessio
SS #[redacted]

February 8, 1998

I was put on the payroll of the Post Office on November 22, 1997.
I attended two days of orientation on November 24 and 25. My first
night actually on the job as a Mark Up Clerk in Central Forwarding
began November 26 at 6 PM. Four of us started the same day and
were told to ask for "Terry". The other three were under 40 years
of age, two were African Americans, one was white but made a point
of telling the supervisor that she knew a woman who used to work
with her, and all three are non-vets. When we arrived we were met
by a supervisor from Tour II named Sandy who was surprised to see
us as we were allegedly due at 6:30 PM. She sat us down and gave
us each a notebook to read that was an outline of the job we were
hired to do.

When Terry arrived she took us four and another woman named Anne
Ceganek into her office. Anne had actually started two weeks prior
but had not had the official supervisor's orientation. Anne is 63
years old and the reason I know that is that the supervisor, Terry
Barnett, made a point of telling our co-workers Anne's age.

Much of what Terry said to us was a repeat of the two days of
orientation. Terry said we were to report at 4:30 PM from now on.
The other three that started with me, (Joyce, Daniell, and Yolanda)
were upset by this because we had been told we would be starting at
6 PM and they had children to get settled and fed after school
before they would leave for work. Terry left the room to allegedly
make a phone call. When she returned she said that at least one of
us would have to start at 4:30 with Anne. My life was a little
more flexible than the three with small children so I volunteered
to start at 4:30 PM. Terry then sent us to PEDC to watch safety
films. Most of the films dealt directly with the duties of mail
carrier. One film explained the proper use of the different mail
carts. None of the films showed us anything about the machines we
would be using.

The next few days Joyce and I were shown how to tear apart the
magazines classified as 3579's and prepare them to be sent to the
publisher which pays the Post Office 50 cents each for the
customers' new address. Daniell and Yolanda were assigned to take
the notebooks and work with them at the COA computers until they
were ready to take the test. Daniell and Yolanda were repeatedly
paired up by Ms. Barnett, Joyce Foster and I were repeatedly paired
up to work together.

Then Joyce Foster was assigned to work on the COA machine and take
the test. Finally, after several days, I was assigned to work at
the COA machine with the notebook. The test is part of the
exercise in the book and no help from the supervisor was given at
all. I passed the self given test. I never discussed my grade

page 2  L.G. Daliessio

with Daniell or Yolanda but Joyce and I scored about one point apart on the test.

For the next four or five weeks I was assigned to work on the COA terminal entering change of addresses, or on the Flat Sorter labeling magazines, or tearing magazines in the area reserved for 3579's, or Load-Sweeping.  The other new employees were never assigned to work as Load-Sweepers and Daniell and Yolanda never worked the 3579's.  Anne Ceganek was only assigned to work on the COA machine and the Mech Machine.  During her last two weeks there she was occasionally assigned to work in Prepping.

During these weeks I was never assigned to work the Mechanized Terminals.  One night I asked John, the male supervisor, if he knew when I would be able to learn the Mech' Machines.  He said he would try to assign me some time on them the next night.  However, the next night when he assigned me to the Mech Machine Terry objected and moved me on the Flat Sorter.

Occasionally, Terry would assign me to the Mech Machine but most of my time was spent entering changes of address on the COA terminals or tearing magazines in the 3579 section.

One night Terry whispered a question to me while I was working on the Mech machine.  She asked me if she had ever told me that if I left the room to go to the bathroom or to get a drink of water I had to ask permission.  I was the only one in the whole department who was forced to ask permission to go to the bathroom.

There was only one occasion when Terry actually sat with me at the machines and that was at the COA machine.  Most of what I learned I picked up from co-workers or from John.

Terry complained often about being overworked because she was expected to supervise the whole shift and train the five of us.

On January 14, during one of my rare assignments on the Mech Machine, I asked Terry how I was doing. (I had received no evaluation up until that time and it was day 54 of my probation.) Her answer to me was, "I'll evaluate you tomorrow". (Day 55 of my 90 day probation.  I had been told we would be evaluated at the 30 day mark, the 60 day mark, and the 90.)

The next night at about 12:30 PM Terry called me into her office. She said it was necessary for me to process 500 pieces of mail per hour and showed me a printout where I was only doing about 365 pieces per hour.  She said that my Nixie rate was too high and had to be brought down.  She said that Herman, her supervisor, told her to give me two weeks to correct this.  She gave me an Unsatisfactory rating for Quantity and Quality of Work.  She gave me a Satisfactory rating for Dependability (*Completes work assignments without unnecessary supervision *Takes responsibility

page 3   L.G. Daliessio

for completing her own work    *Reports to work on time
*Demonstrates satisfactory attendance), a Satisfactory for Work
Relations (*Maintains positive working relationships with others
*Works harmoniously with others in getting the job done
*Cooperates well with co-workers, supervisors, and others), a
Satisfactory rating for Work Methods (*Handles equipment and work
materials in an appropriate manner  *Consistently observes proper
safety rules    *Understands and follows oral and written
instructions), and also a Satisfactory in Personal Conduct
(*Conducts herself in an appropriate manner    *Maintain an
appropriate appearance  *Demonstrates a positive approach toward
work, co-workers, and supervisors  *Demonstrates a willingness to
handle all assignments  *Demonstrates flexibility in moving from
one task to another as needed).

I was very upset that she was only giving me two weeks to show
improvement and asked to be given until my probation period was up
in February.  She said that it was Herman's idea to give me two
weeks and that was all I was allowed.

I was concerned about the possibility of loosing my job and spoke
to several co-workers about the problem.  They were helpful and
supportive.  The next afternoon I called the office of the APWU and
explained my problem. I told the Union that I was a Veteran and
that I had worked at the Philadelphia Naval Shipyard for 15 years.
I told them that I believed that I could show improvement if I was
allowed the time allotted to my 90 day probation.  I was told that
the person I needed to speak to was not available but that they
would give him the message and they said I should call again on
Tuesday because Monday was a holiday (Martin Luther King's
Birthday).

That night, Friday January 16, when I reported to work I asked
Terry if I could speak to her again.  After job assignments were
given out she called me into her office.  I again asked to be given
more time to show that I could do the job.  I told her I did not
want to lose my job.  She said again that it was Herman putting the
two week limit on me.  I asked her if it would help if I talked to
him.  She said she would ask him if would see me.  I was assigned
to work on the Mech Machine.  Terry came to my machine and said
that Herman would not see me.  She asked me, "Did you tell anyone
about this?"  I said, "Terry, you scared me, I am afraid that I am
going to lose my job, I told everyone that stood still about this
hoping they could help me." She said, "Well, someone called Herman
and now he won't speak to you, he wants to remain impartial."

From that point on Terry had very little to say to me.  John
assigned me to my jobs.  John explained to me that he would be
assigning me as much as possible on the Mech Machine because he
believed that I could only show improvement if I had the practice
on the machine.  I assured him I was grateful.

page 4   L.G. Daliessio

Over the next two weeks I as able to increase my count to 593 per hour and lowered my Nixie rate dramatically.  Terry had stopped speaking to me.  She assigned some of my co-workers to remove the mail from the machines I worked at and take it to her desk.  At the end of each night I was given a computer run-off showing my count and Nixie rate.  I was happy because I was able to make the requirement she had told me existed.  I was confused about the Nixie rate because it included the percentage that occurs naturally in the mail sent from the stations but when I asked Terry about it she said it was always counted in our rate.

On the work night that started on January 29 at 4:30 PM Anne Ceganek was called into Terry's office at about 12:30 AM.  At 1 AM my shift ended and I punched out and left.  Anne was still in the office with Terry.

The next night Anne was not in, her card was not in the rack, there was no job assignment next to her name on the sheet hung on the board.  I knew something dreadful had happened.  There was a rumor that Anne had resigned.  I knew she needed the job and wouldn't have resigned unless something forced her to.

I went to my job assignment.  At 12:30 AM on the morning of January 31 (my 49th birthday) Terry called me into her office.  She said that I was still making too many mistakes.  She had a bin of mail by her chair and asked me if it was necessary to go through the whole thing.  I asked her how long she had been saving the mail.  She did not give me a definitive answer.  She said that my mistakes were unacceptable but that, "we are prepared to offer you the option to resign."  I said that I would not resign and asked for a Steward.  She said that I was not entitled to a Steward.  I said I didn't believe that.  She said it said so in the Contract and she asked me if I wanted to see it.  I said yes.  She left the room to get the contract.  She showed me a section that said I was not eligible for the grievance procedure.  She asked me to sign the same evaluation sheet she had used two weeks prior.  I refused to sign it and asked for a copy of it.  She said I had to clean out my locker.  I got up and went to the locker room and brought her back my locker key.  She said she would escort me to the gate to take my badge.  We walked together to the elevator and down to the first floor.  When we got to the guard's station I handed her my badge and walked away.  I was trying very hard not to cry.

I know for a fact that Joyce Foster was not processing 500 pieces of mail per hour as Terry was telling me I had to do.  I don't know what Yolanda or Daniell were doing or what the error rates of those three were.

I am very upset that Terry checked the block on the evaluation sheet marked , "not recommended for re-hire".  I have a lot to offer and know that I have what it takes to work other positions within the postal system.  Since starting to work at the Post

24

page 5  L.G. Daliessio

Office I have received job notices for Mail Carrier, Mail
Processor, and just this week received a notice for Clerk that is
holding orientation on the 13th of February.

I am a two year veteran of the United States Marine Corps. I have
15 years service as a government employee at the Philadelphia Naval
Shipyard. This gives me a total of 17 years government time.

None of the other trainees are veterans although some have prior
government service. Only two of the five of us that were trained
together are over forty, myself and Anne Ceganek.

*Louraine N. Daliessio*

U.S. Postal Service

# EEO Complaint of Discrimination
## in the Postal Service

See Instructions and Privacy Act Statement
on Reverse

| 1. Name LORRAINE G. DALIESSIO | 2. SSN ▓▓▓▓▓▓ | Case No. 4C190010898 |
|---|---|---|

| 3. Mailing Address 1928 44th St. PENNSAUKEN, NJ 08110 08110 | 4. Home Phone ▓▓▓▓▓ | 5. Work Phone — |
|---|---|---|

| 6. Position Title (USPS Employees Only) I WAS A CLERK PRIOR TO THIS DISCRIMINATORY TERMINATION | 7. Grade Level (USPS Employees Only) PTF 4A |
|---|---|

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and ZIP+4) GMF 30th St. POST OFFICE PHILA. PA. 19104 | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory VIVIAN BARRETT US POST OFFICE **RECEIVED APR 1 6 1999** |
|---|---|

10. I designate this person to be my representative.

| a. Name HARMON ELLIOTT | Title VICE PRES. LOCAL APWU  EEO COMPLAINTS PROCESSING OFFICE PHILADELPHIA DISTRICT |
|---|---|

Mailing Address  PHILA. PA. AREA LOCAL APWU AFL-CIO 1904 ARCH ST. PHILA. PA 19103

| b. Home Phone — | c. Work Phone (215) 988-0211 or 0212 |
|---|---|

| 11. Type of Discrimination Alleged | | 12. Date on Which Alleged Act of Discrimination Took Place |
|---|---|---|
| ☐ Race (Specify): | ☐ Sex (Specify): | 1-31-98 |
| ☐ Color (Specify): | ☒ Age (Specify): | 12:30 AM |
| ☐ Religion (Specify): | ☐ Retaliation (Specify Prior EEO Activity): | (DATE OF TERMINATIO |
| ☐ National Origin (Specify): | ☐ Disability (Specify): | |

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

I WAS NOT AFFORDED THE SAME TRAINING AS OTHERS WHO WERE UNDER 40 AND WAS NOT ALLOWED TO COMPLETE THE TRAINING PERIOD ALTHOUGH MY SKILLS WERE IMPROVING AND EQUAL TO THOSE YOUNGER.

| 14. I have discussed my complaint with an EEO counselor ☐ Yes (Date of final interview: **VIA CERTIFIED** ☐ No **MAIL #Z 496 501 828 DATED 03/23/99** | 15. Name and Signature of EEO Counselor *Jacqueline M. Byrd* Jacqueline M. Byrd |
|---|---|

16. Corrective Action Sought

I LOST MY HOUSE WHEN I LOST THE JOB, I WANT TO BE COMPENSATED FOR MY LOSSES.

| 17. Signature of Complainant *Lorraine G. Daliessio* | 18. Date of This Complaint 4-10-99 |
|---|---|

TransFORM PS Form 2565, December 1995

26

U.S. Postal Service

# Notice of Right to File Individual Complaint

CERTIFIED #Z 496 501 828

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| Daliessio, Lorraine G. | 4C190010898 |

This notice will attest to the fact that on **BY CERTIFIED LETTER DATED 3/23/99** advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention.  If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received.  PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

RECEIVED

EEO COMPLAINTS PROCESSING
POST OFFICE BOX 7571
PHILADELPHIA PA  19101-7571

APR 1 0 1999

EEO COMPLAINTS PROCESSING OFFICE
PHILADELPHIA DISTRICT

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity.  In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination.  A complaint must contain the following information:

(1) Your name, address, position, and level;

 – If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

 – You cannot add matters which were not discussed during counseling.

(3) The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

 – If you allege disability discrimination, the alleged disability must be more than a temporary condition.

 – If youe allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

 – If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

 – If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5) The name of the EEO Counselor and the date the Notice of Right to File was received.

## Privacy Act Notice / USPS Standards of Conduct

**Privacy Act Notice.** The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 623 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program  As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

**USPS Standards of Conduct.** Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
| Louraine G. Daliessio | 4-10-99 | Acquelini M. Byrd | 3/23/99 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested.  Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

TransFORM PS Form 2579-A, December 1995

U.S. Postal Service

# Allegations of Discrimination Based on Age

CASE #4-C-190-0108-98                                    CERTIFIED #Z 496 501 828

The Age Discrimination in Employment Act of 1967 (ADEA) prohibits discrimination in employment on the basis of age (40 years or older). The ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures. The following information is being provided to you to explain the procedures concerning age discrimination.

If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. district court. Prerequisite to filing suit in U.S. district court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission, in which you give the EEOC not less than 30 calendar days written notice of your intent to file such an action.

Notices of intent to sue must be mailed to the EEOC at the following address:

> FEDERAL SECTOR PROGRAMS
> OFFICE OF FEDERAL OPERATIONS
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> PO BOX 19848
> WASHINGTON DC 20036-9848

**RECEIVED**

hand delivered to:

**APR 1 6 1999**

> FEDERAL SECTOR PROGRAMS
> OFFICE OF FEDERAL OPERATIONS
> EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
> 1801 L ST NW
> WASHINGTON DC 20507

EEO COMPLAINTS PROCESSING OFFICE
PHILADELPHIA DISTRICT

or facsimile to:

> 202-663-7022.

The notice of intent to sue should be dated and must contain the following information:

(1) Statement of intent to file a civil action under section 15(d) of the Age Discrimination in Employment Act of 1967, as amended;
(2) Name, address, and telephone number of the employee or applicant;
(3) Name, address, and telephone number of the complainant's designated representative, if any;
(4) Name and location of the Postal facility where the alleged discriminatory action occurred;
(5) Date on which the alleged discriminatory action occurred;
(6) Statement of the nature of the alleged discriminatory action(s); and
(7) Signature of the complainant or the complainant's representative.

If, however, you choose to file a formal, administrative complaint, you must exhaust administrative remedies before proceeding to court. 29 C.F.R. §1614 provides that a complainant exhausts administrative remedies under the ADEA either: (1) 180 days after filing a complaint, if the Postal Service has not issued a decision and an appeal has not been taken; (2) after a final decision by the Postal Service; (3) 180 days after filing an appeal with the EEOC, if the EEOC has not issued a decision; or (4) after the EEOC issues a decision on appeal.

| Signature of Complainant | Date | Signature of Counselor |
|---|---|---|
| Louaine N. Wahessio | 4-10-99 | Jacqueline M. Byrd |

TransFORM PS Form 2563-B, May 1993



Lorraine Dallessio
1928 44th St.
Pennsauken, NJ 08110-3018

RECEIVED
APR 16 1999
EEO COMPLAINTS PROCESS**'G OFFICE
PHILADELPHIA DISTRICT

EEO Complaints Processing
POB 7571
PHILA., PA.  19101-7571

19101+7571

| 01 | Effective Date | 01-30-1998 |
|---|---|---|

**U. S. Postal Service**

**EMPLOYEE INFORMATION**

| # | Field | Value |
|---|---|---|
| 03 | Employee Name-Last | DALIESSIO |
| 04 | Employee Name-First | LORRAINE |
| 05 | Employee Name-Middle | G |
| 06 | Mailing Address Street/Box/Apts | 1928 44TH ST |
| 07 | Mailing Address-City | PENNSAUKEN |
| 08 | Mailing Address-State | NJ |
| 09 | Mailing Address-Zip+4 | 08110-3018 |
| 10 | Date of Birth | |
| 11 | Veterans Preference | 2 - 5 POINTS |
| 12 | Sex | |
| 13 | Minority | |
| 14 | Disability | |
| 15 | Leave Comp Date | 03-08-1983 |
| 16 | Enter on Duty Date | 11-22-1997 |
| 17 | Retirement- Comp Date | 07-11-1984 |
| 18 | Serv Anniversary PPYR | 25-1997 |
| 19 | TSP Eligibility | E - ELIGIBLE W/O DEDUCT |
| 20 | TSP Service Comp Date | |
| 21 | Prior CSRS Service | |
| 22 | Frozen Csrs Time | |
| 23 | Leave Data-Category | 8 - HOURS/PP |
| 24 | Leave Data-Chg PPYR | |
| 25 | Leave Data-Type | 2 - EARN AS YOU GO |
| 26 | Credit Military Serv | |
| 27 | Retired Military | |
| 28 | Retirement Plan | 5 - CSRS OFFSET |
| 29 | Employee Status | |
| 30 | Life Insurance | X0-Basic + 5x Opt B+Opt A |
| 31 | Special Benefits | |

**POSITION INFORMATION**

| # | Field | Value |
|---|---|---|
| 32 | Employ Office-Fin No | 41-6544 |
| 33 | Employ Office-Name | PHILADELPHIA POST OFFICE |
| 34 | Employ Office-Address | PHILADELPHIA PA 19104-9994 |
| 35 | Duty Station-Fin No | 41-6544 |
| 36 | Duty-Station-Name | PHILADELPHIA POST OFFICE |
| 37 | Appt Expiration Date | |
| 38 | Probation Expir Date | |

| # | Field | Value |
|---|---|---|
| 39 | FLSA Status | N - NON-EXEMPT |
| 40 | Pay Location | 099 |
| 41 | Rural Carrier-Route | |
| 42 | Rural Carr-L-Rte ID | |
| 43 | Rural Carr-Pay Type | |
| 44 | Rural Carr-Tri-Weekly | |
| 45 | Rural Carr-FLSA | |
| 46 | Rural Carr-Commit | |
| 47 | Rural Carr-EMA | |
| 48 | Rural Carr-Hours | 00 |
| 49 | Rural Carr-Miles | 000 |
| 50 | Job Sequence | 1 |
| 51 | Occupation Code | 0301-41XX |
| 52 | Position Title | MARK-UP CLK AUTOMAT |
| 53 | Functional Oper Nbr | 4900 |
| 54 | Designation/Activity | 41/0 |
| 55 | Position Type | 3 - PART TIME FLEXIBLE |
| 56 | Limit Hours | 00 |
| 57 | Allowance Code | |
| 58 | Employment Type | |

**SALARY INFORMATION**

| # | Field | Value |
|---|---|---|
| 59 | Pay Rate Code | H - HOURLY |
| 60 | Rate Schedule Code | P - PS |
| 61 | Grade/Step | 04/ A |
| 62 | Base Salary | 12.68 |
| 63 | Cola | |
| 64 | Cola Roll-In Ind | |
| 65 | Next Step PPYR | 21-1999 |
| 66 | Merit Anniv Date | |
| 67 | Merit Lump Sum | |
| 68 | Special Salary Code | |
| 69 | Protected RSC | |
| 70 | Protected Grade/Step | |
| 71 | Expiration PP/YR | |
| 72 | Protected RC Hours | |
| 73 | Protected RC Miles | |
| 74 | RC Guaranteed Salary | |
| 75 | Annuity Amount | |
| 76 | Red Circle Code | 0 |

**NATURE OF PERSONNEL ACTION**

| # | Field | Value |
|---|---|---|
| 77 | Nature of Action Code | 329 |
| 79 | Description | TERMINATION DURING PROBATION |

| 78 Authority | 39-USC SECT. 1001 |
|---|---|
| 80 Code 522 | 81 Code 521 | 82 Code | 83 Code 6 |

84 Remarks
LAST DAY IN PAY STATUS 01-30-1998·
SF-8 ISSUED 04-26-1999
02-20-98 FROM SUPERVISOR. COMPUTER FORWARDING
HEC 04-26-99

85 Authorization
PATRICK R. DONAHOE. VP
AREA OPERATIONS-ALLEGHENY AREA

| 86 | Processed Date | 04-29-1999 |
|---|---|---|
| 87 | Personnel Office ID | HQ79 |
| 88 | OPF Location | PHILADELPHIA POST OFF |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY



CERTIFIED MAIL NO. P 372 739 111

February 20, 1998

$EOD$
$11-27-97$

$PP3/98$

Lorraine G. Daliessio
1928 44th Street
Pennsauken, N.J. 08110

AA 98-155
PTF Mark UP Clerk
SSN ▮▮▮▮▮
Computer Fowarding

Subject: NOTICE OF SEPARATION

This will confirm your separation from the Postal Service a result of lack of
proficiency on the keying equipment.

It will be incumbent upon you to return all Postal Service property in your
possession so that arrangements may be made for your final salary payment if
applicable.

$1-30-98$

Herman T. Clark / for

Vivian T. Barnett
Supervisor, Computer Forwarding
Philadelphia District

P.S.

Please make effective
1/30/98
K8

31

U.S. Postal Service

## Information for
## Precomplaint Counseling

| Certified No. | or Hand Delivered On |
|---|---|
| Z 458 456 210 | |
| By (Initials) | Informal No. |
| MW | 4-C-190 0108-98 |

**Important: Please Read Carefully.** This is the only notification that you will receive regarding the necessity for you to complete this form. This form should be completed and returned to the EEO Office within 10 calendar days.

On  02/09  , 19 98 , you requested an appointment with an EEO Counselor.

### A. Requester Information

| Name (Last, First, MI) | | Social Security No. | Home Telephone No. |
|---|---|---|---|
| DALIESSIO, LORRAINE G. | | | |

| Mailing Address | | | | |
|---|---|---|---|---|
| 1928 44TH STREET | | PENNSAUKEN | NJ | 08110-3018 |

| Postal Facility Where You Work | Position Title | Grade Level | Office Telephone No. |
|---|---|---|---|
| GMF | MARK-UP CLERK | PS-4 | 215-895-8250 |

| Pay Location | Tour | Off Days (If Tour I, Show Nights Off) | Duty Hours |
|---|---|---|---|
| | III | SUN/MON | 4:30 PM - 1:00 AM |

| Employment Status (Check One) | | | | Time in Current Position | |
|---|---|---|---|---|---|
| ☐ Applicant ☐ Casual ☐ TE ☒ Career | | | | ____ Years | 2 Months |

### B. Discrimination Factors

In the Postal Service, prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or Retaliation (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging (Be Specific; Describe, i.e., Race-Black, Sex-Female)?

RACE - WHITE (REVERSE DISCRIMINATION)

AGE - OVER 40 (49 ON JAN. 31, 1998)

VETERAN WITH 9 YRS. OF GOVERNMENT SERVICE

*FEB 20 1998*
*EEO Complaints Processing Office*
*PHILADELPHIA DISTRICT*

For Retaliation Allegations Only: If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

1. On _____, 19 ____, I engaged in EEO activity.    Case No.: _____.

2. On _____, 19 ____, I engaged in EEO activity.    Case No.: _____.

### C. Description of Incident/Activity

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On  JANUARY 31  , 19 98 , the following occurred:

I WAS TERMINATED. (SEE ATTACHED LETTER)

32

Explain why you believe, based on the factors you cited in Section B, that you were treated differently than other employees in similar situations.

1. JOYCE FOSTER
(Name of Employee)

WHITE, UNDER 40 FEMALE, KNOWS
(Factor(s) describing employee, i.e., Race-Black, Sex-Female)
A FORMER CO-WORKER OF SUPV.
– A NON-VETERAN

was treated differently than I when:

(SEE ATTACHED LETTER)

2. DANIELL (DON'T KNOW LAST NAME)
(Name of Employee)

BLACK, UNDER 40, FEMALE
(Factor(s) describing employee, i.e., Race-Black, Sex-Female)
– A NON-VETERAN

was treated differently than I when:

(SEE ATTACHED LETTER)

3. YOLANDA (DON'T KNOW LAST NAME)
(Name of Employee)

BLACK, UNDER 40 FEMALE
(Factor(s) describing employee, i.e., Race-Black, Sex-Female)
– A NON-VETERAN

was treated differently than I when:

(SEE ATTACHED LETTER)

**D. Officials Responsible for Action**

Provide the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name  TERRY BARNETT | b. Title  SUPERVISER |
| | d. Grade Level |
| c. Office | |
| 2a. Name  HERMAN | b. Title |
| | d. Grade Level |
| c. Office | |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity (Explain)?   ☐ Yes   ☐ N

**E. Resolution Sought**

What are you seeking as a resolution to your complaint?

RE-EMPLOYED WITH BACK PAY
$300,000. IN DAMAGES

**F. Grievance/MSPB Appeal**

CLASS ACTION – NOT TRAIN
PROPERLY

On the incident which prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?   ☐ No   ☑ Yes   If yes, FEB. 6, 1998   1
(Date)   (Step)

2. Filed an MSPB appeal on this issue?   ☑ No   ☐ Yes   If yes, _____
(Date Filed)

3. Veteran's Preference?   ☐ No   ☑ Yes   If yes, number of points   5

## G. Anonymity.

You have the right to remain anonymous at the Counseling stage of EEO Complaint Processing.

Do you desire anonymity?    ☐ Yes    ☒ No

## H. Representation

You have the right to retain representation of your choice. (Check One)

☑ I authorize the person listed below to represent me.

HARMON ELLIOTT                          VICE PRESIDENT
(Name of Representative)                 (Title)

APWU
(Organization)

1904 MARKET ARCH ST.
(Mailing Address)

PHILA. PA. 19103          (215) 988-0211
(City/State/ZIP + 4)               (Telephone Number)

☐ I waive the right to representation at this time.

## I. Privacy Act Statement/USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, the information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, you MUST submit medical documentation of your disability at this time or during counseling.

## K. Authorization

Your Signature _Lorraine V. Walessio_          Date 2/15/98

Return To:

EEO COMPLAINTS PROCESSING
PO BOX 7571
PHILADELPHIA\          PA    19101-7571

### NOTICE:  COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING.

I hereby request that you close this file from processing. I fully understand that this complaint file will not be reopened once closed, and I waive my right to any further EEO Appeal on this matter. I stipulate that my decision not to pursue counseling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

Your Signature          Date

34