EXHIBIT C TO MEMORANDUM IN
SUPPORT OF THE POSTAL SERVICE'S
MOTION FOR SUMMARY JUDGMENT

DECISION OF ARBITRATOR MILES
06cv00793 RJL

Regular Arbitration Panel

| | |
|---|---|
| **IN THE MATTER OF THE ARBITRATION** ) | **GRIEVANT:** Huong Hoang |
| ( | |
| **BETWEEN** ) | **POST OFFICE:** Arlington, Virginia |
| ( | |
| **UNITED STATES POSTAL SERVICE** ) | **CASE NO.:** K94C-4K-D 97080929 |
| **AND** ( | |
| ) | **UNION NO.:** ARL226497 |
| **AMERICAN POSTAL WORKERS** ( | |
| **UNION, AFL-CIO** ) | |
| ( | |

**BEFORE: CHRISTOPHER E. MILES, ARBITRATOR**

**APPEARANCES:**

**For the U.S. Postal Service:**
Alfred A. Pope,
Labor Relations Specialist

**For the Union:**
Cheryl L. Johnson,
National Arbitration Advocate

**Place of Hearing:** Merrifield, VA
**Date of Hearing:** April 7, 1998
**Date Record Closed:** April 22, 1998
**Date of Award:** June 16, 1998
**Relevant Contract Provisions:** Articles 12 & 19
**Contract Year:** 1994-1998
**Type of Grievance:** Discipline

### AWARD SUMMARY

The grievance challenging the separation of Ms. Huong Hoang is found to be arbitrable. Article 12, Section 1 of the Agreement entitles the Postal Service to terminate probationary employees prior to the expiration of their probationary period; however, in taking such action, the Postal Service must do so in accordance with the applicable provisions of the Agreement; i.e., Section 365.32 of the ELM. The Union has claimed that the separation of Ms. Hoang violated the procedures set forth therein. Therefore, the question of whether the Postal Service adhered to the proper procedures in this case, is a matter which is arbitrable. Consequently, the grievance filed in this matter shall be scheduled for a hearing on the merits.

Christopher E. Miles, Esquire
Labor Arbitrator

## I.    BACKGROUND

Ms. Huong Hoang is employed by the United States Postal Service as a Window Distribution Clerk at the Main Post Office in Arlington, Virginia. By letter dated February 19, 1997, Ms. Hoang was informed that she was being removed from the rolls of the Postal Service, as follows:

> This is official notification that you will be separated from the United States Postal Service, during your probationary period, effective Thursday, February 20, 1997.
>
> The reason for this separation is that you were rated unsatisfactory during your last probationary evaluation.

As a result of this action, a grievance was filed on behalf of Ms. Hoang by the Northern Virginia Area Local of the American Postal Workers Union (hereinafter referred to as the "Union"). The Step 2 Grievance Appeal Form sets forth the following "Detailed Statement of Facts/Contentions":

> The appointing official did not remove employee H.M. Hoang as required by the ELM-365.32. Very little if any observation was given to this employee. Very little guidance, counseling and training was given to this employee to correct any deficiencies in either performance or conduct. The employee's inadequacies were never discussed by management.

As the corrective action, the Union requested that the Notice of Removal be rescinded and the Grievant be returned to the rolls and made whole.

The parties discussed the grievance at a Step 2 meeting and by letter dated April 14, 1997, Mr. Dennis Jones, Manager, Customer Service Operations, denied the grievance by stating that:

> After giving full and careful consideration to all contentions made by the Union relative to the above referenced grievance, a decision has been reached.
>
> The Union contended that the above referenced employee, was afforded disparate treatment in her separation during her probationary period. The Union stated: "very little if any observation was given to this employee. Very little guidance, counseling and training was given to this employee to correct any deficiencies in either performance or conduct. The employee's inadequacies were never discussed by management." (sic)
>
> During the Step 2 meeting, the Union failed to provide any

- 1 -

evidence or documentation to substantiate its claim that the employee was not supervised or trained properly. This contention is without merit.

The Union contended that the appointing official did not separate the employee. The manager of the station is the Postmasters designee in instances such as this. This contention is without merit.

The grievant was a career employee who was separated during her probationary period. EL-901, National Agreement, Article 12, section 1.A, probationary period states: The probationary period for a new employee shall be ninety (90) calendar days. The Employer shall have the right to separate from its employ any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation hereto.

The Union, at step one and two, has attempted to circumvent the National agreement by a non-grievable action by management. The employee was separated during probation. This contention is without merit.

The Union's contentions were found to be without merit. The grievance is denied at step 2.

Thereafter, in accordance with the provisions of the parties' collective bargaining agreement[1], the Union appealed the grievance to Step 3 for the following reasons:

It is the contention of the union that grievant was a victim of discrimination in the issuance of the notice of removal during her probationary period. Management never discussed any inadequacies with the grievant. Very little, if any observation was given to grievant; very little guidance, counseling or training was given to grievant to correct any deficiencies in either performance or conduct. It is the contentions of the union that there were not deficiencies and that the the only reason for the removal was an accident due to faulty equipment. Management refused to provide the union with the requested documentation to prohibit the union from investigating the true reason for the notice of removal. The removal is unwarranted, unjust and discriminatory. (sic)

---

Footnotes:
1. Collective Bargaining Agreement Between American Postal Workers Union, AFL-CIO and U.S. Postal Service, November 21, 1994 - November 20, 1998, (hereinafter referred to as the "Agreement").

The parties subsequently met at Step 3 of the grievance procedure. Mr. Harold S. Thompson, Sr. Labor Relations Specialist, issued the response of the Postal Service by letter dated November 25, 1997, as follows:

> The above-referenced grievance was discussed at Step 3 of the Grievance Arbitration Procedure. The matters presented by the Union concerning this grievance, as well as the applicable contractual provisions, have been reviewed and given careful consideration. The grievant was issued a Notice of Removal dated February 19, 1997 effective February 20, 1997, relative to her unsatisfactory performance.

> The union contended management acted improperly and the grievant was the victim of disparate treatment and that the grievant was not terminated by a management official other than the appointing official.

> The grievant was issued a Notice of Removal during her 90 day probationary period. The union's argument that the grievant was the victim of disparate treatment is not supported by the evidence record nor has the union identified another employee that was treated differently than the grievant. The union also argued that the grievant was terminated by an official other than the appointing official. This argument is without any merit. <u>In addition, the union's request for information relating to the grievant's discharge was denied by local management. The union is entitled to review all relevant documents used in making the determination to discharge the grievant from duty in accordance with articles 17 and 31, as such, all relevant documents requested by the union is enclosed with this decision.</u>

> Inasmuch, as the grievant was serving under a 90 day probationary period, under the provisions of article 12.1, of the collective bargaining agreement, "probationary employees do not have access to the grievance procedure in relations thereto". Based on the aforementioned this grievance is not arbitrable.

Having been unable to resolve the matter during the grievance procedure, the case was appealed to arbitration and the undersigned was appointed to hear and decide the issue. A hearing was conducted in Merrifield, Virginia on April 7, 1998 at which time the parties were afforded full opportunity to present testimony and evidence, to cross-examine the witnesses, and to make arguments for their respective positions. At the outset of the hearing, the Postal Service raised the issue of arbitrability and the parties agreed to bifurcate the case. There was no testimony provided at the arbitration hearing; however, documentation relative to the issue was presented and the parties

chose to submit briefs on the question of arbitrability. Upon receipt and exchange of said briefs on April 22, 1998, the record in this case was closed as it pertains to the arbitrability question.

## II.    PERTINENT PROVISIONS OF THE AGREEMENT

### ARTICLE 12
### PRINCIPLES OF SENIORITY, POSTING AND REASSIGNMENTS

**Section 1. Probationary Period**
A. The probationary period for a new employee shall be ninety (90) calendar days. The Employer shall have the right to separate from its employ any probationary employee at any time during the probationary period and these probationary employees shall not be permitted access to the grievance procedure in relation thereto. If the Employer intends to separate an employee during the probationary period for scheme failure, the employee shall be given at least seven (7) days advance notice of such intent to separate the employee. If the employee qualifies on the scheme within the notice period, the employee will not be separated for prior scheme failure.

### ARTICLE 19
### HANDBOOKS AND MANUALS

Those parts of all handbooks, manuals and published regulations of the Postal Service, that directly relate to wages, hours or working conditions, as they apply to employees covered by this Agreement, shall contain nothing that conflicts with this Agreement, and shall be continued in effect except that the Employer shall have the right to make changes that are not inconsistent with this Agreement and that are fair, reasonable, and equitable. This includes, but is not limited to, the Postal Service Manual and the F-21, Timekeeper's Instructions.

### EMPLOYEE AND LABOR RELATIONS MANUAL

**Section 365.32 Separation-Disqualification (S-Disqual)**
365.322. *Reasons for Action. Separation by disqualification* results from the failure to meet conditions specified at the time of appointment (such as failure to qualify in investigation or failure to qualify by conduct or capacity during the probationary periods) or it may result from information which, if known at the time of appointment, would have disqualified the employee for the appointment.

365.326 *Procedure in Separating.* If an appointing official decides to terminate an employee who is serving a probationary period due to conditions arising prior to appointment, or because work performance or conduct during this period fails to demonstrate fitness or qualification for continued postal employment, the employee's services are terminated by notifying the employee in writing why she or he is being terminated and the effective date of the action. The information in the notice regarding the termination must, at a minimum, consist of the appointing official's conclusions as to the inadequacies of performance or conduct.

## III.   CONTENTS OF THE PARTIES

### A.   Postal Service

At the outset of the hearing, the Postal Service raised the issue of arbitrability and specifically asserted that the notice of separation was issued within the 90 day probationary period. For this reason, it contends that the grievance filed on Ms. Hoang's behalf is not properly before the Arbitrator. In this regard, the Postal Service relies upon the provisions of Article 12, Section 1 of the Agreement which specifically exclude probationary employees from access to the grievance procedure.

The Postal Service argues that the Union is attempting to obtain access to the grievance procedure for the separation of a probationary employee through the back door, contrary to the exemption of Article 12, Section 1. It points out that much costly litigation has occurred relative to this issue and relies upon numerous National Level Arbitration Awards which have supported the position of the Postal Service. It calls attention to an Award by Arbitrator Nicholas Zumas[2], wherein he dismissed the grievance by stating that:

> Article 12.1A, in clear, unqualified, unrestricted, and all encompassing language, denies probationary employees access to the grievance-arbitration process if they are terminated for any reason during the probationary period. There is simply no contractual basis that would warrant a conclusion that the Article 12.1A exception has application only to "just cause" terminations.

---

Footnotes:

2.  USPS and APWU, Case Nos. H1C-4C-C 27352 and H1C-4C-C 27351, Arbitrator Nicholas H. Zumas, September 23, 1985.

> Even though probationary employees are not barred from the grievance procedure for all purposes, it is clear that probationary employees do not have access to the grievance procedure in matters relating to separation.

In another Award by Arbitrator Zumas[3], he pointed out that:

> Article 12, Section 1A gives the Service the unilateral right to separate probationary employee. If the Union were able, through the grievance procedure, to participate in the evaluation of probationary employee (affecting ultimately the decision to separate), the Service would be deprived of its unilateral right to separate such probationary employees granted under the National Agreement.

Arbitrator Wayne Howard[4], likewise, dismissed a grievance as not arbitrable in a situation where a probationary employee was separated from employment on the basis of a poor job performance evaluation. He clearly stated that:

> The language of Article 12, Section 1A gives the Service the right to separate during the probationary period. Cloaking an attack against the separation decision in language attacking the evaluation of such employees is a useless exercise, for the only effective remedy, and the one the Union seeks in the instant case, is to overturn the separation decision which flies against the clear and unambiguous language of the Agreement.

In addition to the Arbitration Awards, the Postal Service makes reference to a case appealed to the United States Court of Appeals for the Fifth Circuit[5] wherein the Court of Appeals affirmed the Order by Judge Eldon Mahon, vacating an Award by Arbitrator Sherman as having exceeded the authority of the parties' Agreement. The Fifth Circuit Court concluded that:

> [U]nder article 12 of the National Agreement, a probationary employee is not permitted access to the grievance procedure in relation to a termination within the probationary period, and thus is not entitled to arbitration. Consequently, in ordering [grievant]

---

Footnotes:
3. <u>USPS and APWU</u>, Case No. H1C-5L-C 25010, Arbitrator Nicholas H. Zumas, September 19, 1985.
4. <u>USPS and APWU</u>, Case No. E4N-2L-C32378, Arbitrator Wayne E. Howard, August 18, 1987.
5. <u>USPS v. APWU</u>, 5th Cir., January 28, 1991.

reinstated as a probationary employee, the arbitrator exceeded his authority under the clear and unequivocal language of the National Agreement.

Based upon the above authorities, the Postal Service submits that the Arbitrator has no jurisdiction in this case and it requests that the grievance filed herein be dismissed as not arbitrable.

### B.    Union

The Union contends that the Postal Service did not comply with the procedures of Section 365.325 and 365.326 of the Employee and Labor Relations Manual (ELM) relative to the separation of Ms. Hoang. The Union recognizes that Article 12 gives the right to separate a probationary employee; however, it stresses that such action must be done in accordance with the mandated procedures set forth in the ELM. The arguments of the Union are that 1) the appointing official did not make the decision to terminate and 2) there was no specific statement in the notice that the employee is being terminated for a particular reason. It submits that the language of the ELM obligates the Postal Service to provide the reason for the termination and the effective date. Although the Union concedes that the effective date was included in the notice of separation, it claims that the notice failed to fairly describe or mention any deficiencies of inadequacies of performance or the reason for the separation.

To support its position, the Union submitted several Arbitration Awards, wherein it was determined that a probationary employee can file a grievance challenging a separation when the proper procedures have not been followed by the Postal Service. In one of the cases cited by the Union, Arbitrator Nicholas Zumas[6] found that a grievance was arbitrable "inasmuch as Management failed to effectively separate Grievant within the 90-day probationary period, he is entitled to have had access to the grievance procedure in order to determine whether or not his termination was for just cause." In another case, involving the separation of a Letter Carrier during his probationary period, Arbitrator Stevens[7] recognized the importance of both parties abiding by their agreed upon rules. In his Opinion, he stated that:

> This arbitrator has presided over many arbitration hearings in which representatives of the Postal Service have argued for discipline on the basis of rules and regulations contained in the Carriers

Footnotes:
6. <u>USPS and APWU</u>, Case No. N1C-1E-D 27209, Arbitrator Nicholas H. Zumas, January 2, 1985.
7. <u>USPS and NALC</u>, Case No. S8N-3W-D 19488, Arbitrator Elvis C. Stephens, March 10, 1981.

Handbook, or policies set forth by the local postmaster. This arbitrator has upheld disciplinary actions based upon violations of these rules and local polices. Therefore, it appears only reasonable to expect that management follow its own rules and procedures.

With regard to its contention that the notice of separation was improper because it was not issued by the appointing official, the Union calls attention to an Award by Arbitrator Michael Zobrak[8] in which he found the grievance protesting the separation of a probationary employee to be arbitrable. He pointed out that:

The Postmaster testified that he delegated his authority to effect the separation to Ms. Moran. Other than the Postmaster's testimony, there is no evidence of the delegation taking place. Even if the delegation had been proven, Section 365.326 does not provide for a delegation of the appoint official's authority. The ELM does provide circumstances when an official may delegate authority, but such is not the case in Section 365.326.

The Union therefore requests that the grievance be found to be arbitrable and the Grievant to be immediately reinstated.

## IV.    DISCUSSION AND FINDINGS

The issue before me concerns the arbitrability of a grievance filed on behalf of Ms. Huong Hoang, a Part Time Flexible Clerk at the Arlington, Virginia Post Office. The Postal Service asserts that the grievance protesting the separation of Ms. Hoang is not arbitrable as it was filed during the Grievant's 90-day probationary period. In this regard, the Postal Service relies upon the provisions of Article 12, Section 1 of the Agreement which specifically exclude probationary employees from access to the grievance/arbitration process. On the other hand, the Union claims that the proper procedures were not followed in accordance with Section 365.326 of the Employee and Labor Relations Manual (ELM). For this reason, the Union maintains that the grievance is properly before the Arbitrator. Specifically, the Union claims that the Postal Service

---

Footnotes:
8.  USPS and APWU, Case No. C90C-4C-D95064807, Arbitrator Michael E. Zobrak, March 14, 1996.

did not provide a specific statement that the Grievant was being terminated for a particular reason and further that the appointing official did not issue the notice of separation.

The essential question concerning the arbitrability of this grievance is predicated upon the allegation of a violation of the Handbooks and Manuals which is incorporated into the Agreement by Article 19. A "grievance" is defined in Article 15 of the Agreement as:

> a dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment. A grievance shall include, but is not limited to, the complaint of an employee or of the Union which involves the interpretation, application of, or compliance with the provisions of this Agreement or any local Memorandum of Understanding not in conflict with this Agreement.

In the instant case, we have a situation involving the "interpretation, application of, or compliance with the provisions" of the Agreement (vis-a-vis the Handbooks and Manuals), albeit the circumstances involve the separation of a probationary employee. There is no question that Article 12, Section 1 of the Agreement entitles the Postal Service to terminate probationary employees prior to the expiration of their probationary period. However, Article 12 does not stand alone, rather it must be considered in conjunction with all other provisions of the Agreement. Thus, when taking action to separate a probationary employee, the Postal Service must do so in accordance with the provisions of the Agreement and the applicable provisions which are contained in Section 365.32 of the ELM. This provision is every bit a part of the Agreement, pursuant to Article 19, as is Article 12, Section 1. The Union has claimed that the separation of Ms. Hoang violated the procedures set forth in the ELM. The question at this point is whether the Arbitrator can even consider the grievance. Based upon the claim made by the Union which alleges a violation of the Agreement, it is my considered opinion that the question of whether the Postal Service adhered to the proper procedures in this case, is a matter which is arbitrable.

## AWARD

The grievance challenging the separation of Ms. Huong Hoang is found to be arbitrable. Article 12, Section 1 of the Agreement entitles the Postal Service to terminate probationary employees prior to the expiration of their probationary period; however, in taking such action, the Postal Service must do so in accordance with the applicable provisions of the Agreement; i.e., Section 365.32 of the ELM. The Union has claimed that the separation of Ms. Hoang violated the procedures set forth therein.

Therefore, the question of whether the Postal Service adhered to the proper procedures in this case, is a matter which is arbitrable.  Consequently, the grievance filed in this matter shall be scheduled for a hearing on the merits.


Christopher E. Miles, Esquire
Labor Arbitrator

June 16, 1998
Washington, Pennsylvania