EXHIBIT D TO MEMORANDUM IN
SUPPORT OF THE POSTAL SERVICE'S
MOTION FOR SUMMARY JUDGMENT

DEFENDANT/COUNTER-CLAIM PLAINTIFF
APWU'S OPPOSITION TO THE USPS'S
MOTION FOR SUMMARY JUDGMENT
IN CIVIL ACTION NO. 01-1704
06cv00793 RJL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE )
    Plaintiff/ )
    Counter-Defendant )
    )
v. )  Civil Action No. 01-1704 (CCK)
    )
AMERICAN POSTAL WORKERS UNION, )
AFL-CIO )
    Defendant/ )
    Counter Plaintiff )

## DEFENDANT/COUNTER-PLAINTIFF'S AMENDED OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

**Statement of the Case**

This case is before this Court on cross motions for summary judgment. Defendant, American Postal Workers Union ("APWU"), has fully briefed its arguments in its Memorandum of Law in Support of its Motion to Dismiss or for Summary Judgment ("Defendant's Memorandum"). This Memorandum is submitted, not to restate those arguments, but to reply to the Plaintiff, United States Postal Service's ("USPS") Memorandum in Support of its Motion for Summary Judgment (the "USPS Memorandum" or "Plaintiff's Memorandum").

In the USPS Memorandum, the Postal Service refers to the collective bargaining agreement between the Postal Service and APWU (the "National Agreement") and

1

draws attention to Article 15, the provision for a comprehensive grievance and arbitration procedure for the resolution of disputes arising under the contract. The USPS Memorandum (at 3) specifically lists certain subjects the parties have agreed to include within the scope of the parties' grievance-arbitration agreement. And it correctly observes that arbitrators' decisions on those subjects are final, and binding on the parties. Id. In addition to the matters listed by the USPS Memorandum, the parties' Agreement provides:

> Any dispute as to arbitrability may be submitted to the arbitrator and be determined by such arbitrator. The arbitrator's determination shall be final and binding.

Article 15.5.A.9. [EXPAND THIS: The Postal Service now attempts to escape Arbitrator Butler's decision about the arbitrability of the instant grievance and thereby skirt the terms it has expressly agreed to be bound by.]

The Postal Service's reliance on the Das arbitration award is misplaced. The importance of the Das Award is that it determined – in a decision that the parties agree is final and binding on both parties – that arbitrators do have jurisdiction to determine whether the Article 12 bar applies to the case before the arbitrator. Arbitrator Das Held:

> 1. Article 12.1.A denies a probationary employee access to the grievance procedure to challenge his or her separation on the grounds of alleged noncompliance with the procedures in Section 365.32 of the ELM.
>
> 2. A dispute as to whether or not the Postal Service's action separating the employee occurred during his or her probationary period is arbitrable because that is a precondition of the applicability of Article 12.1.A.

Das Award at 23.

2

The Postal Service is emphasizing only the first of these two holdings. But, in his second holding, Arbitrator Das held that the mere invocation of Article 12 by the Postal Service is not enough to deprive an arbitrator of jurisdiction. When the Postal Service contends that a grievance is not arbitrable because it relates to the removal of a probationary employee, Das held, the arbitrator has jurisdiction to determine whether the Article 12 bar applies. The Postal Service seeks to limit this ruling to cases in which a grievance contends that the removal action did not occur during the probationary period. In doing so, the Postal Service Memorandum (at 7) quotes only the third sentence of a key paragraph in Arbitrator Das's decision. The full paragraph states:

> In all these cases, the individual on whose behalf the Union has filed a grievance has been removed from the rolls, that is, separated by an action taken by the Postal Service. Otherwise, there would have been no reason to file a grievance. The one issue that legitimately can be raised in a case where the Postal Service claims that a grievance is barred by Article 12.1.A, is that the separation action did not occur during the probationary period. The Postal Service acknowledges this, as it must, because Article 12.1.A has no application if the separation action does not occur during the probationary period. *That is a fundamentally different issue, however, from whether or not the separation action complied with all the particular requirements set forth in Section 365.32 of the ELM. A challenge to the validity of the procedures followed in effecting a separation is barred by the broad prohibitory language of Article 12 .1.A.* [Emphasis added here.]

Thus, while Arbitrator Das's decision precludes the Union from challenging the procedural regularity of the removal of a probationary employee, it also establishes that the Article 12.1.A bar applies only where the grievance is filed because the individual was removed by the Postal Service. That is not this case.

In this case, as Arbitrator Butler found, the grievance contends that the Postal Service forced Ford to operate an unsafe vehicle, a violation of Article 14 not

3

dependent on Ford's removal. Defendant's Memorandum at 56, 10-11.

Thus, in the case before Arbitrator Das, as in the case before the Fourth Circuit,[1] the APWU argued that the Postal Service was required to follow its own specified procedures in removing a probationary employee and, if it did not follow those procedures within the probationary period, the employee had not been removed within the probationary period and the bar of Article 12 had no application. That argument by the APWU was adopted by the dissent in the Fourth Circuit case:

> Contrary to the majority's assertions, the APWU is not attempting to circumvent Article 12 by contesting the separation of a probationary employee; rather, the APWU has simply challenged whether the "separation" of [the] postal employee ... actually occurred. Before Article 12's bar to the grievance process applies, there must be an initial determination that [the employee] was separated in accordance with the National Agreement. If the contractual requirements for separation were not satisfied within [the employee's] probationary period, then the Article 12 bar does not apply and the grievance is arbitrable.

Postal Service v. American Postal Workers Union, 204 F.3d 523, 531 (4th Cir. 2000)(King, J., dissenting).

Arbitrator Das's National-Level Interpretative decision, which was issued 17 months after the Fourth Circuit's decision, resolved essentially the same issues that had been before that Court. In his decision, Arbitrator Das ruled, as the majority of the Fourth Circuit had, that a challenge to the procedures by which a probationary employee is removed is not arbitrable. He agreed with the dissent, however, on one fundamental point, that the question whether a grievance is barred by Article 12.1.A – that is whether it relates to the removal of a probationary employee – is arbitrable.

---

[1] Postal Service v. American Postal Workers Union, 204 F.3d 523 (4th Cir. 2000).

4

This principle applies with equal force to this case before Arbitrator Butler. Arbitrator Butler had the jurisdiction to decide, in fact he was required to decide, whether this grievance relates to Ford's discharge within the meaning of Article 12.1.A. He found that it does not. As he found this a contract grievance based on the Postal Service's violation of the Article 14 safety and health provision. See Butler Award at p. 8. Whether or not Mr. Ford was terminated, the Postal Service still violated the contract by failing to provide employees with the agreed upon safe workplace. Unlike the grievance in the Das case, this grievance exists independent of the termination. Arbitrator Butler has not reached the question whether Article 14 was violated, much less has he ruled that reinstatement of Mr. Ford would constitute an appropriate remedy for the alleged violation of Article 14.

For the same reasons that discredit the Postal Service's reliance on the Das award, reliance on the Fourth Circuit decision of United States Postal Service v. American Postal Workers Union, AFL-CIO is also misplaced. 204 F.3d 523 (4th Cir. 2000). That case involved a challenge to the Postal Service's failure to act in adherence with its own internal regulations in relation to the termination of a probationary employee. Id. This Fourth Circuit case, like the Das award involved a grievance that was directly related to the procedure of the firing and could not have existed independent of the probationary employee's termination.

In his decision, Arbitrator Butler distinguished this case by pointing out that this grievance was grounded in Article 14 as a safety and health grievance. Butler Award at p. 8. The arbitrator noted that if this grievance had been brought as a disciplinary matter, it would be barred from the grievance and arbitration procedure, but because it

5

was a contract related grievance, it was a subject that was proper for arbitration. Id. The Postal Service has attempted to argue that Arbitrator Butler acted in "manifest disregard of the law," thereby warranting vacatur of his award, because he failed to apply the Fourth Circuit decision. Plaintiff's Memorandum at 17, citing La Prade v. Kiddler, Peabody & Co., Inc., 246 F.3d 702 (D.C. Cir. 2001)). Initially, it is noteworthy that the LaPrade case, cited by the Postal Service, is a case in which the D.C. Circuit in denying a request to vacate an arbitrator's award, made clear that it will not overturn arbitrators' awards absent a showing that "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." Id. at 706, citing DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821(2nd Cir. 1997). The USPS Memorandum argues that Arbitrator Butler's refusal to apply the Fourth Circuit decision is tantamount to "manifest disregard of the law." Plaintiff's Memorandum at 17. Arbitrator Butler neither ignored the law or refused to apply it as governing authority, rather he noted that this was not a disciplinary grievance. Further, he pointed out that, had this been brought as a disciplinary grievance, he would have had to follow the law applicable to such grievances. Butler Award at 8. Arbitrator Butler's decision as to what law to apply is a part of what the parties have agreed to be bound by in their mutual agreement.

The United States Court of Appeals for the D.C. Circuit has held that:

When construction of the contract implicitly or directly requires an application of "external law," i.e., statutory or decisional law, the parties have necessarily bargained for the arbitrator's interpretation of law and are bound by it. Since the arbitrator is the "contract reader," his interpretation of the law becomes part of the contract and thereby part of the private law governing the relationship

6

between the parties to the contract. Thus the parties may not seek relief from the courts for an alleged mistake of law by the arbitrator. They have agreed to be bound by the arbitrator's decision without regard to whether a judge would reach the same conclusion if the matter were heard in court.

American Postal Workers Union v. United States Postal Service, 789 F.2d 1, at 6-7 (D.C. Cir. 1986). In that case, the Court upheld the enforcement of an award in which the arbitrator refused to entertain the confession of an employee because the employee had not been read his constitutional Miranda rights prior to confessing to certain activity, the discipline of which was the subject of the grievance. Id. Given this level of deference afforded to the decision of an arbitrator, it is clear that Arbitrator Butler was within the realm of his discretion when he decided that this case was a health and safety contract grievance and therefore the authority requiring a finding of nonarbitrability under Article 12 was inapplicable.

The Fifth Circuit decision in United States Postal Service v. American Postal Workers Union, AFL-CIO, 922 F.2d 256 (5th Cir. 1991), is no more helpful to the Postal Service's position than any of the other authorities that involve disciplinary grievance arbitration. The Court held that "under article 12 of the National Agreement, a probationary employee is not permitted to access to the grievance procedure *in relation to a termination* within the probationary period, and thus is not entitled to arbitration." Id. at 261 (emphasis added). In that case, the grievance was filed contesting the employee's discharge on the grounds that the discharge violated the Federal Employees' Compensation Act (FECA) and the postal regulations implementing FECA. The Union was grieving the termination of a probationary employee. Thus, it was a case that, in Arbitrator Das's words (Das Award at 21) "there would have been no

7

reason to file" except for the discharge of the probationary employee. The Court, not surprisingly, found this grievance to be in relation to the probationary employee's separation. The Butler award, in contrast, explicitly finds that the instant grievance is a contract grievance, not a removal grievance.

The Postal Service also seeks to rely on the D.C. Circuit's decision in <u>American Postal Workers Union v. USPS</u>, 940 F.2d 704 (D.C. Cir. 1991). (USPS Memorandum at 13-14). That case, however, did not concern arbitral jurisdiction. There, it was established that the employees whose employment was at issue were discharged during their probationary periods and that they had no right to challenge their discharges in the grievance-arbitration procedure. The question was whether they nevertheless had a right to challenge their discharges in court. The Court held that they did not. But that ruling has no bearing on the issues in this case. As Arbitrator Das observed (Das Award at 16, n. 1):

> The Postal Service also cites <u>APWU v. USPS</u>, 940 F.2d 704 (D.C. Cir. 1991). Although the court in that case relied on Article 12.1.A to dismiss the Union's breach of contract claim, access to the grievance-arbitration procedure was not an issue in that case.

Thus, the Court's decision is inapposite.

Finally, the Postal Service contends that these various holdings by the Fourth, Fifth, and D.C. Circuits must be applied in this case on the basis of issue preclusion. On this point, we observe first that issue preclusion cannot apply here because none of the cases is on point, for the reasons explained above.

Furthermore, the Postal Service actually places the issue preclusion shoe on the wrong foot. The last, and final and binding, word on the issues at bar has been uttered

8

not by any of the courts but by Arbitrator Das. The Das Award is a National-Level Award binding on both parties in other cases. It has every bit as much preclusive force as any judicial decision involving these parties. For the reasons explained above, it establishes that arbitrators do have jurisdiction to decide the arbitrability of grievances, notwithstanding the assertion by the Postal Service that arbitration is barred by Article 12.1.A. As Arbitrator Das held, consistent with the dissent in the Fourth Circuit case, it must first be determined that the grievance is challenging a discharge that occurred during the probationary period to determine whether the Article 12.1.A bar applies.

Insofar as the Fifth Circuit's decision could be read to require a contrary result, as the Postal Service contends (USPS Memorandum at 11), that decision can no longer be given effect in light of the Das Award. The Postal Service and APWU voluntarily submitted their dispute over the scope of Article 12.1.A to Arbitrator Das. His Award is final and binding on both parties. We do not think his Award differs materially from the Fifth Circuit decision for the reasons stated above. But, if it does, it is nevertheless binding on the Postal Service.

Dated: September 30, 2002

Respectfully submitted,

O'DONNELL, SCHWARTZ & ANDERSON, P.C.

By: _____
Darryl J. Anderson DC Bar # 154567
1300 L Street NW Suite 1200
Washington, DC 20005-4178
(202)898-1707/(202)682-9276 FAX

9

## Certificate of Service

I hereby certify that I have this day caused the following people to be served by first-class mail postage pre-paid with a copy of the foregoing Motion filed by the American Postal Workers Union, AFL-CIO for Leave to Amend the Opposition to Plaintiff's Motion for Summary Judgment, a copy of Defendant's Amended Opposition and a Proposed Order:

> Edward D. Alkalay, AUSA
> United States Attorney's Office
> 555 4th Street NW Room 10-116
> Washington DC 20013
>
> Larissa Omelchenko Taran
> Employment and Labor Law
> United States Postal Service
> 475 L'Enfant Plaza SW
> Washington DC 20260-1150

Dated: October 1, 2002