```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE, )
                              )
          Plaintiff and       )
          Counterclaim        )
          Defendant,          )
                              )
     v.                       ) Civil Action No. 06-793 RJL
                              )
AMERICAN POSTAL WORKERS       )
UNION, AFL-CIO,               )
                              )
          Defendant and       )
          Counterclaim        )
          Plaintiff.          )
_____)
```

THE UNITED STATES POSTAL SERVICE'S OPPOSITION
TO THE MOTION FOR SUMMARY JUDGMENT FILED BY
<u>THE AMERICAN POSTAL WORKERS UNION, AFL-CIO</u>

The arguments presented by the American Postal Workers Union, AFL-CIO ("APWU" or "Union") in its motion seeking confirmation of the Loeb Award are misleading and misconstrue the binding national arbitration award and other legal precedent that govern this case. Without restating the Postal Service's position in its entirety, several brief comments are offered in response to the Union's Memorandum and Points of Authorities in Support of its motion.

Arbitrator Das' national arbitration award (Case No. Q98C-4Q-C 99251456) is binding on the parties and on regional arbitrators (including Arbitrator Loeb) and definitively interprets the language of Article 12.1.A. *See*

Exhibit A (Waters Decl.) to the Postal Services's memorandum in support of its motion for summary judgment, at Exhibit 4. In fact, what the Postal Service is seeking in this case is to vacate an arbitration award – the Loeb Award – that directly conflicts with the Das National Award and the language of Article 12.1.A.

Arbitrator Das addressed the interpretive issue of whether Article 12.1.A denies a probationary employee access to the grievance procedure to challenge his or her separation on the grounds of alleged noncompliance with the ELM 365.32 procedures.  Arbitrator Das ruled:

> 1. Article 12.1.A denies a probationary employee access to the grievance procedure to challenge his or her separation on the grounds of alleged non-compliance with the procedures in Section 365.32 of the ELM.
>
> 2. A dispute as to whether or not the Postal Service's action separating the employee occurred during his or her probationary period is arbitrable because that is a precondition to the applicability of Article 12.1.A.

Das Award at 2.

There is no dispute that the union's grievance in the Loeb case was merely a procedural challenge of the manner in which the grievant's separation was accomplished.  The APWU itself characterized the alleged violation as "Improper Procedure/Termination," arguing the separation was improper

2

because it was not effectuated in accordance with ELM 365.23.  *See* USPS Memorandum at 20, Exhibit A, at Exhibit 5, pp. 2 and 7.  Moreover, despite Arbitrator Loeb's statement that the issue before him was "not the process the Service employed when it terminated the Grievant, but whether she was discharged during her probationary period," his decision as to whether she was terminated within her probationary period is based entirely on whether the Postal Service complied with the procedures contained in Section 365.32 of the ELM.  Loeb Award at 15.  Arbitrator Loeb allowed precisely that which Arbitrator Das ruled is explicitly denied by Article 12.1.A – he permitted a probationary employee access to the grievance procedure to challenge her separation on the grounds of alleged noncompliance with the ELM 365.32 procedures.

Arbitrator Loeb (in his award) and the Union, in the APWU Memorandum, focus on only the second paragraph of Arbitrator Das' ruling, ignoring the interpretive ruling contained in paragraph one.  The Union argues that "[t]o place the issue whether separation occurred before the arbitrator is to require the arbitrator to examine the process of separation."  APWU Memorandum at 18.  To the contrary, Arbitrator Das held that the issue of whether the

3

"separation action *** occurr[ed] *during* the probationary period," Das Award at 21-22, "is a fundamentally different issue, however, from whether or not the separation action complied with all the particular requirements set forth in Section 365.32 of the ELM." *Id.* at 22.

The Union's attempt to distinguish the arbitration award vacated by the Fourth Circuit (the Miles Award), is unfounded. In both the Miles and Loeb cases, the Union argued that the Postal Service's separation of a probationary employee was ineffectual because it did not comply in some respects with the procedures set out in ELM 365.32. Arbitrator Loeb did, in fact, engage in the same sort of exegesis of the employer's handbooks and manuals as was done by Arbitrator Miles. Arbitrator Loeb concluded that the Postal Service failed to terminate grievant "as that term is understood in Article 12" within her probationary period. Loeb Award at 17. In defining "how that term is understood," Arbitrator Loeb relied on Judge King's dissent from the Fourth Circuit decision, concluding that Article 19 incorporates various handbooks and manuals into the collective bargaining agreement, and because Article 12 is silent with regard to the method by which a probationary employee is to be terminated, the ELM provisions "merely fill the

4

void by describing the process Management must follow when it terminates a probationary employee." Loeb Award at 16.

Therefore, just as Arbitrator Miles did in his award, Arbitrator Loeb imported, via Article 19, procedures contained in ELM 365.32 into the National Agreement, and he concluded that if the Postal Service did not comply with those procedures, the separation was not effectuated "within the meaning of Article 12.1.A." That the specific procedures at issue were different is irrelevant, since Arbitrator Das' award addressed all procedural challenges that could flow from ELM 362.32.

Arbitrator Das specifically rejected the Article 19 rationale adopted by Arbitrator Loeb to mandate compliance with the ELM 362.32 procedures when separating a probationary employee. Even more importantly, Arbitrator Das very clearly ruled that Article 12.1.A denies the precise type of procedural challenge that Arbitrator Loeb permitted, concluding "[w]hat is missing in these decisions is a convincing analysis that gets around the prohibition on access to the grievance procedure set forth in Article 12, Section 1." Das Award at 21.

The Union argues that the Postal Service "contractually agreed to be bound by Arbitrator Loeb's decision **** and

there would seem to be little else to be said about the conclusiveness of the Loeb Award." APWU Memorandum at p. 17.  However, when an arbitration award, such as the Loeb Award, manifests an infidelity to the parties' collective bargaining agreement and to a governing national arbitration award, much may be said about the fact that such an award exceeds the arbitrator's authority and should be vacated.

The APWU contends that the case before Arbitrator Loeb turned on one question: "was Ms. Daliessio separated from the service during her probationary period or not?"  This is a mischaracterization of the issue that was actually pursued through the grievance procedure and ultimately addressed by Arbitrator Loeb – whether Ms. Daliessio's separation was effectuated in accordance with the procedures contained in ELM 365.32.  There is no factual dispute about the actions taken by the Postal Service before the expiration of the grievant's probationary period – her supervisor told her that she was being terminated, the grievant emptied her locker and gave the key to her supervisor, and the supervisor escorted her to the exit, where the grievant surrendered her employee access badge to the supervisor.

If, in fact, the real question was as stated by the APWU, and the ELM procedures did not come into play, as

Arbitrator Das ruled they should not, Arbitrator Loeb's ruling would be significantly different.  Specifically, Arbitrator Loeb himself concluded that were it not for the ELM 365.32 procedures, Ms. Daliessio's verbal termination would have been sufficient:

> Had the Service not drafted Sections 365.323 and .326 of the ELM, it would not have mattered when the Employer sent the letter out or when the Grievant received it as Article 12, Section 1.A. only states that if the Service intends to terminate a probationary employee it must do so during his probationary period.

Loeb Award at 16.

Based on the foregoing, and the reasons set forth in the Postal Service's Cross Motion for Summary Judgment, the Loeb arbitration award should be vacated.  (The draft order accompanying the Postal Service's motion for summary judgment includes language denying the Union's motion, so no further order is submitted herewith.)

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. Bar #498610
                              United States Attorney

                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney

```
                                /s/
                        FRED E. HAYNES, D.C. Bar #165654
                        Assistant United States Attorney
                        555 Fourth Street, N.W., E-4110
                        Washington, D.C.  20530
                        202. 514.7201
```
Of Counsel:

Larissa Omelchenko Taran
United States Postal Service
Washington, D.C.