```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

UNITED STATES POSTAL SERVICE, )
                              )
          Plaintiff and       )
          Counterclaim        )
          Defendant,          )
                              )
     v.                       ) Civil Action No. 06-793 RJL
                              )
AMERICAN POSTAL WORKERS       )
UNION, AFL-CIO,               )
                              )
          Defendant and       )
          Counterclaim        )
          Plaintiff.          )
_____)
```

RESPONSE BY THE UNITED STATES POSTAL SERVICE
TO THE AMERICAN POSTAL WORKERS UNION'S
<u>STATEMENT OF MATERIAL FACTS NOT IN DISPUTE</u>

Both parties have submitted statements of material fact as to which it is contended that there is no genuine issue. It is submitted that, to the extent that there are differences between the statements, such differences are not on matters that would preclude the entry of summary judgment for defendant. As a response to the specific paragraphs of plaintiff's statement, defendant states as follows:

Paragraph (¶) 1. Admitted.

¶ 2. Admitted.

¶ 3. Admitted, except that it is noted that probationary employees who are terminated prior to the expiration of their probationary period are not permitted to use the arbitration process to challenge their termination. <u>See</u> the authority cited in the Postal Service's statement of material facts not in dis-

pute, at ¶ 3.

¶ 4.  Admitted, except that the Postal Service lacks knowledge or information sufficient to respond to the assertion that the "just cause" protection is a "much prized and very valuable benefit."

¶ 5.  Admitted.

¶ 6.  Admitted, except that it is noted that Ms. Daliessio's probationary period ended on January 30, 1998, when she was verbally told that she was terminated, effective immediately, and her supervisor took her locker key after she had cleaned out her locker and then escorted her to the exit from the building, where she surrendered her employee access badge to the supervisor. Thereafter, Ms. Daliessio never returned to work.  See ¶¶ 11 through 16 of the Postal Service's statement of material facts not in dispute.

¶ 7.  It is admitted that a letter dated February 4, 1998, from Ms. Daliessio's supervisor was sent to the Postal Service's Philadelphia Labor Relations Manager asking that Ms. Daliessio be removed from the rolls of the Postal Service, and it is admitted that a letter dated February 20, 1998, was mailed by plaintiff's supervisor to her.  The letter stated that it "confirmed[ed] your separation from the Postal Service a [sic] result of lack of proficiency on the keying equipment."  Exhibit 5 to Exhibit A to the Postal Service's memorandum in support of its motion for

summary judgment, at pages 9 and 17.  It is denied that the Labor Relations Manager in Philadelphia did not respond to Ms. Daliessio's supervisor until February 20, 1998.  Id.

¶ 8.  It is admitted that Ms. Daliessio twice refused to sign for the certified letter that the Postal Service was attempting to deliver to her and that the letter had to be sent to her by first-class mail.  Exhibit B to the Postal Service's memorandum in support of its motion for summary judgment, at ¶ 10.

¶ 9.  Admitted.

¶ 10.  Admitted.

¶ 11.  Admitted, except that it is noted that the analogy to a Supreme Court decision is technically inaccurate.

¶ 12.  Admitted.

¶ 13.  Admitted.

¶ 14.  Admitted, and it should be noted that the Union also has not challenged the validity of the Das Award.

¶ 15.  Admitted, except that it is noted that the issue of just cause is not applicable because Ms. Daliessio was terminated during her probationary period.

¶ 16.  It is admitted that this language is in Arbitrator Loeb's award, but it is submitted, as explained in the memorandum in support of the Postal Service's motion for summary judgment, that Arbitrator Loeb's award is contrary to the Das National

Arbitration Award, which is binding on Arbitrator Loeb and the parties and which provides a definitive interpretation of Article 12.1.A of the parties collective bargaining agreement.

¶ 17.  Admitted, except that it is noted that an area-level arbitration, while not binding as precedent, is binding on the parties as to the facts and circumstances of that specific arbitration.

                         Respectfully submitted,

                         JEFFREY A. TAYLOR, D.C. Bar #498610
                         United States Attorney

                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney
                                 /s/
                         FRED E. HAYNES, D.C. Bar #165654
                         Assistant United States Attorney
                         555 Fourth Street, N.W., E-4110
                         Washington, D.C.  20530
                         202. 514.7201

Of Counsel:

Larissa Omelchenko Taran
United States Postal Service
Washington, D.C.