UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE )<br>)<br>    Plaintiff and )<br>    Counterclaim Defendant, )<br>)<br>    V. )<br>)<br>AMERICAN POSTAL WORKERS UNION )<br>    AFL-CIO )<br>)<br>    Defendant and )<br>    Counterclaim Plaintiff ) | Civil Action No. 06-793 RJL |

APWU REPLY TO POSTAL SERVICE OPPOSITION
TO APWU MOTION FOR SUMMARY JUDGMENT

    The Postal Service Opposition to the APWU's Motion for Summary Judgment errs, as did the Postal Service's Motion for Summary Judgment, in trying to get this Court to substitute its judgment on the merits of the arbitration case for the judgment of Arbitrator Loeb. These efforts are sufficiently answered in APWU's Opposition to the Postal Service motion. We are moved to respond here, briefly, to the oft-repeated and erroneous contention by the Postal Service that Arbitrator Loeb's decision was merely a holding that the Postal Service failed to follow procedures required by the Postal Service's Employee and Labor Relations Manual.

    Arbitrator Loeb's decision itself provides a sufficient answer to this contention. He expressly based his decision on Article 12 of the contract. He stated:

> Regardless of how the Union chooses to characterize the nature of the grievance or how badly it feels that the Service transgressed the requirements in Section 365.327 of the ELM, **the issue before the Arbitrator is not the process the**

> **Service employed when it terminated the Grievant, but whether she was discharged during her probationary period.** The answer is that she was not.

Loeb Award at 15; Bell Dec. Exh. 2, at 15. [Emphasis added here.]

> The plain fact of the matter is that the Employer failed to terminate the Grievant, **as that term is understood in Article 12** within her probationary period.

Id. at 17. [Emphasis added here.]

"[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different." Cole v. Burns Int'l Security Services, 105 F.3d, 1465, 1474 (D.C. Cir. 1997)(quoting United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960). "As long as the arbitrator is "even arguably construing or applying the contract, and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Misco, supra, at 38. Garvey, supra, at 509. Accord, Michigan Family Resources, Inc. v. Service Employees International Union Local 517M, 475 F.3d 746, 751-753 (en banc) (January 26, 2007)(overruling Cement Divs., Nat'l Gypsum Co. v. United Steelworkers of American, AFL-CIO, Local 135, 793 F.2d 759 (6th Cir. 1986).

The "merits" of the Employer's contention that Arbitrator Loeb should not have referred to the ELM for guidance in his interpretation of Article 12 of the National Agreement are answered in our Opposition at 12-14. Even if this Court were to re-examine the merits of the arbitration case, it would reach the same result Arbitrator

Loeb reached.  As Arbitrator Loeb found, "[n]either the recommendation [by the supervisor] nor the order not to return to work terminated the Grievant.  The supervisor, her manager and the Manager of Labor Relations all recognized that was the case by their actions."  Loeb Award, Bell Dec. Exh. 2, at 15.  She was terminated by the letter written by the Manager of Labor Relations on February 20, 1998, one day after the end of her probationary period, a letter she received more than one month later.  It hardly matters whether, as the Employer argues, an oral termination would have sufficed, Arbitrator Loeb found as fact that no oral termination occurred, and that factual finding is final and binding.[1]

    The parties agree that Arbitrator Loeb had the authority to determine whether or not Lorraine Daliessio was separated from the service within her probationary period.  His answer to that question is based on his findings of fact and his interpretation of Article 12 of the National Agreement.  The Employer must comply with this final and binding Award.  The Employer must reinstate Ms. Daliessio.  If the Employer discharges Ms. Daliessio in the future, it must comply with the due process provisions of the National Agreement and show that it had just cause for discharging her.

Dated June 7, 2007      Respectfully submitted,

                            O'DONNELL, SCHWARTZ & ANDERSON, P.C.

                            By:  /s/: Darryl J. Anderson

---

[1] With the caveat that even "serious error" does not provide a basis for vacating an arbitration award (Misco, supra, at 38), we observe that, even under the Employer's strained reading of Arbitrator Loeb's decision, no more than harmless error even arguably occurred. See generally, Fed.R.Civ.P.61; Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §§ 2881, 2882, 2888.

Darryl J. Anderson (D.C. Bar No. 154567)
1300 L Street, Suite No. 1200, NW
Washington DC 20005
(202) 898-1707/ (202)
(202) 682-9276 (FAX)
Danderson@odsalaw.com

Attorneys for American Postal Workers Union AFL-CIO