UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE         Plaintiff/         Counter-Defendant v. AMERICAN POSTAL WORKERS UNION, AFL-CO         Defendant/         Counter-Plaintiff | ) ) ) ) ) ) ) ) Civil Case No.06-793-RJL ) ) ) ) ) ) ) |

REPLY MEMORANDUM IN SUPPORT OF THE UNITED
STATES POSTAL SERVICE'S MOTION FOR SUMMARY JUDGMENT

The American Postal Workers Union's ("APWU" or "Union") opposition to the Postal Service's summary judgment motion (1) misconceives the obligations imposed upon the Postal Service when terminating a probationary employee; (2) misstates the Das Award; and (3) inappropriately attempts to shield Arbitrator Loeb's Award -- which is inconsistent with Article 12 as interpreted by Arbitrator Das -- behind "factual findings."

The Union argues that Ms. Daliessio's termination was not effective because her supervisor did not have the authority to terminate her on January 30, 1998, when her supervisor told her she was being terminated, had to clean

out her locker, took her locker key, and then escorted her to the exit, where she surrendered her employee access badge, never to return to work at the Postal Service. The Union asserts that this did not constitute "termination" because pursuant to the Postal Service's Employee and Labor Relations Manual ("ELM"), a supervisor may only *recommend separation*, and that only an "appointing official" may make the *decision* to separate. ELM Section 365.325.

This argument lacks merit for several reasons – the most significant of which is Arbitrator Das specifically and unequivocally held that a probationary employee's separation cannot be challenged on the basis of noncompliance with ELM 365.32 – the very provision which serves as the basis for the Union's "lack of authority" argument. By advancing this argument, the Union is doing precisely what Arbitrator Loeb did – it contravenes the fundamental interpretive holding of the Das Award.

In addition, there is a distinction between "separation" or "being fired", as the term is commonly understood, and "removal from the rolls," which is an administrative function. As Arbitrator Das noted, "separations are personnel actions that result in employees' being removed from the rolls . . ." Das Award at p. 18, *citing* ELM 365.11. Ms. Daliessio's supervisor, based

2

on direct knowledge of her performance deficiencies, "fired" or "separated" her on January 30.[1] After verbally terminating Ms. Daliessio, Labor Relations was contacted to administratively process the separation, and ultimately, Ms. Daliessio was removed from the rolls.

It should also be noted that the Union's characterization of events contains an error: the Union states that the Labor Relations Manager sent a letter terminating Ms. Daliessio on February 20, 1998, one day after her probationary period ended. In fact, it was not the Labor Relations Manager who signed the letter – he was only involved administratively in its preparation. The letter, which confirmed the earlier separation, was signed by the appointing official, Herman T. Cockrell, General Supervisor, Computer Forwarding. Exhibit 5 to Exhibit A to the memorandum in support of the Postal Service's motion for summary judgment, at 9 (the Union's submissions that are in Exhibit 5 agree that Ms. Daliessio was told on January 31 (sic; Ms. Daliessio's shift ended at 1:00am on

---

[1] It is undisputed that prior to separating Ms. Daliessio, her supervisor spoke with and received concurrence from the appointing official – Herman T. Cockrell, Manager, Computer Forwarding. Despite the Unions posturing, it is also undisputed that Ms. Daliessio characterized what occurred on January 30 as "being terminated."

3

January 31), 1998, that she was being terminated, see pages 2 and 6).

The Union's entire case (and the Loeb Award) is based on a mischaracterization of the Das Award. The fundamental interpretive holding of the Das Award is that the language of Article 12 proscribes procedural challenges of a probationary separation based on ELM 365.32. Despite this clear and unequivocal proscription, Arbitrator Loeb and the Union "bootstrap" themselves back into the ELM procedures (including the latest "lack of authority argument") to define whether a separation was effectuated, effectively vitiating Arbitrator Das' interpretive ruling. As the Union points out, Arbitrator Loeb concluded that the Postal Service failed to terminate Ms. Daliessio "as that term is understood within Article 12 . . . . " Loeb Award at 15. Arbitrator Loeb's understanding of that term (requiring compliance with ELM 365.32) directly conflicts with Arbitrator Das' (and the Fourth Circuit's) understanding of that term (proscribing challenges based on noncompliance with the ELM 365.32 procedures).

Finally, the Union attempts to shield Arbitrator Loeb's defective ruling behind "factual findings." The fact is Arbitrator Loeb recognized that were it not for the ELM 365.32 procedures (compliance with which he deemed to

4

mandatory in order to effectuate a separation -- contrary to the Das Award), Ms. Daliessio was terminated on January 30th:

> Had the Service not drafted Sections 365.323 and .326 of the ELM, it would not have mattered when the Employer sent the letter out or when the Grievant received it as Article 12, Section 1.A. only states that if the Service intends to terminate a probationary employee it must do so during his probationary period.

Loeb Award at 16.

Arbitrator Loeb's decision, which deviates from the binding national Das Award, and which is in conflict with the terms of the collective bargaining agreement, should be vacated.

                Respectfully submitted,

                JEFFERY A. TAYLOR, D.C. Bar. #498610
                United States Attorney

                RANDOLPH CONTRERAS, D.C. Bar. #434122
                Assistant United States Attorney

                FRED. E. HAYNES, D.C. Bar. #165654
                Assistant United States Attorney
                555 Fourth Street, N.W., E-4110
                Washington, D.C. 20530
                202.514.7201

Of Counsel:

Larissa Omelchenko Taran
Labor Counsel
United States Postal Service
Washington, D.C.